**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Suite 400
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
tworthe@whwlawcorp.com

TODD C. WORTHE, SBN 177452
MACKENZIE C. FOELLMER, SBN 255721

Attorneys for Defendant, UNITED AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE STATE OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., An Illinois Corporation; ROE 1, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive.<br><br>Defendants. | USDC Case No.:<br>[LASC Case No. 20STCV18888]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1446(b) and 28 U.S.C. §1332(a)**<br><br>Complaint Filed: 5/18/2020 |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. §1332, and 28 U.S.C. §1446.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, UNITED AIRLINES INC., hereby removes to this Court the State Action described below.

1. Defendant, UNITED AIRLINES, INC., hereby invokes the jurisdiction of this Court based upon the provisions of 28 U.S.C. §1332 and 28 U.S.C. §1446, on the basis of diversity of citizenship.

///

2. On May 18, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *"John Doe 1, an individual; and John Doe 2, an individual v. United Airlines, Inc., et al.,"* bearing Case No. 20STCV18888. A copy of Plaintiffs' Complaint is attached as **Exhibit "A."**

3. On May 26, 2020, Plaintiffs' counsel served the Summons and Complaint. A copy of the Service of Process Transmittal is attached hereto as **Exhibit "B."**

4. Pursuant to 28 U.S.C. §1446(b), defendant has thirty (30) days from the date it received the Plaintiffs' Complaint, to and including June 25, 2020 to remove this matter to the United States District Court for the Central District of California, since the Complaint is "other paper from which it may first be ascertained that the case is removable on the basis of jurisdiction conferred by Section 1332 of this Title..."

5. On May 20, 2020, plaintiffs caused to be filed a First Amended Complaint. A copy of the First Amended Complaint is attached hereto as **Exhibit "C."**

6. Currently there is no paper specifically alleging the amount in controversy. However, counsel for Plaintiffs made a written confidential settlement demand to United for Doe 1's claim well in excess of $75,000. Due to the confidentiality of the settlement demand for Doe 1, United does not attach it to this removal. Yet, if the Court requires additional evidence that the amount in controversy exceeds $75,000, United is able to provide the document under seal or for in camera review by the Court.

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy

exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010).

It is settled law that the Court may consider emotional distress, attorneys' fees and punitive damages in ascertaining the amount in controversy even when the plaintiff does not specify an amount in his complaint. *Accord Richmond v. Allstate Ins. Co.* (S.D. Cal. 1995) 897 F. Supp. 447, 450. ("The vagueness of plaintiffs' pleading with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.") Plaintiffs' Complaint does not precisely state the amount of claimed damages. However, Plaintiffs seek treble damages, attorneys' fees and punitive damages in addition to their claim for economic and noneconomic damages. (Complaint at p. 22.) Additionally, Doe 1 made a confidential settlement demand in excess of $75,000. Based upon the foregoing and Plaintiffs' allegations of discrimination, intentional infliction of emotional distress and negligence, the amount in controversy exceeds $75,000.

7.  Defendant is informed and believes that Plaintiff, Doe 1 resides in the city of Hazlet, County of Monmouth, State of New Jersey, was, and still is, a citizen of the State of New Jersey.

8.  Defendant is informed and believes that Plaintiff, Doe 2 resides in the City of Philadelphia, County of Philadelphia, State of Pennsylvania, was, and still is, a citizen of the State of Pennsylvania.

9.  Defendant, United Airlines, Inc., was, at the time of the filing of this action, and still is, incorporated under the laws of the State of Delaware, having its principal place of business in the City of Chicago, within the State of Illinois.

10. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1332(a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, and is between citizens of

NOTICE OF REMOVAL OF ACTION

1. different states.

11. Accordingly, the United States District Court for the Central District of California has diversity jurisdiction, and this action is properly removed pursuant to 28 U.S.C. §1332(a), et seq.

DATED: June 23, 2020                  **WORTHE HANSON & WORTHE**

By: /s/ Todd C. Worthe
TODD C. WORTHE, ESQ.
MACKENZIE C. FOELLMER, ESQ.
Attorneys for Defendant, UNITED AIRLINES INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

On June 23, 2020, I served the foregoing document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1446(b) AND 28 U.S.C. SECTION 1332(a)** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine. Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐ BY ELECTRONIC SERVICE at the electronic mail address stated on the attached Service List

☒ BY MAIL as follows:
  ☒ placing ☐ the original ☒ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☒ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY (FEDERAL EXPRESS): I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 23, 2020, at Santa Ana, California.

*Gina M. Fisher*
GINA M. FISHER

PROOF OF SERVICE

SERVICE LIST
*John Doe 1; John Doe 2 v. United Airlines Inc., et al.*
USDC CASE NO. Unassigned
[LASC Case No. 20STCV18888]

Darren D. Darwish, Esq.
The Darwish Law Firm, APC
12301 Wilshire Blvd., Ste. 520
Los Angeles, CA 90025
(424) 369-5353 Office
**ATTORNEY FOR PLAINTIFFS, JOHN DOE 1 AND JOHN DOE 2**