Electronically FILED by Superior Court of California, County of Los Angeles on 05/18/2020 02:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
20STCV18888

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

1    Darren D. Darwish, Esq. (SBN 305797)
     **THE DARWISH LAW FIRM, APC**
2    12301 Wilshire Blvd., Suite 520
     Los Angeles, CA 90025
3    Telephone:    (424) 369-5353
     Facsimile:    (424) 369-5356
4    Email:        darren@darwishfirm.com
5
     Benjamin A. Azizian, Esq. (SBN 298987)
6    **AZIZIAN LAW, P.C.**
     3450 Wilshire Blvd, Suite 304
7    Los Angeles, CA 90010
     Telephone:    (888) 914-6670
8    Facsimile:    (888) 914-8322
9    Email:        benji@azizianlaw.com

10   Attorneys for Plaintiffs,
11   JOHN DOE 1 and JOHN DOE 2

12             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13                    **FOR THE COUNTY OF LOS ANGELES**
14

15   JOHN DOE 1, an individual; and JOHN DOE     Case No.:   20STCV18888
16   2, an individual,
                                                 **COMPLAINT FOR DAMAGES FOR:**
17          Plaintiffs,
                                                 1. **VIOLATION OF UNRUH ACT**
18          v.                                      (*CIVIL CODE* § 51)
                                                 2. **SEXUAL ASSAULT;**
19   UNITED AIRLINES, INC., an Illinois          3. **SEXUAL BATTERY (***CIVIL CODE*** §**
20   Corporation; ROE 1, an individual; ROE 2, an   **1708.5);**
     individual; ROE 3, an individual; and ROES 4   4. **INTENTIONAL INFLICTION OF**
21   through 50, inclusive,                         **EMOTIONAL DISTRESS;**
                                                 5. **NEGLIGENT INFLICTION OF**
22          Defendants.                             **EMOTIONAL DISTRESS;**
                                                 6. **NEGLIGENCE; AND**
23                                               7. **NEGLIGENT HIRING, TRAINING,**
                                                    **SUPERVISION, AND RETENTION**
24
25                                               **DEMAND FOR JURY TRIAL**
26
27
28

_____
                 COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1         **COMES NOW**, Plaintiffs JOHN DOE 1 and JOHN DOE 2, who complain and allege as

2    follows:

3                                    **PARTIES**

4         1.     Plaintiff JOHN DOE 1 ("JOHN DOE 1") files this Complaint for Damages under

5    a fictitious name to protect his identity pursuant to Government Code section 6254 and Penal Code

6    section 293. JOHN DOE 1 is an African American male adult and professional athlete in the

7    National Football League (NFL) residing in the City of Hazlet, County of Monmouth, State of

8    New Jersey. JOHN DOE 1 was sexually harassed, assaulted, abused, and violated, and verbally

9    and physically harassed by a female passenger on a Defendant UNITED AIRLINES, INC. flight

10   from Los Angeles International Airport (LAX) to Newark Liberty International Airport (EWR)

11   which began on or about February 10, 2020.

12        2.     Plaintiff JOHN DOE 2 ("JOHN DOE 2") files this Complaint for Damages under

13   a fictitious name to protect his identity pursuant to Government Code section 6254 and Penal Code

14   section 293. JOHN DOE 2 is an African American male adult residing in the City of Philadelphia,

15   County of Philadelphia, State of Pennsylvania. JOHN DOE 2 was sexually harassed, assaulted,

16   abused, and violated by a passenger on a Defendant UNITED AIRLINES, INC. flight from Los

17   Angeles International Airport (LAX) to Newark Liberty International Airport (EWR) which began

18   on or about February 10, 2020.

19        3.     JOHN DOE 1 and JOHN DOE 2 are collectively referred to herein as

20   "PLAINTIFFS."

21        4.     Defendant UNITED AIRLINES, INC. ("UNITED") is a major U.S. airline

22   incorporated in Delaware and headquartered in Chicago, Illinois, and does business in the County

23   of Los Angeles. UNITED operates a large domestic and international route network, and has

24   several "hubs" across the U.S., including Los Angeles (LAX), the starting point of the flight at the

25   heart of this matter.

26        5.     PLAINTIFFS are ignorant of the true names and capacities of their assailant, who

27   was a female passenger on their UNITED flight, and the UNITED flight attendants. UNITED

28   failed to cooperate and assist PLAINTIFFS, through their counsel, with evidence concerning the

---

1

1    assault, including, but not limited to, refusing to provide PLAINTIFFS with the identities of their

2    assailant, the flight attendants, and potential witnesses. Therefore, PLAINTIFFS sue their assailant

3    and the UNITED flight attendants by the following fictious names (ROES 1 to 3) pursuant to

4    California Code of Civil Procedure section 474. PLAINTIFFS will amend this Complaint to state

5    the true names and capacities of these fictitiously named Defendants when those names are

6    ascertained. PLAINTIFFS are informed and believe, and thereon allege, that each of the

7    fictitiously named Defendant (ROES 1 through 3) is legally responsible in some manner for the

8    events and damages alleged in this Complaint under the respective causes of action alleged herein.

9           6.      Defendant ROE 1 (referred to herein as "ROE 1" or "ASSAILANT") sexually

10    harassed, assaulted, abused, and violated, and verbally and physically harassed JOHN DOE 1 and

11    JOHN DOE 2 during a UNITED flight departing LAX to EWR on or about February 10, 2020.

12    ASSAILANT is a middle-aged Caucasian female.

13           7.      Defendant ROE 2 (referred to herein as "ROE 2") is a male flight attendant

14    employed by UNITED and was a flight attendant on board the UNITED flight departing LAX to

15    EWR on or about February 10, 2020. At all relevant times herein mentioned, ROE 2 was a flight

16    attendant, agent, and/or employee of UNITED and was acting within the course and scope of such

17    agency and/or employment with UNITED.

18           8.      Defendant ROE 3 (referred to herein as "ROE 3") is a female flight attendant

19    employed by UNITED and was a flight attendant on board the UNITED flight departing LAX to

20    EWR on or about February 10, 2020. At all relevant times herein mentioned, ROE 3 was a flight

21    attendant, agent, and/or employee of UNITED and was acting within the course and scope of such

22    agency and/or employment with UNITED.

23           9.      ROE 2 and ROE 3 are collectively referred to herein as "FLIGHT

24    ATTENDANTS."

25         10.      PLAINTIFFS do not know the true names and capacities of the Defendants sued

26    herein as ROES 4 through 50, inclusive, and therefore sues those Defendants by fictitious names

27    pursuant to California Code of Civil Procedure section 474. PLAINTIFFS will amend this

28    Complaint to state the true names and capacities of the fictitiously named Defendants when those

1    names are ascertained. PLAINTIFFS are informed and believe, and thereon allege, that each of the

2    fictitiously named Defendant is legally responsible in some manner for the events and damages

3    alleged in this Complaint under the causes of action alleged herein.

4         11.    PLAINTIFFS are informed and believe, and thereon allege, that each of the named

5    and fictitious Defendants identified in this Complaint was the agent, servant, member, partner,

6    employee, associate, co-conspirator, co-joint venture, alter-ego of one or more of the other

7    defendants and/or was acting in the course and scope of such agency, partnership, joint venture,

8    association and/or employment when the acts giving rise to the causes of action occurred.

9         12.    UNITED, ASSAILANT, FLIGHT ATTENDANTS, and ROES 4 through 50,

10   inclusive, are collectively referred to herein as "DEFENDANTS."

11                        **NATURE OF THE ACTION**

12        13     This is an action against DEFENDANTS arising from the sexual harassment and

13   assault of PLAINTIFFS and for the failure to have and/or follow policies and procedures to

14   prevent, report, and respond to sexual harassment and assault that occurred on a UNITED flight.

15        14.    The prevalence of passenger-on-passenger in-flight sexual assault is a well-known,

16   and growing, problem. In fact, in 2018, the FBI issued a warning – to airlines and the public at

17   large – that the number of sexual assaults reported during commercial airline flights has been

18   increasing "at an alarming rate."[1]

19        15.    UNITED, like all airlines, has an affirmative duty to aid and protect its passengers.

20   This duty includes protecting passengers from sexual assaults by fellow passengers and

21   responding properly and timely to in-flight sexual assaults that do occur.

22        16.    UNITED violated this duty by failing to implement and enforce appropriate

23   policies and procedures to prevent, or properly respond to, sexual assaults that occur on its flights;

24   failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and failing

25   to cooperate with authorities in the reporting and investigation process into in-flight sexual

26

27   [1] Javier De Diego et al., *FBI: Sexual Assaults on Flights Increasing 'At An Alarming Rate'*, CNN Politics
28   (June 20, 2018, 9:19 PM ET), https://www.cnn.com/2018/06/20/politics/fbi-airplane-sexual-
     assault/index.html

                                    3

1   assaults.

2          17.    As a result of these violations by UNITED and its FLIGHT ATTENDANTS,

3   PLAINTIFFS were sexually harassed and assaulted by their fellow passenger, ASSAILANT,

4   while they were on their UNITED flight.

5          18.    UNITED's failure to implement and enforce polices to prevent and timely and

6   properly respond to in-flight sexual assault led UNITED's FLIGHTS ATTENDANTS failure to

7   address the assaults and harassments detailed below; fail to report the assaults and harassments to

8   the any authorities; and fail to cooperate with authorities investigating those assaults and

9   harassments.

10         19.    UNITED's, including its FLIGHT ATTENDANTS and other agents and/or

11  employees, actions and inactions were – and are – part of a pattern of behavior and a common

12  course of conduct towards all its passengers, including PLAINTIFFS.

13         20.    PLAINTIFFS seek appropriate relief, including, but not limited to, compensatory

14  damages and punitive damages, as they were unnecessarily put at risk and harmed by

15  DEFENDANTS and UNITED's common course of misconduct.

16                            **FACTUAL ALLEGATIONS**

17  **A.     THE PREVALENCE OF IN-FLIGHT PASSENGER-ON-PASSENGER**

18  **SEXUAL ASSAULT IS WELL-KNOWN**

19         21.    In June 2018, the FBI issued a statement that the number of sexual assaults

20  reported during commercial airline flights is increasing "at an alarming rate," and the number of

21  actual cases could be much higher than those reported.[2] It was further reported that the bulk of

22  the incidents happen on red-eye overnights, flights of three hours or more where cabin lights might

23  be darkened, and/or instances where alcohol is being consumed.

24         22.    Crimes aboard aircraft fall within the FBI's jurisdiction, and the agency said its

25  investigations into in-flight sexual assaults increased by 66% from fiscal year 2014 to 2017.[3]

26  ─────────────────

27  [2] Id.
    [3] *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI News (Apr.
28  26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-
    042618

                                        4

23.     The International Air Transport Association reported 812 incidents during 2018 that were categorized as inappropriate behavior such as touching, sexual harassment, physical aggression, or indecent acts.[4]

24.     In a 2017 Association of Flight Attendants survey, 20% of flight attendants reported receiving a passenger report of in-flight sexual assault.[5]

25.     Airline passenger organization FlyersRights.org released 20 detailed passenger complaints of in-flight sexual assaults, made to the U.S. Department of Transportation, and obtained via FOIA requests. These reports also provide a sense of the scope and frequency of inflight sexual assault.[6]

26.     Various news media has been reporting on the prevalence of in-flight sexual assaults for years.[7]

27.     The FBI itself noted the similarity of these crimes: "…agents describe elements of these crimes as being strikingly similar. The attacks generally occur on long-haul flights when the cabin is dark. The victims are usually in middle or window seats, sleeping, and covered with a blanket or jacket. They report waking up to their seatmate's hands inside their clothing or

---

[4] International Air Transport Association, Safety Report 2018, p. 111-112, https://libraryonline.erau.edu/online-full-text/iata-safety-reports/IATA-Safety-Report-2018.pdf.
[5] *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.
[6] https://flyersrights.org/wp-content/uploads/2018/11/DOT-Sexual-Assault-Records.pdf.
[7] *See, e.g.*, Andrew Appelbaum, *Recent In-Flight Sexual Abuse Complaints to Feds Released by Airline Passenger Group…Nothing Done?*, Flyersrights.Org (Nov. 29, 2018), https://flyersrights.org/pressrelease/recent-in-flight-sexual-abuse-complaints-to-feds-released-by-airline-passenger-group/; Nora Caplan-Bricker, *Flight Risk*, Slate (Aug. 31, 2016), https://slate.com/human-interest/2016/08/flightrisk.html; *Delta Passenger Sues Airline, Claims Crew Didn't Detain Passenger Who Sexually Assaulted Her on Flight*, FOX News (Sept. 28, 2018), https://www.foxnews.com/travel/delta-passenger-sues-airlineclaims-crew-didnt-detain-passenger-who-sexually-assaulted-her-on-flight; Allison Dvaladze, *Airline Industry Treats Sexual Assaults in the Skies Like an Inconvenience, Not a Crime*, USA Today (Apr. 1, 2019, 6:00 AM ET), https://www.usatoday.com/story/opinion/voices/2019/04/01/sexual-assault-airlineflight-elaine-chao-trump-boeing-column/3312204002/; Christopher Mele, *Sexual Assault on Flights: Experts Recommend Ways to Stay Safe and Combat It*, N.Y. Times (Mar. 23, 2019), https://www.nytimes.com/2019/03/23/travel/airline-flights-sexual-assault.html; David Oliver, *Passenger Indicted for Alleged Mid-Flight Sexual Assault of 19-Year-Old Woman*, USA Today (May 21, 2019, 9:54 AM ET), https://www.usatoday.com/story/travel/flights/2019/05/21/united-airlines-passengeralleges-sexual-assault/3751023002/.

5

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  underwear."[8]

2      28.    The FBI also noted what should happen in response to a passenger reporting an

3  incident to a member of the flight crew: "Flight attendants and captains represent authority on the

4  plane…they can alert law enforcement, and they can sometimes deal with the problem in the air.

5  The flight crew can also put the offender on notice, which might prevent further problems. If

6  alerted in advance [by the pilot radioing ahead to the airport], FBI agents can be on hand when

7  the plane lands to conduct interviews and take subjects into custody. FBI victim specialists can

8  respond as well, because victims of federal crimes are entitled by law to a variety of services."[9]

9      29.    The media has reported about airlines in general failing to adequately respond to

10 in-flight sexual assault, reporting that frequently: victims might be forced to stay in their assigned

11 seat next to their assailant for the duration of the flight; no reprimand or action is taken against

12 the assailant; law enforcement is not notified from the air so they are not there when the plane

13 lands; the assailant is allowed to de-plane without being questioned, detained, or even identified;

14 the victim has to wait at the gate – sometimes for hours – for the gate agents to call TSA, who

15 usually calls the local police (not the FBI); the local police sometimes won't even take a report

16 because in-flight assaults are not within their jurisdiction; the airline simply tells the victim to call

17 customer service with her "complaint;" no identities (of assailant or potential witnesses) are

18 shared with the victim or recorded; no evidence is preserved; and the victim is left to contact the

19 FBI herself, with no evidence or identities to support her report of the crime she has suffered.[10]

20     30.    Eighty-six percent of flight attendants surveyed said they were uncertain of, or had

21 no knowledge of, any policies, procedures, or even guidance from their airlines for handling

22 sexual assault reports.[11]

23

24  _____

[8] FBI, *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI NEWS
(Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-

25  aircraft-042618.
[9] Id.

26 [10] *What Happens After You're Sexually Assaulted on a Plane? Not Much*, SPLINTER (Oct. 31, 2016,
1:29 PM), https://splinternews.com/what-happens-after-youre-sexually-assaulted-on-a-plane-

27  1793863317. The 2017 Association of Flight Attendants survey found that law enforcement (not
necessarily the FBI) was contacted or met the plane less than half the time. *#MeToo in the Air*,

28  Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.
[11] *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

31.     UNITED, and its FLIGHT ATTENDANTS, knew – or should have known – of this growing prevalence of in-flight sexual assaults because it is widely available and known public knowledge.

**B.      UNITED HAS A DUTY TO PROTECT AND AID ITS PASSENGERS**

32.     As a common carrier, UNITED, including its employees, has a special heightened duty under common law to provide due care to ensure, protect, and aid in the protection of passengers' safety.

33.     Passengers entrust and have entrusted UNITED with this duty of care to ensure, protect, and aid in the protection of their safety while they are passengers on a UNITED flight.

34.     UNITED's special duty to provide due care to ensure, protect, and aid in the protection of passengers' safety includes a duty to take reasonable steps to prevent and deter inflight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of UNITED's knowledge of the growing prevalence of in-flight sexual assault.

35.     While passengers are on a plane, they have little control over their surroundings: they are in cramped quarters; they cannot leave the plane until it lands; and they cannot engage in activities such as making phone calls or easily communicating with friends, family, or police authorities in the case of an emergency.

36.     UNITED has control over passengers' surroundings and, indeed, their activities during the time they are onboard the plane.

37.     UNITED can – and does – exercise control over passengers who exhibit lewd, sexual, harassing, disruptive, violent, disorderly, or abusive behavior, reserving the right in its contract of carriage to refuse transportation to individuals who are intoxicated or under the influence of drugs, individuals who assault UNITED employees or passengers, and/or disobey flight crew instructions.[12]

38.     UNITED can – and has a duty to – implement and enforce policies and procedures to prevent and deter in-flight sexual assaults and to properly respond to those that do occur, just

---

[12] United Airlines, Inc. Contract of Carriage, Rule 21(H),
https://www.united.com/ual/en/us/fly/contract-of-carriage.html

1    as it does with other forms of passenger violence and disruption.

2        39.    These  duties  extend  to  UNITED's  employees,  including  FLIGHT

3    ATTENDANTS.

4        **C.    ASSAILANT'S IN-FLIGHT HARASSMENT AND SEXUAL ASSAULT ON**

5             **PLAINTIFFS**

6        40.    PLAINTIFFS and ASSAILANT were passengers on UNITED "red-eye" flight

7    number 415 (UA415) from Los Angeles (LAX) to Newark (EWR) (referred to herein as the

8    "FLIGHT"). The FLIGHT was scheduled to department Los Angeles at 11:15 p.m. and arrive in

9    Newark at 7:10 a.m.

10       41.    PLAINTIFFS and ASSAILANT were assigned to the same row on the FLIGHT.

11       42.    JOHN DOE 1 was assigned seat number 39K (middle) in the economy plus exit

12   row.

13       43.    JOHN DOE 2 upgraded to and was assigned seat number 39J (aisle) in the

14   economy plus exit row.

15       44.    ASSAILANT was assigned seat number 39L (window) in the economy plus exit

16   row.

17       45.    ASSAILANT boarded the UNITED plane after the majority of the plane had

18   already taken their seats, including PLAINTIFFS. As ASSAILANT was finding her assigned row,

19   PLAINTIFFS observed ASSAILANT to be disheveled and unbalanced. JOHN DOE 2 helped

20   ASSAILANT with stowing her bag(s) in the overhead bin.

21       46.    As ASSAILANT took her seat, she began harassing JOHN DOE 1, who was

22   wearing a face mask in light of the news coverage he had heard regarding the prevalence and

23   transmission of COVID-19, amongst other germs and diseases that might be passed or circulated

24   on an airplane. ASSAILANT began hitting JOHN DOE 1's arm and elbowing him. ASSAILANT

25   accosted JOHN DOE 1 and told him that he was "frightening," ordered him to move to the front

26   and use the air in the front of the plane because he was sick, and questioned why JOHN DOE 1

27   had a mask on. JOHN DOE 1 respectfully responded that he was not sick and was being proactive,

28   especially in wake of the growing COVID-19 concerns at that time.

1        47.    Thereafter, approximately 25 minutes after taking her seat, ASSAILANT was

2   observed by JOHN DOE 1 and JOHN DOE 2 taking unknown prescription medication(s). At all

3   relevant times, ASSAILANT held her prescription bottle in her hand during the FLIGHT.

4   PLAINTIFFS are informed and believe that, at all relevant times, ASSAILANT was under the

5   influence of drugs and intoxicated.

6        48.    JOHN DOE 2 immediately went to notify ROE 2, who was at a nearby service

7   station, that ASSAILANT is harassing JOHN DOE 1, cursing, and being belligerent and

8   disruptive. ROE 2 told JOHN DOE 2 that he would come to his row to check and see.

9   Unfortunately, ROE 2 never came to check on PLAINTIFFS and ignored JOHN DOE 2's

10  complaints and concerns.

11       49.    After JOHN DOE 2 took his seat, ASSAILANT continued to sexually assault and

12  abuse JOHN DOE 1, make unwanted sexual advances towards JOHN DOE 1, and engage in

13  verbal and/or physical conduct of a sexual nature towards JOHN DOE 1. ASSAILANT groped

14  and massaged JOHN DOE 1's knees and thighs. Fearful of the perception of being a male victim

15  and the racial stigma of being a young African American male, JOHN DOE 1 patiently pleaded

16  for ASSAILANT to stop and removed her hand. ASSAILANT's actions were so inappropriate

17  that JOHN DOE 2 quickly went to ROE 2 to notify him again of ASSAILANT's inappropriate

18  behavior. ROE 2

19       50.    Unfortunately, ROE 2 ignored JOHN DOE 2's second complaints and no actions

20  were taken by UNITED employees, including the FLIGHT ATTENDANTS.

21       51.    Approximately 75 minutes after the scheduled departure, ASSAILANT intensified

22  her sexual assault and abuse of JOHN DOE 1 and continued to make unwanted sexual advances

23  and engage in verbal and/or physical conduct of a sexual nature towards JOHN DOE 1.

24  ASSAILANT starred at JOHN DOE 1 while grabbing and groping his quads and then stroking

25  her hand across his lap towards the inside of his leg near his genitals. JOHN DOE 1 immediately

26  removed ASSAILANT's hand and pleaded to ROE 3, who was walking past and overheard JOHN

27  DOE 1 complaining. ROE 3 witnessed ASSAILANT's inappropriate conduct and simply issued

28  a verbal warning to ASSAILANT. No further action was taken at that time by either ROE 2 or

1  ROE 3.

2      52.    After ASSAILANT turned away towards the window, JOHN DOE 1 believed he

3  was finally able to rest. Unfortunately, ASSAILANT put her hand through JOHN DOE 1's jacket

4  and caressed his chest and pecs working her way up to his face. While touching JOHN DOE 1's

5  face, ASSAILANT grabbed JOHN DOE 1's penis and ripped off his face mask. JOHN DOE 1

6  jumped up from his seat and complained in front of the entire plane that ASSAILANT is "touching

7  me." JOHN DOE 1, embarrassed and uncomfortable, rushed to notify ROE 2, who at the time

8  was in the rear of the plane.

9      53.    While JOHN DOE 1 went to go notify ROE 2, ASSAILANT moved over to the

10  middle seat (JOHN DOE 1's seat) and sexually assaulted JOHN DOE 2 by grabbing his leg and

11  groin area.

12      54.    When ROE 2 came over to PLAINTIFFS' row, he asked, "is this the same lady?"

13  ASSAILANT admitted that she was drinking and had taken pills. ROE 2 moved ASSAILANT to

14  another row. PLAINTIFFS are informed and believe that ASSAILANT was moved a second time

15  for being disruptive yet again and finally moved to a row with no other passengers.

16      55.    UNITED presented JOHN DOE 1 and JOHN DOE 2 each with $150.00 voucher.

17  **D.     UNITED BREACHED ITS DUTY TO PLAINTIFFS BY FAILING TO**

18  **HAVE OR ENFORCE ADEQUATE POLICIES AND PROCEDURES TO**

19  **PREVENT AND PROPERLY RESPOND TO IN-FLIGHT SEXUAL**

20  **ASSAULTS**

21      56.    Upon information and belief, UNITED does not have and/or enforces adequate

22  policies and procedures to prevent sexual assaults on its flights, and to properly respond to such

23  incidents that do happen.

24      57.    UNITED's failure to have and/or enforce adequate policies and procedures for the

25  prevention of and response to in-flight sexual assaults is a breach of its affirmative duty to protect

26  and care for its passengers.

27  ///

28  ///

E.    **AS A RESULT OF UNITED'S FAILURE TO HAVE OR ENFORCE ADEQUATE POLICIES AND PROCEDURES, PLAINTIFFS WERE PUT AT RISK AND HARMED**

58.    UNITED's lack of and/or failure to enforce adequate policies and procedures for the prevention of and response to in-flight sexual assault put PLAINTIFFS (and other passengers) at risk of harm, and caused harm to PLAINTIFFS as they were verbally, physically, and sexually assaulted by ASSAILANT.

59.    Moreover, UNITED's lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault due to institutional betrayal.

60.    The term "Institutional Betrayal" refers to wrongdoings perpetrated by an institution upon individuals dependent on that institution, including failure to prevent or respond supportively to wrongdoings by individuals (e.g. sexual assault) committed within the context of the institution.[13]

**FIRST CAUSE OF ACTION**

**VIOLATION OF UNRUH ACT (*CIVIL CODE* § 51)**

*(Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50)*

61.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

62.    PLAINTIFFS' civil rights were violated by UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, ignored PLAINTIFFS' complaints and failed to ensure, protect, and aid in the protection of PLAINTIFFS' safety. Specifically, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, failed to take steps to prevent and deter the in-flight sexual assaults and properly respond to such assaults that

---

[13] Jennifer J. Freyd, *Institutional Betrayal and Institutional Courage*, https://dynamic.uoregon.edu/jjf/institutionalbetrayal/. *See also* Carly Parnitzke Smith & Jennifer J. Freyd, *Institutional Betrayal*, 69 AM. PSYCH. ASSOC. 575 (2014).

1  PLAINTIFFS endured, particularly in light of Defendants' knowledge of the growing prevalence

2  of in-flight sexual assault. PLAINTIFFS had a right to be free from gender, age, and racial

3  discrimination, sexual molestation and assault, abuse and harassment under the Unruh Civil Rights

4  Act.

5      63.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, were acting under

6  the color of their authority and scope of their employment while PLAINTIFFS were passengers

7  on-board the FLIGHT operated by UNITED.

8      64.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, denied

9  PLAINTIFFS full and equal accommodations, advantages, facilities, privileges, or services

10  because of their gender, age, and race, by allowing ASSAILANT unfettered ability to sexually

11  abuse and harass PLAINTIFFS, as a passenger on the FLIGHT, by actively ignoring

12  PLAINTIFFS' complaints and lack of and/or failure to enforce adequate policies and procedures

13  for the proper response to ASSAILANT's sexual assault and harassment. UNITED, FLIGHT

14  ATTENDANTS, and ROES 4 through 50, through PLAINTIFFS' complaints, had actual notice

15  of ASSAILANT's wrongful conduct and chose to ignore PLAINTIFFS' pleas for help during the

16  FLIGHT.

17      65.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or

18  failure to enforce adequate policies and procedures for the proper response to in-flight sexual

19  assaults, despite its knowledge of myriad reports of in-flight sexual assaults, UNITED, FLIGHT

20  ATTENDANTS, and ROES 4 through 50, granted ASSAILANT unfettered ability to sexually

21  assault and harass PLAINTIFFS. Thus, UNITED, FLIGHT ATTENDANTS, and ROES 4 through

22  50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to

23  in-flight sexual assaults denied PLAINTIFFS full and equal accommodations, advantages,

24  facilities, privileges, or services during the duration of the FLIGHT, based upon their gender, age,

25  and race.

26      66.    The substantial motiving reason for UNITED, FLIGHT ATTENDANTS, and

27  ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the

28  proper response to in-flight sexual assaults was PLAINTIFFS' gender, age, and race. UNITED,

1  FLIGHT ATTENDANTS, and ROES 4 through 50, unwittingly overlooked, disregarded, ignored,

2  and took for granted the fact that sexual assaults and harassment can occur to young African

3  American males.

4        67.   As a direct and proximate result of UNITED, FLIGHT ATTENDANTS, and ROES

5  4 through 50's, acts, omissions, wrongful conduct and breaches of their duties, PLAINTIFFS were

6  put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of

7  mind and body, shock, emotional distress, physical manifestations of emotional distress including

8  depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have

9  suffered and continue to suffer and were prevented and will continue to be prevented from

10  performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings

11  and earning capacity; and may incur expenses for medical and psychological treatment, therapy,

12  and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an

13  amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as

14  proven at the time of trial.

15        68.   As a direct, proximate, and legal result of UNITED, FLIGHT ATTENDANTS, and

16  ROES 4 through 50's, violations of Civil Code section 51, they are liable to PLAINTIFFS for each

17  and every offense for the actual damages, and any amount that may be determined by a jury, or a

18  court sitting without a jury, up to a maximum of three times the amount of actual damage but in

19  no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined

20  by the court in addition thereto, suffered by PLAINTIFFS as they were denied the rights provided

21  in Civil Code section 51.

22  **SECOND CAUSE OF ACTION**

23  **SEXUAL ASSAULT**

24  ***(Plaintiffs Against Defendant ASSAILANT)***

25        69.   PLAINTIFFS re-allege and incorporate by reference herein each and every

26  allegation contained herein above as though fully set forth and brought in this cause of action.

27        70.   ASSAILANT, in doing the wrongful acts herein alleged, including intending to

28  subject PLAINTIFFS to sexual abuse, harassment, and molestation during the FLIGHT as a

13

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    passenger, intended to cause harmful or offensive conduct with PLAINTIFFS' person, or intended

2    to put PLAINTIFFS in imminent apprehension of such conduct.

3         71.    In doing the wrongful acts herein alleged, PLAINTIFFS were put in imminent

4    apprehension of a harmful or offensive conduct by ASSAILANT and actually believed

5    ASSAILANT had the ability to make harmful or offensive conduct with PLAINTIFFS' person.

6         72.    PLAINTIFFS did not consent to ASSAILANT's intended harmful or offensive

7    contact with PLAINTIFFS' person, or intention to put PLAINTIFFS in imminent apprehension of

8    such conduct.

9         73.    In doing the wrongful acts herein alleged, ASSAILANT violated PLAINTIFFS'

10   rights, pursuant to Civil Code section 43, of protection from bodily restraint or harm, and from

11   personal insult. In doing the wrongful acts herein alleged, ASSAILANT violated her duty,

12   pursuant to Civil Code section 1708, to abstain from injuring the person of PLAINTIFFS or

13   infringing upon their rights.

14        74.    As a result of the above-described conduct, PLAINTIFFS were put at unnecessary

15   risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock,

16   emotional distress, physical manifestations of emotional distress including depression, anxiety,

17   humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to

18   suffer and were prevented and will continue to be prevented from performing daily activities and

19   obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may

20   incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS

21   have suffered damages, both general and special damages, in an amount presently unknown but

22   exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

23        75.    In subjecting PLAINTIFFS to the wrongful acts herein described, ASSAILANT

24   acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard

25   of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294.

26   PLAINTIFFS are therefore entitled to the recovery of punitive damages against ASSAILANT, in

27   an amount to be determined according to proof.

28   ///

---

14

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRD CAUSE OF ACTION

### SEXUAL BATTERY (*CIVIL CODE* § 1708.5)

#### (*Plaintiffs Against Defendant ASSAILANT*)

76.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

77.     During the FLIGHT, ASSAILANT intentionally, recklessly, and wantonly did acts which were intended to, and did, result in harmful and offensive contact with intimate parts of PLAINTIFFS' person, all while they were passengers on the FLIGHT operated by UNITED.

78.     ASSAILANT committed the acts set forth herein with the intent to cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person and that would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person that would offend a reasonable sense of personal dignity.

79.     PLAINTIFFS did not give consent to such acts.

80.     As a direct, legal, and proximate result of the acts of ASSAILANT, PLAINTIFFS sustained serious and permanent injuries to their person, in an amount to be shown according to proof and within the jurisdiction of the Court.

81.     In subjecting PLAINTIFFS to the wrongful acts herein described, ASSAILANT acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against ASSAILANT, in an amount to be determined according to proof.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (*Plaintiffs Against All Defendants*)

82.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

83.     The conduct of DEFENDANTS toward PLAINTIFFS, as described herein, was

15

1   outrageous and extreme.

2   84.   A reasonable person would not expect or tolerate the sexual harassment,

3   molestation, and abuse suffered by PLAINTIFFS at the hands of ASSAILANT, or UNITED,

4   FLIGHT ATTENDANTS, and ROES 4 through 50's, knowledge and callous indifference thereof.

5   PLAINTIFFS had great trust, faith, and confidence in in UNITED, FLIGHT ATTENDANTS, and

6   ROES 4 through 50, which, by virtue of ASSAILANT's and UNITED, FLIGHT ATTENDANTS,

7   and ROES 4 through 50's, wrongful conduct, turned to fear.

8   85.   A reasonable person would not expect or tolerate UNITED, FLIGHT

9   ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and

10  procedures for the proper response to ASSAILANT's sexual assault and harassment.

11  86.   UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, were in a position

12  of care and control over PLAINTIFFS. UNITED, FLIGHT ATTENDANTS, and ROES 4 through

13  50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to

14  in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and

15  amplified the trauma of the actual assault.

16  87.   A reasonable person would not expect or tolerate UNITED, FLIGHT

17  ATTENDANTS, and ROES 4 through 50, to be incapable of supervising and/or stopping

18  passengers, such as ASSAILANT, from committing acts of sexual assault on other passengers with

19  actual notice of such wrongful acts. PLAINTIFFS provided UNITED, FLIGHT ATTENDANTS,

20  and ROES 4 through 50, with actual notice and complaint of ASSAILANT's wrongful conduct

21  multiple times during the FLIGHT. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50,

22  ignored those complaints, sat idly, and allowed ASSAILANT to continue her wrongful conduct.

23  A reasonable person would not expect UNITED, FLIGHT ATTENDANTS, and ROES 4 through

24  50, whose presence was supposed to ensure PLAINTIFFS' comfort and safety during the FLIGHT,

25  to sit idly by and not take action to prevent ASSAILANT's wrongful conduct.

26  88.   UNITED acted with intent or recklessness, knowing that PLAINTFFS were likely

27  to endure emotional distress given their relative lack of power or control over their situation or

28  ability to report a crime while passengers on the FLIGHT, and given UNITED's, including

FLIGHT ATTENDANTS, failure to report or adequately respond to PLAINTIFFS' suffering a sexual assault while in-flight.

89.     As a result of DEFENDANTS' conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

90.     DEFENDANTS' conduct caused suffering for PLAINTIFFS at levels that no reasonable person should have to endure.

91.     As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

92.     In subjecting PLAINTIFFS to the wrongful acts herein described, DEFNEDANTS acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against DEFENDANTS, in an amount to be determined according to proof.

## FIFTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*(Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50)*

93.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

17

94.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct negligently caused emotional distress to PLAINTIFFS.

95.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, knew or reasonably should have known that PLAINTIFFS who experienced in-flight sexual assault and were treated poorly or inadequately in the aftermath would experience emotional distress.

96.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, could reasonably foresee that its actions and omissions would have caused emotion distress to PLAINTIFFS.

97.     UNITED, and its employees, are a common carrier. Common carriers must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. A common carrier must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business. PLAINTIFFS as passengers on the FLIGHT are unable to escape from their ASSAILANT or report a crime to authorities on their own. PLAINTIFFS reported ASSAILANT's wrongful conduct to FLIGHT ATTENDANTS. Unfortunately, UNITED's, including its FLIGHT ATTENDANTS, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault.

98.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, negligence was a substantial factor in causing PLAINTIFFS' serious emotional distress.

99.     As a result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

100.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct caused suffering for PLAINTIFFS at levels that no reasonable person should have to endure.

1    101.    As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary

2    risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock,

3    emotional distress, physical manifestations of emotional distress including depression, anxiety,

4    humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to

5    suffer and were prevented and will continue to be prevented from performing daily activities and

6    obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may

7    incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS

8    have suffered damages, both general and special damages, in an amount presently unknown but

9    exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

10                              **SIXTH CAUSE OF ACTION**

11                                    **NEGLIGENCE**

12    (*Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50*)

13    102.    PLAINTIFFS re-allege and incorporate by reference herein each and every

14    allegation contained herein above as though fully set forth and brought in this cause of action.

15    103.    UNITED, as a common carrier, has a special duty to provide due care to ensure and

16    protect and aid in the protection of its passengers' safety. This duty includes one to take reasonable

17    steps in order to prevent and deter in-flight sexual assault on its flights, and to properly respond to

18    such assaults that do occur, particularly in light of UNITED's knowledge of the growing

19    prevalence of in-flight sexual assault.

20    104.    UNITED, including its employees and FLIGHT ATTENDANTS, had special

21    duties to protect PLAINTIFFS, when such individuals were passengers entrusted to UNITED's

22    care. PLAINTIFFS' safety and well-being were entrusted to UNITED, including its employees

23    and FLIGHT ATTENDANTS, during the FLIGHTS. UNITED, including its employees and

24    FLIGHT ATTENDANTS, voluntarily accepted the entrusted care of PLAINTIFFS. As such,

25    UNITED, including its employees and FLIGHT ATTENDANTS, owed PLAINTIFFS a special

26    duty of care that common carriers dealing with passengers owe to protect them from harm, and to

27    aid them in preventing and responding to harm. The duty to protect and warn arose from the

28    common carrier doctrine that applies to airline carriers (including its employees and personnel).

105.    Upon information and belief, UNITED, including its employees and FLIGHT ATTENDANTS, knew or should have known of the prevalence of in-flight passenger-on-passenger sexual assault and of the likelihood of risk and harm to its passengers absent implementation and enforcement of appropriate policies.

106.    UNITED, including its employees and FLIGHT ATTENDANTS, breached its duty of care to PLAINTIFFS by failing to implement and enforce uniform policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on its flights; by failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and by failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

107.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, negligence was a substantial factor in causing PLAINTIFFS' harm.

108.    As a result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

109.    As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

*(Plaintiffs Against Defendants UNITED and ROES 4 through 50)*

110.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

111.    FLIGHT ATTENDANTS were hired, employed, trained, and/or supervised by UNITED.

112.    FLIGHT ATTENDANTS were unfit and/or incompetent to perform the work for which they were hired to perform. Specifically, by failing to implement and enforce uniform policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on its flights; by failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and by failing to cooperate with such authorities in the reporting and investigation process into in-flight sexual assaults.

113.    UNITED knew or should have known that FLIGHT ATTENDANTS were unfit and/or incompetent and that this unfitness and/or incompetence created a particular risk to PLAINTIFFS and others.

114.    FLIGHT ATTENDANTS' unfitness and/or incompetence harmed PLAINTIFFS.

115.    UNITED's negligence in hiring, training, supervision, and/or retention was a substantial factor in causing PLAINTIFFS' harm.

116.    As a result of UNITED's negligence in hiring, training, supervision, and/or retention of FLIGHT ATTENDANTS, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

117.    As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety,

1  humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to

2  suffer and were prevented and will continue to be prevented from performing daily activities and

3  obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may

4  incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS

5  have suffered damages, both general and special damages, in an amount presently unknown but

6  exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

7  **PRAYER FOR RELIEF**

8  WHEREFORE, PLAINTIFFS pray for damages and other judicial relief as follows:

9      1.    For past, present, and future non-economic damages in an amount to be determined

10          at trial;

11      2.    For past, present, and future special damages, including but not limited to past,

12          present, and future lost earnings, economic damages and others, in an amount to be

13          determined at trial;

14      3.    Any appropriate statutory damages;

15      4.    For costs and expenses of suit;

16      5.    For interest based on damages, as well as pre-judgment and post-judgment interest

17          as allowed by law;

18      6.    For attorney's fees pursuant to California Code of Civil Procedure section 52, et

19          seq. or as otherwise allowable by law;

20      7.    For treble damages of the amount of actual damage but in no case less than four

21          thousand dollars ($4,000) pursuant to California Code of Civil Procedure section

22          52, et seq. or as otherwise allowable by law;

23      8.    For exemplary and punitive damages;

24      9.    For declaratory and injunctive relief, including but not limited to court supervision

25          of UNITED, including its FLIGHT ATTENDANTS and employees; and

26  ///

27  ///

28  ///

10.     For such other and further relief as the Court may deem proper.

Dated: May 18, 2020                        **THE DARWISH LAW FIRM, APC**

By: _____

Darren D. Darwish, Esq.
Attorneys for Plaintiffs
JOHN DOE 1 and JOHN DOE 2

Dated: May 18, 2020                        **AZIZIAN LAW, P.C.**

By: _____

Benjamin A. Azizian, Esq.
Attorneys for Plaintiffs
JOHN DOE 1 and JOHN DOE 2

23
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1          **DEMAND FOR JURY TRIAL**

2          PLAINTIFFS hereby demand a jury trial.

3

4    Dated: May 18, 2020                    **THE DARWISH LAW FIRM, APC**

5

6                                            By: _____

7

8                                            Darren D. Darwish, Esq.
                                             Attorneys for Plaintiffs
9                                            JOHN DOE 1 and JOHN DOE 2

10   Dated: May 18, 2020                    **AZIZIAN LAW, P.C.**

11

12

13                                           By: _____
                                             Benjamin A. Azizian, Esq.
14                                           Attorneys for Plaintiffs
                                             JOHN DOE 1 and JOHN DOE 2
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   24