WORTHE HANSON & WORTHE
TODD C. WORTHE – State Bar No. 177452
MACKENZIE C. FOELLMER – State Bar No. 255721
1851 East First Street, Suite 400
Santa Ana, California 82705
Telephone (714) 285-9600
Facsimile (714) 285-9700
TWorthe@Whwlawcorp.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1; AN INDIVIDUAL; and JOHN DOE 2, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., AN ILLINOIS COROPRATION; ROE 1, AN INDIVIDUAL; ROE 2, AN INDIVIDUAL; ROE 3, AN INDIVIDUAL; AND ROES 4 THROUGH 50, INCLUSIVE.<br><br>Defendant | CASE NO. 2:20-cv-05554-RSWL(AGRx)<br>BEFORE THE HONORABLE Ronald S.W. Lew<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF TODD C. WORTHE, ESQ.<br>[*Federal Rules of Civil Procedure*, Rule 12(b)(6)]<br><br>Date:  August 4, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD<br><br>Complaint Filed:  May 18, 2020 |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

PLEASE TAKE NOTICE that on August 4, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom TBD, Defendant, UNITED AIRLINES, INC. ("United") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) for an Order dismissing plaintiff, JOHN DOE 1 ("Doe 1") and JOHN DOE 2 ("Doe 2," collectively, "plaintiffs' ") causes of action for violation of the Unruh Act, intentional infliction of emotional distress and negligent infliction of emotional distress. United further moves the Court for dismissal of plaintiffs' prayer for punitive damages, treble damages, attorneys' fees, and declaratory and injunctive relief.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 24 and 30, 2020.  Counsel were unable to reach any agreement that would obviate the need for the motion. [See Declaration of Todd C. Worthe, Esq. "Worthe Dec."]

The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, declaration of Todd C. Worthe, Esq. all the papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court or at the hearing.


DATED: June , 2020                    WORTHE HANSON & WORTHE
                                      By: /s/ Todd Worthe
                                      TODD C. WORTHE
                                      MACKENZIE C. FOELLMER
                                      Attorneys for Defendant, UNITED AIRLINES,
                                      INC.

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ......................7

**I. INTRODUCTION** ............................................................7

**II. ARGUMENT** ..................................................................8

**A. Standards Governing a Motion to Dismiss** ..............................8

**B. Plaintiffs' Cause of Action for Violation of the Unruh Act Fails to Allege Sufficient Facts Against United.** ...............................................10

**C. Plaintiffs' Fifth Cause of Action for Intentional Infliction of Emotional Distress Fails.** ..........................................................................12

**D. Plaintiffs Have Not Pleaded Facts Sufficient to Support a Claim for Punitive Damages Against the Corporation.** ................................15

**E. Plaintiffs' Sixth Cause of Action Fails to State Facts Sufficient for An Action For Negligent Infliction Of Emotional Distress** ..18

**F. Plaintiffs' Prayer for Declaratory and Injunctive Relief Fails.** 19

**III. CONCLUSION** ........................................................................19

TABLE OF AUTHORITIES

**Cases**

*Alatorre v. Wastequip Mfg. Co. LLC*, 2013 WL 796717 (E.D. Cal. Mar. 4,, 2013.13

*Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) ...............................8

*Anderson v. Liberty Lobby, Inc.*, 477 US 242, 252-254 (1986) ...........................16

Angelucci v. Century Supper Club, 41 Cal.4th 160, 174 (2007) ..........................11

*Archibald v. Cinerama Hawaiian Hotels, Inc.*, 73 Cal.App.3d 152, 159 (1977)....10

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 545, citations omitted) ...............8

*Bock v. Hansen*, 225 Cal.App.4th 215, 235 (2014) ...................................12

*Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410, 256 Cal.

  Rptr. 240, 243 (1989) ...........................................................18

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) ...................8

*Dalkilic v. Titan Corp.*, 516 F.Supp.2d 1177, 1188 (S.D.Cal. 2007) .....................12

*Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) ................................12

*De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978)......................................7

*Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970) .......................13

*Harris v. Capital Growth Investors XIV* 52 Cal.3d 1142, 1175 (1991,) .................9

*Hartman v. Shell Oil Co.* 68 Cal.App.3d 240 (1977) .............................15

*Keum v. Virgin America Inc.* (N.D. Cal. 2011) 781 F.Supp.2d 944, 955...............10

*Lawler v. Montblanc*, 704 F.3d 1235, 1246 (C.D. Cal. 2013)................................14

*Molien v. Kaiser Foundation Hospitals* 27 Cal.3d 916, 928 (1980) ......................17

*Potter v. Firestone Tire & Rubber Co,* 6 Cal.4th 965, 1004 (1993)........................13

*Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 252 .....................16

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009 ........................7

*San Joaquin Dep. Sheriffs' Ass'n v. County of San Joaquin,* 898 F.Supp.2d 1177,

1192-1193...........................................................................13

*Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035, 1041 (9th Cir.

2010)......................................................................................8

*Sousanis v. Northwest Airlines, Inc.*, No. C–99–2994, 2000 WL 34015861, at *7

(N.D.Cal. March 3, 2000.) ......................................................10

*Tomaselli v. TransAmerica Ins. Co.* (1994) 25 Cal.App.4th 1269, 1281 ...............15

*Trerice v. Blue Cross of Cal.*, 209 Cal.App.3d 878, 883 (1989) ..........................12

*Weiner v. Fleishman* 54 Cal.3d 476, 490................................................16

*Whittlestone, Inc. v. Handi-Craft Company* 618 F.3d 970, 976 (9th Cir. 2010) ........8

*Wong v. Tai* Jing, 189 Cal.App.4th 1354, 1377 (2010) .............................18

*Woolstrum v. Mailloux* (1983) 141 CA3d Supp.11, 190 CR 735...........................15

**Statutes**

*California Civil Code*, section 51 .................................................10

*Catsoura v. Dep't of California Highway Patrol*, 181 Cal.App.4th 856, 876 (2010)

............................................................................................17

*Civil Code* § 3294 (b)............................................................................17

*Civil Code* §3294.................................................................15, 16

Rule 12(b)(6)...........................................................................7, 8

6

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION:

On May 20, 2020, Doe 1 and Doe 2 filed their first amended complaint alleging causes of action for violation of the Unruh Civil Rights Act, California Civil Code section 51, et. seq., intentional infliction of emotional distress, negligent infliction of emotional distress, negligence and negligent hiring, training, supervision and retention against United. (Worthe Dec. ¶2, Exhibit "A" First Amended Complaint "FAC")  Plaintiffs also alleged sexual assault, sexual battery and battery against Roe 1 – the "middle-aged Caucasian female" passenger ("Roe 1" or "Assailant"). Specifically, plaintiffs allege that they were sexually harassed, assaulted, abused, violated and verbally and physically harassed by Roe 1 during a United flight.

On February 10, 2020, plaintiffs were traveling on United flight #415 departing from Los Angeles International Airport ("LAX") at 11:15 p.m. to Newark Liberty International Airport ("EWR") scheduled to land at 7:10 a.m. (FAC ¶40)  Doe 1 was seated in seat number 39K (middle) and Doe 2 was seated in seat number 39J (aisle).  (FAC ¶42-43)  Plaintiffs allege that Roe 1 began harassing Doe 1 after taking her seat number 39L (window) including hitting, elbowing and telling him he should move to the front of the aircraft because he was wearing a mask and was sick.   Plaintiffs allege that about 25 minutes after Roe 1 took her seat she took unknown prescription medication. (FAC ¶47)  Doe 2 allegedly notified a male Flight Attendant ("Roe 2") that Roe 1 was harassing, cursing, acting belligerent and disruptive. (FAC ¶48)  Plaintiffs allege that Roe 2 said he would come to the row to check on plaintiffs.  They allege Roe 2 never returned to check on their complaints.

After the complaint by Doe 2, plaintiffs claim Roe 1 continued to sexually assault Doe 1, including groping and massaging Doe 1's knees and thighs.  Doe 2

alleges that he again went to Flight Attendant Roe 2 to complain of the inappropriate behavior.  Plaintiffs claim Roe 2 took no action and ignored the second complaint.

About 75 minutes after departure, plaintiffs allege Roe 1 continued to make unwanted sexual advances, including groping Doe 1's legs and stroking her hand across his lap. (FAC ¶51)  Doe 1 claims that Flight Attendant Roe 3 was walking past and heard Doe 1's complaints and witnessed Roe 1's conduct.  Plaintiffs allege that Flight Attendant – Roe 3 issued a verbal warning to Roe 1. (FAC ¶51)

After the verbal warning, Roe 1 turned away towards the window.  Plaintiffs allege that Roe 1 then put her hand through Doe 1's jacket touched his chest, grabbed his penis and ripped off his face mask.  Doe 1 jumped up from his seat and exclaimed that Roe 1 was "touching me." (FAC ¶52) Doe 1 went to notify Flight Attendant – Roe 2.  While Doe 1 was gone, Roe 1 allegedly moved into the middle seat and sexually assaulted Doe 2. Flight Attendant Roe 2 arrived at the seat and moved Roe 1 to another seat and row in the aircraft.

Plaintiffs' first amended complaint alleges that United did not have adequate policies and procedures to prevent sexual assault and that United failed to properly respond to plaintiffs' complaints of sexual assault.

## II.   ARGUMENT:

## A.   Standards Governing a Motion to Dismiss.

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint.  *De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); *Al-*

*Kidd v. Ashcroft*, 580 F.3d 949, 956 (9ᵗʰ Cir. 2009).  A Rule 12(b)(6) motion is proper when the complaint fails to allege sufficient facts under a cognizable legal theory.  *Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035, 1041 (9ᵗʰ Cir. 2010).  To survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief.  *Id.*

Although allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996), courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek*, 519 F.3d at 1031.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 545, citations omitted)

In *Whittlestone, Inc. v. Handi-Craft Company* 618 F.3d 970, 976 (9ᵗʰ Cir. 2010), the Court held that while FRCP Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law" because it would create redundancies within the Federal Rules of Civil Procedure, Rule 12(b)(6) could be used to strike a claim for damages.  *Id*. At 974.

### B.   Plaintiffs' Cause of Action for Violation of the Unruh Act Fails to Allege Sufficient Facts Against United.

#### i.   *Plaintiffs have not alleged United acted intentionally.*

Plaintiffs make conclusory allegations against United that a substantial motivating reason for United to failed to enforce adequate policies and procedures was plaintiffs' gender, age and race.  (FAC ¶66) In their only factual assertion regarding race, gender or age, plaintiffs, who are male African American adults, specifically allege that United "*unwittingly* overlooked, disregarded, ignored and took for granted the fact that sexual assaults and harassment can occur to young African American males." (FAC ¶66, emphasis added.)  However, to properly plead a cause of action for violation of the Unruh Act, plaintiffs must establish the element of intentional conduct.  A plaintiff seeking to establish a case under the Unruh Act must *plead* and prove intentional discrimination.  *Harris v. Capital Growth Investors XIV* 52 Cal.3d 1142, 1175 (1991,) emphasis added. Here, by plaintiffs' own admissions, United *unwittingly*, *i.e.*, unintentionally overlooked the fact that sexual harassment can occur, which does not rise to *intentional* discrimination.  Plaintiffs do not plead specific facts to establish intentional conduct and there are only conclusory allegations of the alleged substantial motivating reason for United's conduct.  For this reason alone, the first cause of action should be dismissed.

#### ii.   *Plaintiffs do not allege the offending conduct occurred in California.*

Additional grounds for the dismissal of the first cause of action are that plaintiffs do not allege the conduct of which they complained occurred in

California, and as a result, their Unruh Civil Rights Act cause of action fails as a matter of law. The Unruh Act contains language expressly limiting its reach to "all persons within the jurisdiction of this state." *California Civil Code*, section 51. In *Archibald v. Cinerama Hawaiian Hotels, Inc*., 73 Cal.App.3d 152, 159 (1977), the court held that the Unruh Act by its express language applied only in California. The District Courts agree. "The Unruh Act only applies to discrimination that takes place within California's jurisdiction. *Sousanis v. Northwest Airlines, Inc*., No. C–99–2994, 2000 WL 34015861, at *7 (N.D.Cal. March 3, 2000.) In *Sousanis*, the complained of actions allegedly took place while the aircraft at issue was on the ground in Detroit. The court held plaintiff's claim was not governed by the Unruh Act, regardless of the fact that the aircraft's ultimate destination was within California. The *Sousanis* court noted plaintiff's complaint did not allege that the events in question took place in California.  Further, the fact that the flight was due to terminate in California was insufficient to bring the entire flight under California's governance. (*Id*.) Significantly, the court noted,

> Simply because plaintiff resides in California, purchased her ticket here, and her flight originated here does not mean that the California statutes she has sued under apply outside the state. The Legislature did not contemplate these statutes reaching outside of the jurisdiction, and they do not. Were it otherwise, airlines would be subject to a variety of statutes in many different jurisdictions, even on the basis of one interstate flight. The clearly is inimical to the contemplation of the federal government in heavily regulating the airline industry.  *Id.*

In *Keum v. Virgin America Inc.* (N.D. Cal. 2011) 781 F.Supp.2d 944, 955, the district court agreed that the Unruh Act applies only to discrimination that occurs within California's jurisdiction. In *Keum*, plaintiff's complaint did not allege that the events in question took place in California; moreover, the fact that the flight was due to terminate in California was insufficient to bring the entire flight

under California's governance. (*Id.*)  Plaintiffs allege their complaints were made about 25 minutes and 75 minutes into their flight.  Plaintiffs have not only failed to allege a statutory violation within California, they affirmatively suggest it occurred, if at all, somewhere other than in California.  Given the circumstances, plaintiffs' failure to allege their injuries occurred in California is a failure to properly allege an Unruh Act violation as a matter of law.

   ### iii.     *Dismissal of the Unruh Act claims requires striking Plaintiffs' claims for treble damages and attorney's fees*.

   Plaintiffs claim entitlement to statutory damages of at least $4,000 and up to three times actual damages per violation pursuant to *California Civil Code* section 52(a).  As set forth in *Angelucci v. Century Supper Club,* 41 Cal.4th 160, 174 (2007), "Section 52 provides for minimum statutory damages … for every violation of section 51, regardless of the plaintiff's actual damages."  Further, plaintiffs also claim attorneys' fees in connection with this cause of action only.

   Treble damages and attorneys' fees are only permitted by *Civil Code* §52(a).  If the Court dismisses the first cause of action for violation of the Unruh Act, then Plaintiffs' claims for treble damages and attorneys' fees should also be dismissed.

   ## C.     Plaintiffs' Fifth Cause of Action for Intentional Infliction of Emotional Distress Fails.

   Under California law, the elements of the tort of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the

defendant's outrageous conduct." *Trerice v. Blue Cross of Cal.*, 209 Cal.App.3d 878, 883 (1989).

"The outrageousness of a defendant's conduct normally presents an issue of fact to be determined by the trier of fact." *Id.* However, a reviewing court may, as a matter of law, determine if 'defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.'" *Dalkilic v. Titan Corp.*, 516 F.Supp.2d 1177, 1188 (S.D.Cal. 2007) "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). "[W]hether conduct is outrageous is 'usually a question of fact' … [However] many cases have dismissed intentional infliction of emotion distress cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law." *Bock v. Hansen*, 225 Cal.App.4th 215, 235 (2014).

Here, plaintiffs allege United's "outrageous conduct" is that flight attendants ignored plaintiffs' complaints and failed to adequately respond. According to plaintiffs' complaint, there were a total of three alleged complaints to the United flight attendants. Plaintiffs concede that after the second complaint by plaintiffs, Flight Attendant Roe 3 warned the woman who was harassing plaintiffs. After the warning was given by United and plaintiffs complained again, Flight Attendant Roe 2 moved the passenger away from Plaintiffs and seated her in a different row. By moving the passenger, United took appropriate action and thereby protected Plaintiffs from any further harassment by Roe 1.

Plaintiffs allege that United sat "idly" by and did not take action to prevent the wrongful conduct of the female passenger. (FAC ¶94.) However, Plaintiffs also allege that United acted and responded to plaintiffs' complaints by moving the passenger away from them after a verbal warning was given and improper conduct

of the woman continued.  As a matter of law, the Court can conclude that the conduct by United was not so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized community.   Therefore, plaintiffs' fifth cause of action fails to state sufficient facts and should be dismissed.

Further, in their complaint, plaintiffs fail to allege facts showing they suffered the "extreme" or "severe" emotional distress required to support their claim for intentional infliction of emotional distress.  Severe emotional distress is not trivial or transitory.  *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970).  Rather, "[s]evere emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  *Potter v. Firestone Tire & Rubber Co,* 6 Cal.4th 965, 1004 (1993).

Here, plaintiffs refer in conclusory terms to "great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel." (FAC ¶98)  This is insufficient to state an actionable claim.  Conclusory allegations such as these are not entitled to a presumption of truth and will not support a claim for emotional distress.  *San Joaquin Dep. Sheriffs' Ass'n v. County of San Joaquin,* 898 F.Supp.2d 1177, 1192-1193 (E.D. Cal. 2012, allegations that plaintiff suffered "severe emotional distress" and "physical and emotional injuries, including general physical upset and manifestations of severe emotional distress" are insufficient); *Alatorre v. Wastequip Mfg. Co. LLC*, 2013 WL 796717 (E.D. Cal. Mar. 4,, 2013, conclusory allegations regarding "humiliation, embarrassment,

severe mental and emotional distress" are inadequate).[1]   The Ninth Circuit has observed that "[a]nxiety, sleeplessness, upset stomach, [and] sometimes muscle twitches," alone, "clearly … do not rise to the level of 'severe'" for purposes of supporting an IIED claim.  *Lawler v. Montblanc*, 704 F.3d 1235, 1246 (C.D. Cal. 2013)

Both plaintiffs assert identical conclusory allegations of emotional distress including general pain, emotional distress, anxiety and humiliation similarly to the allegations at issue in *Lawler* and *Alatorre*.  Plaintiffs fail to allege any individual symptoms or manifestations of distress. Since plaintiffs have not alleged facts establishing they suffered *severe* emotional distress, this cause of action fails.

**D.    Plaintiffs Have Not Pleaded Facts Sufficient to Support a Claim for Punitive Damages Against the Corporation**.

Plaintiffs claim they are entitled to punitive damages in connection with the cause of action for intentional infliction of emotional distress only.  As set forth in detail above, the cause of action for intentional infliction of emotional distress is not properly pleaded and should be dismissed.  If the cause of action for intentional infliction of emotional distress is dismissed, then the claim for punitive damages against United should also be dismissed.

Even if the Court finds that the intentional infliction of emotional distress claim is sufficiently pleaded, plaintiffs fail to properly state a claim for punitive damages. Plaintiffs allege that United is a corporation. (FAC ¶4) The award of

---

[1] See also *Campbell v. Feld Ent. Inc.,* 2014 WL 1366581 (N.D. Cal. 2014) (where a plaintiff proffers only conclusory allegations regarding how the alleged injuries rise to the level of "severe" for purposes of an IIED claim, they are insufficient)

punitive damages against a corporation is controlled by the provisions of *Civil Code* §3294 which provides, in pertinent part, as follows:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud or malice. **With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression or malice must be on the part of an officer, director or managing agent of the corporation.**  (*Civil Code* §3294(b), emphasis added.)

To satisfy the requirements of *Civil Code* §3294(b), plaintiffs must show United had advance knowledge of the unfitness of an employee or that the employee was an officer managing agent or supervisor.  Nowhere in the first amended complaint do plaintiffs allege or even attempt to set forth facts relative to improper conduct of an officer, director or managing agent of United.  For this reason alone, the punitive damages claim should be dismissed.  In *Hartman v. Shell Oil Co.* 68 Cal.App.3d 240 (1977), the court held in pertinent part as follows:

> To hold a principal liable for punitive damages, it must be shown that the employee-agent's malicious acts were done with knowledge or under the direction of the principal-employer, that is to say, were authorized, or the acts were ratified by the principal with knowledge of the willful and malicious character of such acts.

The law disfavors punitive damages and an award of such damages is only proper in the "clearest of cases."  *Woolstrum v. Mailloux* (1983) 141 CA3d Supp.11, 190 CR 735. The court stated in *Tomaselli v. TransAmerica Ins. Co.* (1994) 25 Cal.App.4th 1269, 1281, that the conduct that will support punitive damages must have been "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people."  Such conduct has been described as "[having] the character of outrage frequently associated with a crime." (*Id.*)

16

In *Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 252, the California Supreme Court held that on a motion for summary judgment on a punitive damages claim the clear and convincing standard applies.  In district court, the party opposing summary judgment must meet the quantum of proof required at trial: "[A] ruling on a motion for summary judgment … necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits … [I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 252-254 (1986).  Thus, where as here, plaintiffs must show malicious, oppressive or fraudulent conduct by United's employees, it must do so by producing clear and convincing evidence of that conduct. (*Id*.)

Plaintiffs have failed to allege facts sufficient to constitute a claim for punitive damages as permitted under *Civil Code* §3294.  The alleged conduct is that United employee Flight Attendants didn't respond appropriately to plaintiffs' complaints. Plaintiffs simply set forth boilerplate conclusory allegations that United acted willfully and maliciously with the intent to harm plaintiffs.  There are no specific supporting facts alleged. Without more, plaintiffs will not be able to meet will not been able to meet the "clear and convincing standard" as a requisite for punitive damages. California courts are exceedingly reluctant to award punitive damages and this case presents no extraordinary facts in which to grant such an improbable request.  The California Supreme Court noted in *Weiner v. Fleishman* 54 Cal.3d 476, 490, "[t]he clear and convincing standard of proof is an exacting standard," and plaintiffs have not alleged any facts sufficient to produce evidence which meets such a stringent standard. In fact, plaintiffs have not alleged *any* facts to indicate that an officer, director or managing agent of United had advance

knowledge of any unfitness of any of the employees whose alleged acts are at issue.  Further, there are no facts indicating any officer, director or managing agent of United consciously disregarded, authorized or ratified any such conduct as expressly required by *Civil Code* § 3294 (b).

Plaintiffs' claim for punitive damages is completely devoid of any facts establishing that as a principal-employer United had advance knowledge that its employees were somehow unfit. There are no facts alleged regarding who specifically had advance knowledge of the wrongful conduct and who ratified the alleged wrongful conduct of the employees.  There are no facts showing how United knew of the alleged "unfitness" of its employees ***in advance*** of this incident.  Additionally, there are no facts regarding the particular actions of the employees that amounted to the requisite conduct of malice or oppression to support a claim for punitive damages.  Based on the foregoing, United respectfully submits that the claim for punitive damages be dismissed.

### E. Plaintiffs' Sixth Cause of Action Fails to State Facts Sufficient for An Action For Negligent Infliction Of Emotional Distress

The cause of action entitled negligent infliction of emotional distress is improper because it is not an independent tort or separate cause of action. *Catsoura v. Dep't of California Highway Patrol*, 181 Cal.App.4th 856, 876 (2010).  The doctrine of "negligent infliction of emotional distress" simply allows certain persons to recover damages for emotional distress only on a negligence cause of action even though they were not otherwise injured or harmed.  *Molien v. Kaiser Foundation Hospitals* 27 Cal.3d 916, 928 (1980).

A claim for negligent infliction of emotional distress is "the tort of negligence to which the traditional elements of duty, breach of duty, causation, and

damages apply." *Wong v. Tai* Jing, 189 Cal.App.4th 1354, 1377 (2010). As such, plaintiffs' sixth cause of action is duplicative and no different from their seventh cause of action for general negligence. United respectfully requests the Court to dismiss the sixth cause of action.

### F.   Plaintiffs' Prayer for Declaratory and Injunctive Relief Fails.

At the very end of the First Amended Complaint plaintiffs pray "[f]or declaratory and injunctive relief, including but not limited to court supervision of United, including its [flight attendants] and employees." (First Amended Complaint, Prayer, ¶9.) This figurative and literal afterthought has no basis whatsoever.

The elements of a cause of action for injunctive relief are (1) a tort or other wrongful act constituting a cause of action; and (2) irreparable injury, i.e., a factual showing that the wrongful act constitutes an actual or threatened injury to property or personal rights which cannot be compensated by an ordinary damage award. *Brownfield v. Daniel Freeman Marina Hosp*., 208 Cal. App. 3d 405, 410, 256 Cal. Rptr. 240, 243 (1989). Plaintiffs do not even provide conclusory contentions to support a claim for injunctive relief, much less any of the factually supported allegations that are required.

## III.   CONCLUSION:

United respectfully submits that the causes of action for violation of the Unruh Act, intentional infliction of emotional distress and negligent infliction of emotional distress should be dismissed because they are not properly pleaded against United. Additionally, plaintiffs' claim and prayer for punitive damages, treble damages, attorneys' fees, and declaratory and injunctive relief should be

dismissed not only because the causes of action which they are predicated on fail, but also because plaintiffs do not allege sufficient facts to support those damages.

DATED: June 30, 2020          WORTHE HANSON & WORTHE
                              By: /s/ Todd Worthe
                              TODD C. WORTHE
                              MACKENZIE C. FOELLMER
                              Attorneys for Defendant, UNITED AIRLINES,
                              INC.

20

## <u>DECLARATION OF TODD C. WORTHE</u>

1. I am an attorney at law duly licensed to practice before all the Courts in the State of California including the United States District Court, Central District of California, and a partner in the law firm of Worthe Hanson & Worthe, A Law Corporation, and attorney of record for plaintiff and counter defendant, United Airlines, Inc. in the above-captioned action.  As such, I have personal knowledge of the file and pleadings in this matter and facts stated herein.  If called upon as a witness, I could and would competently testify to the following:

2. Attached hereto as Exhibit A is a true and correct copy of plaintiffs' First Amended Complaint.

3. On June 24, 2020, I sent meet and confer correspondence to counsel for plaintiffs regarding the grounds for the instant motion.  On June 30, 2020, I met and conferred via telephone with counsel for plaintiffs regarding the instant motion as required by Local Rule 7-3.  I respectfully submit that the parties have satisfied the *Central District Local Rules*, Rule 7-3.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of June 2020 at Santa Ana, California.

        */s/ Todd C. Worthe*

        Declarant