1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
12301 Wilshire Blvd., Suite 520
Los Angeles, CA 90025
Telephone:   (424) 369-5353
Facsimile:   (424) 369-5356
Email:        darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
3450 Wilshire Blvd, Suite 304
Los Angeles, CA 90010
Telephone:   (888) 914-6670
Facsimile:   (888) 914-8322
Email:        benji@azizianlaw.com

Attorneys for Plaintiffs,
JOHN DOE 1 and JOHN DOE 2

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual,<br><br>        Plaintiffs,<br><br>            v.<br><br>UNITED AIRLINES, INC., an Illinois Corporation; ROE 1, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive,<br><br>        Defendants. | Case No.: 2:20-cv-05554-RSWL-AGR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: August 4, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD<br><br>Complaint Filed: May 18, 2020<br>FAC Filed: May 20, 2020 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs John Doe 1 and John Doe 2 (collectively, "Plaintiffs"), by and through their counsel of record, hereby file this Opposition to Defendant United Airlines, Inc.'s ("Defendant") Motion to Dismiss Portions of Plaintiffs' First Amended Complaint.

This Opposition is based upon the following Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Darren D. Darwish, all papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court or at the hearing.

Dated: July 14, 2020              **THE DARWISH LAW FIRM, APC**


By:  */s/ Darren D. Darwish*
        Darren D. Darwish, Esq.
        Attorneys for Plaintiffs
        JOHN DOE 1 and JOHN DOE 2


Dated: July 14, 2020              **AZIZIAN LAW, P.C.**


By:  */s/ Benjamin A. Azizian*
        Benjamin A. Azizian, Esq.
        Attorneys for Plaintiffs
        JOHN DOE 1 and JOHN DOE 2

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................... 1

II.  DEFENDANT FAILED TO TIMELY MEET AND CONFER AND
SATISFY THE REQUIREMENTS OF LOCAL RULE 7-3 ...................... 2

III.  LEGAL STANDARD FOR MOTION TO DISMISS AND REQUEST FOR
LEAVE TO AMEND (IF MOTION TO DISMISS IS GRANTED) ............ 3

IV.  PLAINTIFFS ALLEGE SUFFICIENT FACTS ESTABLISHING A
CLAIM FOR VIOLATION OF THE UNRUH ACT ................................. 5

    A.  Plaintiffs Allege The Wrongful And Offending Conduct Occurred In
California ............................................................................. 5

    B.  Plaintiffs Allege Defendant Acted Intentionally ................................... 6

    C.  Because The Cause Of Action For Violation Of The Unruh Act Is
Sufficiently Pled, Plaintiffs' Claims For Treble Damages And
Attorneys' Fees Should Not Be Stricken ............................................. 8

    D.  Defendant Failed To Properly And Thoroughly Meet And Confer ....... 8

V.  PLAINTIFFS SUFFICIENTLY PLED A CAUSE OF ACTION FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST
ALL DEFENDANTS ..................................................................... 9

    A.  Plaintiffs' First Amended Complaint Sufficiently Pleads Extreme And
Outrageous Conduct ............................................................. 11

    B.  Plaintiffs Pled Sufficient Facts Supporting Their Claim For Emotional
Distress............................................................................... 13

    C.  Plaintiffs Have Pled Facts Sufficient To Support A Claim For Punitive
Damages Against Defendant ................................................... 13

    D.  Defendant Failed To Timely And Sufficiently Meet And Confer As To
Plaintiffs' Fifth Cause Of Action ........................................... 14

VI.  CONCLUSION ........................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Alcatel–Lucent USA, Inc. v. Dugdale Communications, Inc.*, No. CV 09–2140
   PSG (JCx), 2009 WL 3346784 (C.D.Cal. Oct. 13, 2009) ............................... 3

*CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078
   (C.D. Cal. 2015)............................................................................................... 3

*Chaconas v. JP Morgan Chase Bank*, 713 F.Supp.2d 1180 (2010)................... 14

*Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016 (S.D. Cal. 2000) ................ 16, 17

*Clark v. State Farm Mutual Automobile Ins. Co*., 231 F.R.D. 405 (C.D. Cal.
   2005)................................................................................................................ 16

*Dalkilic v. Titan Corp.*, 516 F.Supp.2d 1177 (S.D.Cal. 2007)........................... 11

*Doe v. United States*, 58 F.3d 494 (9th Cir. 1995). ............................................. 5

*Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376 (1970) ........................... 11

*G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22 (1975)..................... 16

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) .............................. 4

*Halet v. Wend Inv. Co.*, 672 F.2d 1305 (9th Cir. 1982)....................................... 5

*Keum v. Virgin America Inc*., 781 F.Supp.2d 944 (N.D. Cal. 2011) ............... 6, 7

*Lawler vs. Montblanc North America, LLC*, 704 F.3d 1235 (2013) .................. 15

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).................................... 4

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000)..................................................... 6

*Martin v. Tradewinds Beverage Co.*, No. CV16-9249 PSG (MRWX), 2017 WL
   1712533, (C.D. Cal. Apr. 27, 2017).................................................................. 5

*Moyo v. Gomez*, 32 F.3d 1382 (9th Cir. 1994). ................................................... 4

*N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983). ............... 5

*Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032 (9th Cir. 2015) ............... 5

*Potter v. Firestone Tire & Rubber Co,* 6 Cal.4th 965 (1993). ........................... 11

*Singer v. Live Nation Worldwide, Inc.*, No. SACV 11–0427 DOC (MLGx), 2012
   WL 123146 (C.D.Cal. Jan. 13, 2012) ............................................................... 3

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT

*Smith v. Superior Court*, 10 Cal. App.4th 1033 (1992) ...................................... 16

*Sousanis v. Northwest Airlines, Inc.*, No. C-99-2994MHP, 2000 WL 34015861
    (N.D. Cal. Mar. 3, 2000) ................................................................................ 6, 7

*W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428 (9th Cir. 1985) ...................... 5

## STATUTES

28 U.S.C. §1446(b) .................................................................................................. 2

California Civil Code §3294. ................................................................................ 16

California Civil Code §51 .................................................................................... 1, 6

California Civil Code §52(a) ................................................................................ 10

## RULES

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................... 1, 3

Federal Rules of Civil Procedure Rule 8(a) ....................................................... 13

Federal Rules of Civil Procedure Rule 8(a)(2) ................................................... 3

Federal Rules of Civil Procedure Rule 8(c)(2) ................................................... 2

Federal Rules of Civil Procedure Rule 9(b) ...................................................... 14

Local Rule 7-3.................................................................................1, 2, 3, 8, 9, 15

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3
4
5
6

Defendant seeks to attack the sufficiency of Plaintiffs' causes of action for violation of Unruh Act (Civil Code section 51), intentional infliction of emotional distress, and negligent infliction of emotional distress by way of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).[1]

7
8
9

Defendant failed to comply with Local Rule 7-3 and did not timely meet and confer prior to filing its Motion. For this reason, Defendant's Motion should be denied outright.

10
11
12
13
14
15
16
17
18

Should this Court, in its discretion, waive the meet and confer requirement, Defendant's Motion should be denied as the allegations and causes of action in First Amended Complaint are sufficiently pled. Plaintiffs' First Amended Complaint establishes sufficient facts to state a claim for violation of Unruh Act and intentional infliction of emotional distress. Consequently, Plaintiffs' claim and prayer for punitive damages, treble damages, and attorneys' fees should not be dismissed as Plaintiffs allege sufficient facts to support those damages, and the causes of action on which they are predicated are sufficiently pled. As such, Defendant's Motion to Dismiss should be denied in its entirety.

19
20

Alternatively, to the extent the Motion to Dismiss is granted, Plaintiffs request leave to amend.

21

/ / /

22

/ / /

23
24
25
26
27
28

[1] Counsel for Defendants failed to timely meet and confer pursuant to Local Rule 7-3. In their untimely meet and confer correspondence and telephonic conference, counsel for Defendants failed to address the issue of the prayer for declaratory and injunctive relief, among other things (as further detailed below). (Darwish Decl., ¶ 7.) Should this Court, in its discretion, waive the meet and confer requirement, Plaintiffs, in an effort to promote judicial efficiency, submit *only* to the arguments with respect to the cause of action for negligent infliction of emotional distress and prayer for declaratory and injunctive relief.

1

## II.   DEFENDANT FAILED TO TIMELY MEET AND CONFER AND SATISFY THE REQUIREMENTS OF LOCAL RULE 7-3

Defendant was personally served on **May 26, 2020**. (Request for Judicial Notice ["RJN"], Exh. B.) Thus, Defendant's deadline to file a Notice of Removal pursuant to 28 U.S.C. §1446(b) was **June 25, 2020**. Defendant timely filed its Notice of Removal on **June 23, 2020**. (RJN, Exh. C.) Federal Rules of Civil Procedure Rule 8(c)(2) governs the timing of Defendant's Motion because Defendant did not file a responsive pleading prior to removal. Pursuant to Federal Rules of Civil Procedure Rule 8(c)(2), the deadline to file the Motion was **June 30, 2020**, which is seven (7) days after the Notice of Removal was filed and the longest out of the proscribed periods under this Rule. Local Rule 7-3 requires a conference of counsel to take place at least seven (7) days prior to the filing of any motion; therefore, Defendant was required to meet and confer no later than **June 23, 2020** pursuant to Local Rule 7-3.

Unfortunately, Defendant failed to comply with Local Rule 7-3. Defendant's initial communication with respect to its Motion was on **June 24, 2020** – after the **June 23, 2020** meet and confer deadline had already passed. (Declaration of Darren Darwish ["Darwish Decl."], ¶ 2, Exh. A.)

On **June 24, 2020**, counsel for Defendant e-mailed and attached a letter to Plaintiffs' counsel to serve as their meet and confer effort. (Id.) On **June 26, 2020**, the parties scheduled a telephonic meet and confer for **Tuesday**, **June 30, 2020** at **1:30 p.m.** (Id. at ¶ 3.) The telephonic meet and confer took place on **Tuesday**, **June 30, 2020** at **1:30 p.m**. (Id.)

When a party fails to comply with Local Rule 7-3, the court can, in its discretion, refuse to consider the motion. *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1087–88 (C.D. Cal. 2015) ; *see*, *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11–0427 DOC (MLGx), 2012 WL 123146, *2 (C.D.Cal. Jan. 13, 2012) (denying a motion for summary judgment because the

2

moving party failed to comply with Local Rule 7–3); *Alcatel–Lucent USA, Inc. v. Dugdale Communications, Inc.*, No. CV 09–2140 PSG (JCx), 2009 WL 3346784, *4 (C.D.Cal. Oct. 13, 2009) ("The meet and confer requirements of Local Rule 7-3 are in place for a reason, and counsel is warned that nothing short of strict compliance with the local rules will be expected in this Court. Thus, the motion is ... denied for failure to comply with Local Rule 7–3").

Defendant's meet and confer was untimely and took place after the **June 23, 2020** deadline. (Darwish Decl., ¶ 4.) All meet and confer efforts made by Defendant's counsel occurred after the **June 23, 2020** deadline. (Id.) The first discussion regarding the substance of the Motion occurred one week after the **June 23, 2020** deadline on **June 30, 2020**, just hours before the Motion was filed. (Id. at ¶ 4-5.) Defendant failed to comply with Local Rule 7-3 and, therefore, the Motion should be denied in its entirety.

## III.   LEGAL STANDARD FOR MOTION TO DISMISS AND REQUEST FOR LEAVE TO AMEND (IF MOTION TO DISMISS IS GRANTED)

A motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the Complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

/ / /

When deciding whether to grant a motion to dismiss, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Because of the drastic nature of a motion to dismiss and the importance of safeguarding a plaintiff's right to a trial, "to affirm this type of dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985); *see also*, *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

The court must accept as true all allegations of material fact offered by the non-moving party and draw all justifiable inferences in the light most favorable to the non-moving party. *See N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In the event a complaint is deemed deficient, "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend… absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032 (9th Cir. 2015); see also Martin v. Tradewinds Beverage Co., No. CV16-9249 PSG (MRWX), 2017 WL 1712533, at *12 (C.D. Cal. Apr. 27, 2017) ("The Court… may deny leave to amend if plaintiff has repeatedly failed to cure deficiencies or if amendment would be futile.").

If the Court dismisses a claim, it must decide whether to grant leave to amend. In keeping with this liberal pleading standard, the court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (quotation marks and citations omitted).

/ / /

1  In the event that the Court finds Plaintiffs' allegations insufficient, Plaintiffs

2  request leave to amend the First Amended Complaint.

3  **IV.   PLAINTIFFS ALLEGE SUFFICIENT FACTS ESTABLISHING A**

4  **CLAIM FOR VIOLATION OF THE UNRUH ACT**

5  **A.    Plaintiffs Allege The Wrongful And Offending Conduct**

6  **Occurred In California**

7  Defendant tenuously argues that the first cause of action for violation of the

8  Unruh Act should be dismissed as a matter of law because Plaintiffs do not allege

9  the conduct of which complained occurred in California. To support its argument,

10  Defendant *misapplies* the holdings of *Sousanis v. Northwest Airlines, Inc.* and *Keum*

11  *v. Virgin America Inc*.

12  Plaintiffs do not dispute that the Unruh Act applies to discrimination that

13  takes place within the jurisdiction of California. See Cal. Civ. Code §51; *Sousanis*

14  *v. Northwest Airlines, Inc.*, No. C-99-2994MHP, 2000 WL 34015861, at *7 (N.D.

15  Cal. Mar. 3, 2000). Plaintiffs have fulfilled such pleading requirement.

16  In *Sousanis*, the court dismissed plaintiff's claim under the Unruh Act

17  because the events giving rise occurred outside of California. *Id*. at *6. The events

18  giving rise to the action in *Sousanis* took place on the ground at the Detroit Metro

19  Airport. *Id*. at *7. The *Sousanis* court held that "[s]imply because plaintiff resides

20  in California, purchased her ticket here, and her flight originated here does not mean

21  that the California statutes she has sued under apply outside the state. The

22  Legislature did not contemplate [the Unruh Act] reaching outside of the

23  jurisdiction..." *Id*. The actions that took place while the plane was on the ground in

24  Detroit were not governed by the Unruh Act, regardless if the plane's ultimate

25  destination was California. *Id*.

26  The court in *Keum v. Virgin America Inc*., 781 F.Supp.2d 944, 955 (N.D. Cal.

27  2011) upheld the holding of *Sousanis*. The *Keum* court held that plaintiff's

28  "complaint did not allege that the events in question took place in California;

5

1    moreover, the fact that the flight was due to terminate in California is insufficient

2    to bring the entire flight under California's governance." *Id.*

3         Defendant merely regurgitates the holdings of *Sousanis* and *Keum* without

4    any real analysis of or application to the allegations presented in the First Amended

5    Complaint.

6         Here, Plaintiffs allege that the flight originated and was scheduled to depart

7    Los Angeles. (RJN, Exh. A, ¶¶ 1-2, 40.) The initial wrongful and offending conduct

8    occurred immediately when Defendant Roe 1 ("Assailant") took her seat and began

9    harassing Plaintiff John Doe 1 while the flight was still grounded in Los Angeles.

10   (Id. at ¶ 46.) In its Motion, Defendant conveniently misstates that the initial

11   complaint to Defendant by Plaintiff John Doe 2 was made 25 minutes "into their

12   flight." (Def. Motion, 12:1-2.) Instead, Plaintiffs allege that approximately 25

13   minutes after Assailant *took her seat*, Plaintiff John Doe 2 immediately went to

14   notify Defendant's flight attendant, Defendant Roe 2. (RJN, Exh. A, at ¶¶ 47-48.)

15   The first two events that took place in this action occurred immediately when

16   Assailant took her seat *and* approximately 25 minutes thereafter. Based on these

17   allegations, the parties were still within the jurisdiction of California even 25

18   minutes after Assailant *took her seat*. Unlike *Sousanis*, the wrongful conduct in this

19   matter initially took place within the jurisdiction of California and not out of state.

20   This Court is not presented with a factual situation similar to *Sousanis* or *Keum*.

21        **B.    Plaintiffs Allege Defendant Acted Intentionally**

22        In order to establish a claim for violation of the Unruh Act, a plaintiff must

23   prove that (1) defendant denied/aided or incited a denial of/discriminated or made

24   a distinction that denied full and equal accommodations, advantages, facilities,

25   privileges, and/or services to plaintiff; (2) that a substantial motivating reason for

26   defendant's conduct was its perception of plaintiff's sex, race, color, religion,

27   genetic information, or other actionable characteristic; (3) that plaintiff was harmed;

28   and (4) that defendant's conduct was a substantial factor in causing plaintiff's harm.

1    See Judicial Council of Cal. Civil Jury Instruction ("CACI") 3060.

2         Defendant argues that Plaintiffs' cause of action for violation of the Unruh
3    Act fails to allege sufficient facts. Defendants focuses on one word, "unwittingly,"
4    in an effort to distract this Court from the totality of Plaintiffs sufficiently pled
5    allegations. The term "unwittingly" modifies "overlooked" in the sentence being
6    scrutinized by Defendants. Defendant conveniently fails to include the entirety of
7    the allegation whereby Plaintiffs allege that Defendant "disregarded, ignored, and
8    took for granted the fact that sexual assaults and harassment can occur to young
9    African American males." (RJN, Exh. A, ¶ 66.)

10         Plaintiffs allege that Defendant denied Plaintiffs "full and equal
11   accommodations, advantages, facilities, privileges, or services because of their
12   gender, age, and race, by allowing [Assailant] unfettered ability to sexually abuse
13   and harass [Plaintiffs] . . . by *actively ignoring* [Plaintiffs'] complaints . . . ." (Id. at
14   ¶ 64, emphasis added.) The First Amended Complaint specifically states that
15   Defendant (and its flight attendants, Defendants Roe 2 and Roe 3) "had actual notice
16   of [Assailant's] wrongful conduct and *chose to ignore* [Plaintiffs'] pleas for help
17   during the [flight]." (Id., emphasis added.) Further, Plaintiffs allege such wrongful
18   conduct by Defendant (and its flight attendants, Defendants Roe 2 and Roe 3) was
19   substantially motivated by Plaintiffs' gender, age, and race. (Id. at ¶ 66.) The
20   phrases "actively ignoring" and "chose to ignore" describes Defendant's (and its
21   flight attendants, Defendants Roe 2 and Roe 3) specific wrongful conduct and is
22   synonymous with purposeful, deliberate, and intentional actions and inactions by
23   Defendants.

24         Plaintiffs have properly pled sufficient facts to support its claim for violation
25   of the Unruh Act against Defendant.

26   / / /

27   / / /

28   / / /

**C.   Because The Cause Of Action For Violation Of The Unruh Act Is Sufficiently Pled, Plaintiffs' Claims For Treble Damages And Attorneys' Fees Should Not Be Stricken**

As detailed and discussed above, Plaintiffs' cause of action for violation of the Unruh Act is sufficiently pled and, therefore, should not be dismissed. Because the Unruh Act claim satisfies the applicable pleading standards, Plaintiffs are entitled to pray for statutory damages of at least $4,000, treble damages, and attorneys' fees under Civil Code section 52(a).

**D.   Defendant Failed To Properly And Thoroughly Meet And Confer**

Notwithstanding the fact that Defendant failed to timely meet and confer prior to filing its Motion pursuant to Local Rule 7-3, Defendant omitted the issue of whether Plaintiffs alleged Defendant acted intentionally from its meet and confer correspondence of **June 24, 2020** and during the telephonic meet and confer on **June 30, 2020**. (Darwish Decl., ¶ 7.)

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the substance of the contemplated motion and any potential resolution." (Emphasis added.)

In Defendant's *untimely* meet and confer correspondence on **June 24, 2020** and during its **June 30, 2020** conference, Defendant presented only one argument as to why the cause of action for violation of the Unruh Act is not properly pled – the discrimination took place out of California's jurisdiction. (Darwish Decl., ¶ 7.) However, in its Motion, Defendant's lead argument for dismissal of the violation of Unruh Act cause of action is that Plaintiffs have not alleged Defendant acted intentionally. (Id.) Defendant further Defendant states in Section II.B.i. of its Motion that "[f]or this reason alone, the first cause of action should be dismissed." (Def. Motion, 10:21-22.)

8

1    The *untimely* telephonic meet and confer took place at **1:30 p.m.** on **June 30,**
2    **2020**, which was the same day as the deadline for Defendant to file its Motion.
3    (Darwish Decl., ¶¶ 3-4.) Approximately two (2) hours after the untimely telephonic
4    meet and confer, Defendant filed its Motion at **3:38 p.m.** (Id. at ¶ 5.) Undoubtedly
5    Defendant's Motion had been researched, prepared, and drafted prior to the **June**
6    **30, 2020** telephonic meet and confer. Defendant knew its arguments in the Motion
7    yet failed to thoroughly meet and confer and discuss all issues of its Motion.

8    Defendant's did not take the meet and confer process seriously. Local Rule
9    7-3 was established for counsel to attempt to thoroughly discuss the substance of a
10   contemplated motion and any potential resolution. Defendant did not do this and,
11   as a result, wasted the time and resources of this Court. Such gamesmanship has no
12   place in this Court nor any other court.

13   **V.    PLAINTIFFS SUFFICIENTLY PLED A CAUSE OF ACTION FOR**
14   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
15   **AGAINST ALL DEFENDANTS**

16   The elements for intentional infliction of emotional distress in California
17   include: "1) extreme and outrageous conduct by the defendant with the intention
18   of causing, or *reckless disregard of the probability of causing*, emotional distress;
19   2) the plaintiff's suffering severe or extreme emotional distress; and 3) actual and
20   proximate causation of the emotional distress by the defendant's outrageous
21   conduct." *Dalkilic v. Titan Corp.*, 516 F.Supp.2d 1177, 1188 (S.D.Cal. 2007)
22   (emphasis added).

23   Plaintiffs concur with Defendant that severe emotional distress is *not trivial*
24   or *transitory. Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970)
25   (emphasis added). Plaintiffs even concur that "[s]evere emotional distress means
26   'emotional distress of such substantial quality or enduring quality that no
27   reasonable [person] in civilized society should be expected to endure it." *Potter*
28   *v. Firestone Tire & Rubber Co,* 6 Cal.4th 965, 1004 (1993). The true distinction

9

between the parties lies in their characterization of the distress Plaintiffs suffered on United Flight #415.

Defendant provides an inaccurate depiction of the events which occurred on United Flight #415. Defendant attempts to describe a situation in which multiple complaints were made in succession to which their personnel (Defendants Roes 2 and 3) reacted by moving the Assailant to another seat on the plane. (Def. Motion, 13:16-21.) However, Defendant's motion fails to bring to the Court's attention the background and circumstances prior to Defendants Roes 2 and 3 ultimately taking delayed action by removing the Assailant.

Plaintiffs made three complaints to the appropriate authority figures on the flight, Defendant Roes 2 and 3, before the Assailant was ultimately moved. (RJN, Exh. A, ¶¶ 48-50, 52.) These three complaints were in regards to several instances of harassment and assault; yet, there were two additional instances of harassment and assault – one which was witnessed by Defendant Roe 3, and the other which occurred while Plaintiff John Doe 1 was making the third complaint to Defendant Roe 2. (Id. at ¶¶ 51, 54.)

Defendant's Motion inaccurately depicts a situation in which two complaints were made and a warning was given. (Def. Motion, 13:18-19.) This depiction of events intentionally does not include that the warning was given *after* Defendant Roe 3 *witnessed* what was the third instance of harassment and assault. (RJN, Exh. A, ¶ 51.) Defendant further indicates that after a third complaint, Defendant Roe 2 moved the Assailant to a different row and that this "protected Plaintiffs from any further harassment by Roe 1." (Def. Motion, 13:19-23.) Once again, Defendant's Motion fails to provide important context, specifically, that there had been a fourth instance of harassment and assault prior to the third complaint, and that during the time of the third complaint a fifth instance of harassment and assault occurred. (RJN, Exh. A, ¶¶ 52-54.)

/ / /

1   **A.     Plaintiffs' First Amended Complaint Sufficiently Pleads**

2   **Extreme And Outrageous Conduct**

3          Plaintiffs bring the Court's attention to this course of events to show the

4   *reckless disregard of the probability of causing emotional distress* exhibited by

5   Defendants when Defendant Roe 2 failed to respond to Plaintiff John Doe 2's

6   initial complaint allowing a second instance of harassment and assault; when

7   Defendant Roe 2 failed to respond to Plaintiff John Doe 2's second complaint

8   which allowed a third instance of harassment and assault; when Defendant Roe 3

9   chose to simply provide a verbal warning to Assailant upon *witnessing* Assailant's

10  third instance of harassment and assault targeted at Plaintiff John Doe 1 – for

11  which Plaintiff John Doe 2 was present and witnessed – ultimately allowing the

12  final instances of harassment and assault directed at Plaintiffs to occur.

13         Plaintiffs reiterate these allegations to provide an accurate context for the

14  actions and inactions of Defendants Roes 2 and 3, which formed the basis of

15  Plaintiffs' cause of action for Intentional Infliction of Emotion Distress.

16  Unfortunately, once again Defendant's Motion attempts to distract this Court by

17  focusing on one word ("idly") and misrepresenting the context in which that term

18  is used. (Def. Motion, 13:24-25.) Defendant's Motion ignores the entirety of that

19  particular paragraph, one of eleven paragraphs, included in Plaintiffs' cause of

20  action for Intentional Infliction of Emotional Distress, the first of which re-alleges

21  and incorporates the prior allegations. Plaintiffs' First Amended Complaint

22  alleges that a reasonable person would not expect or tolerate Defendants' inability

23  to supervise and stop passengers from committing sexual assaults when provided

24  with actual notice of said assaults. (RJN, Exh. A, ¶¶ 91-92, 94.) Defendants

25  ignored these complaints, sat "idly," and as discussed above, allowed Assailant

26  to continue her assaults on Plaintiffs which is not something that a reasonable

27  person would except to occur on a flight. (Id.)

28  / / /

"Behavior may be considered outrageous if the defendant "'(1) *abuses a relation or position which gives him power to damage the plaintiff's interest*…or (3) *acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress*.'" *Chaconas v. JP Morgan Chase Bank*, 713 F.Supp.2d 1180, 1187-1188 (2010). In *Chaconas*, the court indicated that debt collectors had "been recognized as holding a special position of authority over debtors which can contribute to the outrageousness of their conduct." *Id*. at 1188. Here, Defendant held a similar position of authority over Plaintiffs and their fellow passengers. Thus, the conduct of Defendants Roes 2 and 3 must be taken in consideration with their position of authority over Plaintiffs and the Assailant. (RJN, Exh. A, ¶¶ 32-39, 93-94)

Given the prevalent nature of sexual assaults on aircraft (Id. at ¶¶ 21-31) and Defendant's duty to protect its passengers and authoritative role on the aircraft (Id. at ¶¶ 32-39, 93-94), it is evident Defendant Roe 3's "warning" after several instances of harassment and assault was extreme and outrageous when coupled with Defendant Roe 2's repeated inactions to address the multiple complaints received. Defendants Roes 2 and 3's conduct occurred with a clear reckless disregard of the probability of causing Plaintiffs' emotional distress at the hands of the Assailant. Given the standard applied to a motion to dismiss, these assertions taken as true clearly satisfy outrageous and extreme conduct which recklessly disregarded of the probability of causing emotional distress. These allegations together with Defendants Roe 2 and 3's conduct *should* be construed as to exceed all bounds of that usually tolerated in a civilized community. Those in a position of authority should be expected to protect those under their charge. What is more, Defendant is a common carrier and owes an even greater duty to Plaintiffs. Conduct which allows for continued verbal, physical, and sexual harassment and assault of those under one's care *is* extreme and outrageous.

**B.** **Plaintiffs Pled Sufficient Facts Supporting Their Claim For Emotional Distress**

Defendant's Motion diminishes and reduces the type and extent of emotional distress Plaintiffs' suffered. Defendant's Motion simply asserts that such pleading is insufficient without much analysis, and once again simply cites *Lawler vs. Montblanc North America, LLC*, 704 F.3d 1235 (2013) and misapplies the holding to a matter that is substantively different. In *Lawler*, the court dealt with a summary judgment order involving emotional distress resulting from wrongful termination. The standard for what is sufficient for a motion for summary judgment and what is sufficient at the pleading stage are very different, i.e. there is testimony and evidence presented in support of a summary judgement which had already been obtained through discovery. This must be taken into consideration when analyzing and determine the applicability and what level of authority of *Lawler* has to the current matter. Pursuant to Federal Rules of Civil Procedure Rule 8(a), Plaintiffs have provided a "short and plain statement" of Plaintiffs' emotional distress as pled in Paragraphs 96 and 98 of the First Amended Complaint.

**C.** **Plaintiffs Have Pled Facts Sufficient To Support A Claim For Punitive Damages Against Defendant**

Defendant argues Plaintiffs' claim for punitive damages should be dismissed because Plaintiffs have not alleged sufficient facts. Defendant is wrong and misapplies the law.

Under California law, a court may award punitive damages when a defendant "has been [found] guilty of oppression, fraud, or malice." Cal. Civ. Code §3294. California courts have required plaintiffs seeking punitive damages to allege specific evidentiary facts to support allegations of malice, oppression, or fraudulent intent. *See, e.g.*, *Smith v. Superior Court*, 10 Cal. App.4th 1033 (1992); *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22 (1975).

However, Federal Rules of Civil Procedure Rule 9(b) provides, "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Although Defendant properly cites that Cal. Civ. Code §3294 provides the governing substantive law for punitive damages, the Federal Rules of Civil Procedure govern the Court's determination regarding the adequacy of the pleadings. *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000). Therefore, a plaintiff's prayer for relief may rest on unsupported and conclusory averments of malice or fraudulent intent. *Id.* at 1019; *See also Clark v. State Farm Mutual Automobile Ins. Co*., 231 F.R.D. 405 (C.D. Cal. 2005) (holding that bare allegations of oppression, fraud or malice were sufficient and denying motion to strike punitive damage allegations). Thus, "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice and fraudulent intent." *Clark v. Allstate,* at 1019.

Plaintiffs allege that Defendants (the cause of action is as to all relevant Defendants) "acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and oppression under Civil Code section 3294." (RJN, Exh. A, ¶ 99.) The First Amended Complaint complies with Federal Rules of Civil Procedure Rules 8 and 9 because it clearly requests punitive damages and makes assertions of intentional and malicious conduct on the part of Defendant. Whether Defendant's actions actually rise to the level of morally culpable conduct justifying punitive damages is not for the Court to resolve in a Motion to Dismiss.

### D.   Defendant Failed To Timely And Sufficiently Meet And Confer As To Plaintiffs' Fifth Cause Of Action

Defendant's *untimely* meet and confers failed to specifically address the issues with Plaintiffs' cause of action for Intentional Infliction of Emotion Distress, which were raised in Defendant's Motion, and thus failed to meet the

1   requirements and purpose of Local Rule 7-3. (Darwish Decl., ¶ 7.) As reflected

2   in the **June 24, 2020** meet and confer letter, Defendant used cursory language to

3   indicate that Plaintiffs' fifth cause of action was insufficiently pled. (Id. at ¶ 2,

4   Exh. A.) No details as to the particular shortcoming or insufficiency were

5   provided to Plaintiffs, only simple conclusory statements referencing the first two

6   elements of the particular cause of action. (Id.)

7   **VI.   CONCLUSION**

8         Based on the foregoing, Defendant failed to comply with Local Rule 7-3 and

9   did not timely meet and confer prior to filing its Motion. For this reason alone,

10  Defendant's Motion should be denied outright.

11        Should this Court consider Defendant's Motion and waive the meet and

12  confer requirement, Defendant's Motion should be denied as the allegations and

13  causes of action in First Amended Complaint are sufficiently pled. Plaintiffs

14  establish sufficient facts to state a claim for violation of Unruh Act and Intentional

15  Infliction of Emotional Distress. Thus, Plaintiffs' claim and prayer for punitive

16  damages, treble damages, and attorneys' fees should not be dismissed as Plaintiffs

17  allege sufficient facts to support those damages, and the causes of action on which

18  they are predicated are sufficiently pled. As such, Defendant's Motion to Dismiss

19  should be denied in its entirety.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    Alternatively, to the extent the Motion to Dismiss is granted, Plaintiffs
2    respectfully request leave to amend.

3

4    Dated: July 14, 2020              **THE DARWISH LAW FIRM, APC**

5

6                                      By:  */s/ Darren D. Darwish*
7                                           Darren D. Darwish, Esq.
                                            Attorneys for Plaintiffs
8                                           JOHN DOE 1 and JOHN DOE 2
9

10
     Dated: July 14, 2020              **AZIZIAN LAW, P.C.**
11

12

13                                     By:  */s/ Benjamin A. Azizian*
14                                          Benjamin A. Azizian, Esq.
                                            Attorneys for Plaintiffs
15                                          JOHN DOE 1 and JOHN DOE 2

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT