Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
12301 Wilshire Blvd., Suite 520
Los Angeles, CA 90025
Telephone:   (424) 369-5353
Facsimile:   (424) 369-5356
Email:       darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
3450 Wilshire Blvd, Suite 304
Los Angeles, CA 90010
Telephone:   (888) 914-6670
Facsimile:   (888) 914-8322
Email:       benji@azizianlaw.com

Attorneys for Plaintiffs,
JOHN DOE 1 and JOHN DOE 2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED AIRLINES, INC., an Illinois Corporation; ROE 1, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive,<br><br>　　　Defendants. | Case No.: 2:20-cv-05554-RSWL-AGR<br><br>**DECLARATION OF DARREN DARWISH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: August 4, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD<br><br>Complaint Filed: May 18, 2020<br>FAC Filed: May 20, 2020 |

**DECLARATION OF DARREN DARWISH**

I, Darren Darwish, declare as follows:

1. I am an attorney admitted to practice in the State of California and I am the managing attorney of The Darwish Law Firm, APC, co-counsel of record for Plaintiffs John Doe 1 and John Doe 2. The following facts and circumstances are personally known to me or based upon information and belief, and if called as a witness, I could and would competently testify thereto.

2. On June 24, 2020, counsel for Defendant sent an e-mail to myself and my co-counsel, Benjamin Azizian, attaching a meet and confer letter dated June 24, 2020. Attached hereto as Exhibit "A" is a true and correct copy of the June 24, 2020 e-mail and meet and confer letter.

3. Per the request of Defendant's counsel, on June 26, 2020, counsel for the parties scheduled a telephonic meet and confer for Tuesday, June 30, 2020 at 1:30 p.m. The telephonic meet and confer took place on Tuesday, June 30, 2020 at 1:30 p.m. I participated in the telephonic meet and confer on Tuesday, June 30, 2020 at approximately 1:30 p.m. along with my co-counsel, Benjamin Azizian, and Defendant's counsel, Todd Worthe and Mackenzie C. Foellmer.

4. Defendant's deadline to meet and confer was June 23, 2020. All meet and confer efforts made by Defendant's counsel occurred after the June 23, 2020 deadline. The first discussion regarding the substance of the Motion occurred one week after the June 23, 2020 deadline on June 30, 2020, just hours before the Motion was filed.

5. Approximately two (2) hours after the untimely telephonic meet and confer on June 30, 2020, Defendant filed its Motion at 3:38 p.m. Attached hereto as Exhibit "B" is a true and correct copy of the Notice of Electronic Filing e-mail that I received regarding the Motion and associated documents filed by Defendant.

6. Following the untimely telephonic meet and confer, I sent an e-mail to Defendant's counsel memorialize the meet and confer conference. Attached hereto

as Exhibit "C" is a true and correct copy of my e-mail correspondence of June 30, 2020 and Mr. Worthe's reply.

7. Defendant's meet and confer omitted and failed to address certain issues argued that were argued in Defendant's Motion. Defendant omitted the issue of whether Plaintiffs alleged Defendant acted intentionally from its meet and confer correspondence of June 24, 2020 and during the telephonic meet and confer on June 30, 2020. In both of the meet and confers, Defendant presented only one argument as to why the cause of action for violation of the Unruh Act is not properly pled – the discrimination took place out of California's jurisdiction. However, in its Motion, Defendant's lead argument for dismissal of the violation of Unruh Act cause of action is that Plaintiffs have not alleged Defendant acted intentionally. Defendant also omitted key issues with respect to the cause of action for intentional infliction of emotional distress and failed to address the issue of the prayer for declaratory and injunctive relief.

I declare under penalty of perjury pursuant to the law of the State of California that the foregoing is true and correct.

Executed this 14th day of July 2020 at Los Angeles, California.

*/s/ Darren Darwish*
Darren Darwish, Esq.

# EXHIBIT A

| | |
|---|---|
| **From:** | Gina Fisher |
| **To:** | Darren Darwish; benji@azizianlaw.com |
| **Cc:** | Todd Worthe; Mackenzie Foellmer |
| **Subject:** | John Doe 1; John Doe 2 v. United Airlines, Inc., et al. - 6/24/2020 Correspondence Attached |
| **Date:** | Wednesday, June 24, 2020 10:47:40 AM |
| **Attachments:** | 06 24 2020.pdf |

Messrs. Darwish and Azizian:

Attached please find our Meet and Confer correspondence dated today's date of June 24, 2020.

Thank you,

Gina M. Fisher, Legal Assistant
gfisher@whwlawcorp.com



Tower 1851
1851 East First Street, Suite 400
Santa Ana, CA 92705
(714) 285-9600
(714) 285-9700

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

JOHN R. HANSON*
TODD C. WORTHE
MACKENZIE C. FOELLMER
JACQUELINE D. DEWARR

TOWER 1851
1851 EAST FIRST STREET
STE. 400
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
WWW.WHWLAWCORP.COM

JEFFREY A. WORTHE
OF COUNSEL

*ALSO LICENSED IN THE
STATE OF NEVADA

JUNE 24, 2020

FILE NO. 88666

Darren D. Darwish
The Darwish Law Firm, APC
12301 Wilshire Blvd., Suite 520
Los Angeles, CA 90025
darren@darwishfirm.com

Benjamin A. Azizian
Azizian Law, P.C.
3450 Wilshire Blvd., Suite 304
Los Angeles, CA 90010
benji@azizianlaw.com

Re: *John Doe v. United Airlines, Inc.*

Dear Counsel:

Our firm represents United Airlines, Inc. in the above-referenced matter. Please allow this to serve as our meet and confer effort pursuant to Central District Local Rule 7-3. We intend to file a *Federal Rule of Civil Procedure* 12(b)(6) motion to dismiss portions of Plaintiffs' Complaint.

The first cause of action for violation of the Unruh Act is not properly plead because the Unruh Act only applies to discrimination that takes place within California's jurisdiction. *Sousanis v. Northwest Airlines, Inc.* 2000 WL 344015861, at 7 (N.D. Cal.) Plaintiffs allegations are that the discrimination took place during the flight and the aircraft was out of California's jurisdiction.

The fourth cause of action for intentional infliction of emotional distress also is not sufficiently plead because it does not plead facts showing United's intent and that the conduct was extreme and outrageous. Additionally, the Complaint does not contain sufficient facts showing Plaintiffs' suffered extreme or severe emotional distress.

WORTHE HANSON & WORTHE
A LAW CORPORATION

June 24, 2020
Page 2

The cause of action entitled negligent infliction of emotional distress is improper because it is not an independent tort or separate cause of action. *Catsoura v. Dep't of California Highway Patrol*, 181 Cal.App.4th 856, 876 (2010).

The cause of action for negligent hiring, retention and training also is not sufficiently plead because the cause of action is preempted. Based on the scope of the Federal Aviation Act of 1958 (49 U.S.C. 40103) ("the Act") and the pervasive regulations enacted by the Federal Aviation Administration in support of the Act, it is apparent Congress intended to occupy the entire field of aviation safety. *Montalvo v. Spirit Airlines, Inc.* (9th Cir. 2007) 508 F.3d 464, 471. Here, 14 CFR §121.392 regulates flight attendants' training. Since flight attendant training and duties are pervasively regulated by the FAA, the state law standard of care is preempted. Plaintiffs fail to allege that the United did not comply with federal regulations when it hired and trained the flight attendants, so the cause of action fails as a matter of law.

Since the cause of action for violation of the Unruh Act is not properly plead, Plaintiffs are not entitled to treble damages and attorneys' fees. Finally, the claim for punitive damages is not properly plead against a corporation. Plaintiffs do not allege sufficient facts that an officer, managing agent or supervisor had advance knowledge of the unfitness of an employee. *Civil Code* §3294. Please let me know when you are available to discuss this matter and if Plaintiffs are willing to amend the Complaint to dismiss the causes of action and damages addressed above. Of course if you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

WORTHE HANSON & WORTHE

By: [signature]

TODD C. WORTHE

# EXHIBIT B

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:20-cv-05554-RSWL-AGR John Doe 1 et al v. United Airlines, Inc. et al Motion to Dismiss (cause or other) |
| **Date:** | Tuesday, June 30, 2020 3:39:42 PM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Worthe, Todd on 6/30/2020 at 3:38 PM PDT and filed on 6/30/2020

**Case Name:**       John Doe 1 et al v. United Airlines, Inc. et al
**Case Number:**    2:20-cv-05554-RSWL-AGR
**Filer:**           United Airlines, Inc.
**Document Number:** 7

**Docket Text:**
NOTICE OF MOTION AND MOTION to Dismiss Portions of Plaintiffs' First Amended Complaint filed by defendant United Airlines, Inc.. Motion set for hearing on 8/4/2020 at 10:00 AM before Judge Ronald S.W. Lew. (Attachments: # (1) Exhibit A to Motion to Dismiss, # (2) Proposed Order, # (3) Proof of Service of Motion to Dismiss) (Worthe, Todd)


**2:20-cv-05554-RSWL-AGR Notice has been electronically mailed to:**

Benjamin Abraham Azizian     benji@azizianlaw.com

Darren David Darwish     darren@darwishfirm.com

Mackenzie Cass Foellmer     mfoellmer@whwlawcorp.com

Todd Christopher Worthe     tworthe@whwlawcorp.com, gfisher@whwlawcorp.com, mrigley@whwlawcorp.com

**2:20-cv-05554-RSWL-AGR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Motion to Dismiss 2 (JN Edits) gmf1.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/30/2020] [FileNumber=30079574-0
] [1f52c6ed864c993c4d09d2843f0dde3c94027dbfc81e3550685f597f69a46ce6082
ad93cb03df2ded529ed0d080e6b9e9cfa2f50de209202d7ef05d9e9087135]]
**Document description:** Exhibit A to Motion to Dismiss
**Original filename:** C:\fakepath\ex a fac.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/30/2020] [FileNumber=30079574-1
] [917dcdf856c29a0b9072074470abd4706bcaba0dc3543662202b17933ed41f2e8da
937ae6b13d87d7764a83ca8df319b5097a47d1ba21eda3449d82c194922a7]]
**Document description:** Proposed Order
**Original filename:** C:\fakepath\Motion to Dismiss Proposed Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/30/2020] [FileNumber=30079574-2
] [446ed6534dabffb55d6bd40ad4cf082768431c1d25b85487ddf2871201efbf7f07f
b8fdf9a12de552fd40f2ea1a1457004aea92eb9aea095fdcca7046860d76a]]
**Document description:** Proof of Service of Motion to Dismiss
**Original filename:** C:\fakepath\PROOF OF SERVICE re MTN TO DISMISS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/30/2020] [FileNumber=30079574-3
] [b9a7ea899a7553f2a4f6ba49200acf133da7aabc90ca53c2a1e8fd9c76511eb0f48
f91a4d3370a21f452d657324661be7a59f8fbc2847546f98d19cdbe97e78f]]

# EXHIBIT C

| | |
|---|---|
| **From:** | Todd Worthe |
| **To:** | Darren Darwish; Mackenzie Foellmer |
| **Cc:** | benji@azizianlaw.com |
| **Subject:** | RE: Doe v. United, et al. |
| **Date:** | Tuesday, June 30, 2020 4:55:21 PM |
| **Attachments:** | image001.png |

Hi Darren:

All good with the exception of the proposed Errata.  We disagree that a mistake was made. The Removal was based upon the deadline imposed for "receipt of the first piece of paper;" i.e. the Original Complaint. We agree to take it up the chain to alleviate your client's concerns over privacy and will address in writing.  Does the first amended complaint make reference to his NFL status?  I forget.

Todd

**From:** Darren Darwish [mailto:darren@darwishfirm.com]
**Sent:** Tuesday, June 30, 2020 3:38 PM
**To:** Todd Worthe <tworthe@whwlawcorp.com>; Mackenzie Foellmer <mfoellmer@whwlawcorp.com>
**Cc:** benji@azizianlaw.com
**Subject:** Doe v. United, et al.

Todd and Mackenzie:

It was a pleasure speaking with you both. This email memorializes today's telephonic meet and confer.

**Defendant's 12 (b)(6) Motion to Dismiss:**

- Unruh Act – parties met and conferred in accordance with LR 7-3. Parties were unable to reach a resolution that would have eliminated the necessity for a motion/hearing. Defendant intends to file its motion to dismiss based on its arguments set forth in its June 24, 2020 meet and confer letter.
- Intention Infliction of Emotional Distress - parties met and conferred in accordance with LR 7-3. Parties were unable to reach a resolution that would have eliminated the necessity for a hearing. Defendant intends to file its motion to dismiss based on its arguments set forth in its June 24, 2020 meet and confer letter.
- Negligent Infliction of Emotional Distress – parties met and conferred in accordance with LR 7-3. Parties were unable to reach a resolution that would have eliminated the necessity for a hearing. Defendant intends to file its motion to dismiss based on its arguments set forth in its June 24, 2020 meet and confer letter. Plaintiffs, however, did explain that they *may* concede

to Defendant's arguments re the NIED claim to be briefed in its motion to dismiss.
- <u>Negligent Hiring, Training, Supervision, and Retention</u> – you both represented to us that you will not bring a 12(b)(6) motion to dismiss with respect to the claim for Negligent Hiring, Training, Supervision, and Retention.

**Notice of Errata:**

Benji sent a separate email requesting that you file an errata correcting the mistake in your removal papers regarding the residence of John Doe 1. John Doe 1's residence was corrected in the First Amended Complaint, which is the operative complaint. We request that an errata be filed so that all the information provided to the court is accurate and up to date, as these filings are all public records and we don't want any misleading or incorrect information being made public. Additionally, this correction will not affect the current diversity of citizenship argument for the basis of your removal. You agreed and will recommend the errata to your client. You will follow-up with us once you have spoken to your client. From a timing perspective, you anticipate the errata to be filed after your motion to dismiss.

**Rule 26 Conference:**

We will await the court's scheduling order with respect to deadlines; however, parties will continue to fulfill their meet and confer obligations to help move this matter forward.

**Identities of Roe Defendant:**

You acknowledged that the identifies of the Roe Defendants will be disclosed and provided. You indicated that you may also be able to accept/acknowledge service on behalf of the Roe flight attendants.

Plaintiffs will request leave at hearing of motion to dismiss depending on outcome or will separately request that parties stipulate to allow Plaintiffs leave to allege negligence against Roe 1 (the assailant). We are confirming your agreement as to leave to amend to allege negligence against Roe 1.

If you disagree with anything above, please let us know.

Have a great week.

Best,
D

Darren D. Darwish, Esq.
Founding President and Managing Attorney
Justice For The Little Guy™



12301 Wilshire Boulevard
Suite 520
Los Angeles, CA 90025
Telephone: (424) 369-5353
Facsimilie: (424) 369-5356
darren@darwishfirm.com
www.darwishfirm.com

**Due to State of California/LA County Safer At Home Order for Control of COVID-19, our offices are closed. We have implemented work from home protocol for next few weeks through at least April 19th, in coordination with the above order.**

**Until further notice, and due to the Governor's Safer at Home Order regarding growing concerns surrounding the COVID-19 outbreak, our office will be operating largely on a remote basis. Because we will not be physically fully staffed in our office, we anticipate delays in processing mail while we work to mitigate the spread of COVID-19.  During this time, we request that all matters include service via email to darren@darwishfirm.com or fax to 424-369-5356 to ensure a proper and timely response.**

**Confidentiality Notice:** This email is subject to provisions of the Electronic Communications Privacy Act, Title 18 U.S.C. §§ 2510-2521 and the information contained herein and any accompanying attachment(s) are also subject to the attorney-client privilege and attorney work-product doctrine, and include confidential and privileged matters intended only for the use of the recipient to whom this email message is addressed. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this e-mail message in error, please immediately notify the sender by return mail, and delete the original message and destroy all copies from your system, also notify the sender immediately by telephone at **(424) 369-5353** or e-mail and destroy the original message without making a copy. Please Note that (1) E-mail communication is not a secure method of communication; (2) Any e-mail sent to you by this firm, or by you to this firm, may be copied and held by various unauthorized computers as the communication is transmitted; and (3) Persons not participating in our communication may intercept our communications by improperly accessing your computer or the computers of The Darwish Law Firm, APC., or even a computer unconnected to either of us. If you subsequently elect not to receive future communications from my office via e-mail, please immediately notify me at the number above.