1   Darren D. Darwish, Esq. (SBN 305797)
2   **THE DARWISH LAW FIRM, APC**
    12301 Wilshire Blvd., Suite 520
3   Los Angeles, CA 90025
4   Telephone:  (424) 369-5353
    Facsimile:  (424) 369-5356
5   Email:       darren@darwishfirm.com

6
    Benjamin A. Azizian, Esq. (SBN 298987)
7   **AZIZIAN LAW, P.C.**
8   3450 Wilshire Blvd, Suite 304
    Los Angeles, CA 90010
9   Telephone:  (888) 914-6670
    Facsimile:  (888) 914-8322
10  Email:       benji@azizianlaw.com

11
    Attorneys for Plaintiffs,
12  JOHN DOE 1 and JOHN DOE 2

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

17  JOHN DOE 1, an individual; and JOHN     Case No.: 2:20-cv-05554-RSWL-AGR
18  DOE 2, an individual,
                                            **REQUEST FOR JUDICIAL**
19          Plaintiffs,                     **NOTICE IN SUPPORT OF**
                                            **PLAINTIFFS' OPPOSITION TO**
20              v.                          **DEFENDANT UNITED AIRLINES,**
                                            **INC.'S MOTION TO DISMISS**
21                                          **PORTIONS OF PLAINTIFFS'**
22  UNITED AIRLINES, INC., an Illinois      **FIRST AMENDED COMPLAINT**
    Corporation; ROE 1, an individual; ROE
23  2, an individual; ROE 3, an individual;  Date: August 4, 2020
24  and ROES 4 through 50, inclusive,        Time: 10:00 a.m.
                                            Crtrm: TBD
25          Defendants.
26                                          Complaint Filed: May 18, 2020
27                                          FAC Filed: May 20, 2020

28

i

REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED
AIRLINES, INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FAC

1
2
**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3
4
5
6
7
Plaintiffs John Doe 1 and John Doe 2 (collectively, "Plaintiffs") hereby request, pursuant to Federal Rules of Evidence Rule 201, that the Court take judicial notice of the following documents in support of Plaintiffs' Opposition to Defendant United Airlines, Inc.'s Motion to Dismiss Portions of Plaintiffs' First Amended Complaint:

8
9
10
11
1.      Exhibit "A" to this Request for Judicial Notice is a true and correct copy of Plaintiffs' First Amended Complaint filed on May 20, 2020, in the matter entitled *John Doe 1, et al. v. United Airlines, Inc., et al.*, Los Angeles Superior Court Case No. 20STCV18888.

12
13
14
15
2.      Exhibit "B" to this Request for Judicial Notice is a true and correct copy of Plaintiffs' Proof of Service of Summons filed on May 29, 2020, in the matter entitled *John Doe 1, et al. v. United Airlines, Inc., et al.*, Los Angeles Superior Court Case No. 20STCV18888.

16
17
18
3.      Exhibit "C" to this Request for Judicial Notice is a true and correct copy Defendant's Notice of Removal filed on June 23, 2020, in the above-captioned matter.[1]

19
20
21
22
When ruling on a 12(b)(6) motion, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986).

23
24
25
Under Federal Rule of Evidence Rule 201, judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready

26
27
28
---
[1] Defendant's Notice of Removal incorrectly references the resident city and county of Plaintiff John Doe 1. Plaintiffs redacted the incorrect portion of the Notice of Removal. As alleged in Plaintiffs' First Amended Complaint, Plaintiff John Doe 1's residence is County of Essex, State of New Jersey.

1

REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FAC

1   determination by resort to sources whose accuracy cannot reasonably be questioned.

2   *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005); Fed. R.

3   Evid. 201.

4        The Court may take judicial notice of the above-referenced documents

5   because they are matters of public record and can be accurately and readily

6   determined from sources whose accuracy cannot reasonably be questioned.

7

8   Dated: July 14, 2020                **THE DARWISH LAW FIRM, APC**

9

10

11                            By:  */s/ Darren D. Darwish*
                                    Darren D. Darwish, Esq.

12                                  Attorneys for Plaintiffs
                                    JOHN DOE 1 and JOHN DOE 2

13

14

15  Dated: July 14, 2020                **AZIZIAN LAW, P.C.**

16

17

18                            By:  */s/ Benjamin A. Azizian*
                                    Benjamin A. Azizian, Esq.

19                                  Attorneys for Plaintiffs
                                    JOHN DOE 1 and JOHN DOE 2

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED
AIRLINES, INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FAC

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/20/2020 12:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

Case 2:20-cv-05554-RSWL-AGR   Document 8-2   Filed 07/14/20   Page 5 of 41   Page ID #:162

Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
12301 Wilshire Blvd., Suite 520
Los Angeles, CA 90025
Telephone:      (424) 369-5353
Facsimile:       (424) 369-5356
Email:            darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
3450 Wilshire Blvd, Suite 304
Los Angeles, CA 90010
Telephone:      (888) 914-6670
Facsimile:       (888) 914-8322
Email:            benji@azizianlaw.com

Attorneys for Plaintiffs,
JOHN DOE 1 and JOHN DOE 2

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual,<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED AIRLINES, INC., an Illinois Corporation; ROE 1, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive,<br><br>       Defendants. | Case No.: 20STCV18888<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF UNRUH ACT (*CIVIL CODE* § 51)**<br>2. **SEXUAL ASSAULT;**<br>3. **SEXUAL BATTERY (*CIVIL CODE* § 1708.5);**<br>4. **BATTERY;**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>7. **NEGLIGENCE; AND**<br>8. **NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiffs JOHN DOE 1 and JOHN DOE 2, who complain and allege as follows:

**PARTIES**

1.  Plaintiff JOHN DOE 1 ("JOHN DOE 1") files this Complaint for Damages under a fictitious name to protect his identity pursuant to Government Code section 6254 and Penal Code section 293. JOHN DOE 1 is an African American male adult and professional athlete in the National Football League (NFL) residing in the County of Essex, State of New Jersey.[1] JOHN DOE 1 was sexually harassed, assaulted, abused, and violated, and verbally and physically harassed by a female passenger on a Defendant UNITED AIRLINES, INC. flight from Los Angeles International Airport (LAX) to Newark Liberty International Airport (EWR) which began on or about February 10, 2020.

2.  Plaintiff JOHN DOE 2 ("JOHN DOE 2") files this Complaint for Damages under a fictitious name to protect his identity pursuant to Government Code section 6254 and Penal Code section 293. JOHN DOE 2 is an African American male adult residing in County of Philadelphia, State of Pennsylvania. JOHN DOE 2 was sexually harassed, assaulted, abused, and violated by a passenger on a Defendant UNITED AIRLINES, INC. flight from Los Angeles International Airport (LAX) to Newark Liberty International Airport (EWR) which began on or about February 10, 2020.

3.  JOHN DOE 1 and JOHN DOE 2 are collectively referred to herein as "PLAINTIFFS."

4.  Defendant UNITED AIRLINES, INC. ("UNITED") is a major U.S. airline incorporated in Delaware and headquartered in Chicago, Illinois, and does business in the County of Los Angeles. UNITED operates a large domestic and international route network, and has several "hubs" across the U.S., including Los Angeles (LAX), the starting point of the flight at the heart of this matter.

5.  PLAINTIFFS are ignorant of the true names and capacities of their assailant, who

---

[1] PLAINTIFFS' original Complaint identified the incorrect city and county of JOHN DOE 1's residence. This First Amended Complaint, in part, corrects this clerical error.

was a female passenger on their UNITED flight, and the UNITED flight attendants. UNITED failed to cooperate and assist PLAINTIFFS, through their counsel, with evidence concerning the assault, including, but not limited to, refusing to provide PLAINTIFFS with the identities of their assailant, the flight attendants, and potential witnesses. Therefore, PLAINTIFFS sue their assailant and the UNITED flight attendants by the following fictious names (ROES 1 to 3) pursuant to California Code of Civil Procedure section 474. PLAINTIFFS will amend this Complaint to state the true names and capacities of these fictitiously named Defendants when those names are ascertained. PLAINTIFFS are informed and believe, and thereon allege, that each of the fictitiously named Defendant (ROES 1 through 3) is legally responsible in some manner for the events and damages alleged in this Complaint under the respective causes of action alleged herein.

6.      Defendant ROE 1 (referred to herein as "ROE 1" or "ASSAILANT") sexually harassed, assaulted, abused, and violated, and verbally and physically harassed JOHN DOE 1 and JOHN DOE 2 during a UNITED flight departing LAX to EWR on or about February 10, 2020. ASSAILANT is a middle-aged Caucasian female.

7.      Defendant ROE 2 (referred to herein as "ROE 2") is a male flight attendant employed by UNITED and was a flight attendant on board the UNITED flight departing LAX to EWR on or about February 10, 2020. At all relevant times herein mentioned, ROE 2 was a flight attendant, agent, and/or employee of UNITED and was acting within the course and scope of such agency and/or employment with UNITED.

8.      Defendant ROE 3 (referred to herein as "ROE 3") is a female flight attendant employed by UNITED and was a flight attendant on board the UNITED flight departing LAX to EWR on or about February 10, 2020. At all relevant times herein mentioned, ROE 3 was a flight attendant, agent, and/or employee of UNITED and was acting within the course and scope of such agency and/or employment with UNITED.

9.      ROE 2 and ROE 3 are collectively referred to herein as "FLIGHT ATTENDANTS."

10.     PLAINTIFFS do not know the true names and capacities of the Defendants sued herein as ROES 4 through 50, inclusive, and therefore sues those Defendants by fictitious names

1  pursuant to California Code of Civil Procedure section 474. PLAINTIFFS will amend this
2  Complaint to state the true names and capacities of the fictitiously named Defendants when those
3  names are ascertained. PLAINTIFFS are informed and believe, and thereon allege, that each of the
4  fictitiously named Defendant is legally responsible in some manner for the events and damages
5  alleged in this Complaint under the causes of action alleged herein.

6      11.    PLAINTIFFS are informed and believe, and thereon allege, that each of the named
7  and fictitious Defendants identified in this Complaint was the agent, servant, member, partner,
8  employee, associate, co-conspirator, co-joint venture, alter-ego of one or more of the other
9  defendants and/or was acting in the course and scope of such agency, partnership, joint venture,
10  association and/or employment when the acts giving rise to the causes of action occurred.

11      12.    UNITED, ASSAILANT, FLIGHT ATTENDANTS, and ROES 4 through 50,
12  inclusive, are collectively referred to herein as "DEFENDANTS."

13                        **NATURE OF THE ACTION**

14      13.    This is an action against DEFENDANTS arising from the sexual harassment and
15  assault of PLAINTIFFS and for the failure to have and/or follow policies and procedures to
16  prevent, report, and respond to sexual harassment and assault that occurred on a UNITED flight.

17      14.    The prevalence of passenger-on-passenger in-flight sexual assault is a well-known,
18  and growing, problem. In fact, in 2018, the FBI issued a warning – to airlines and the public at
19  large – that the number of sexual assaults reported during commercial airline flights has been
20  increasing "at an alarming rate."[2]

21      15.    UNITED, like all airlines, has an affirmative duty to aid and protect its passengers.
22  This duty includes protecting passengers from sexual assaults by fellow passengers and
23  responding properly and timely to in-flight sexual assaults that do occur.

24      16.    UNITED violated this duty by failing to implement and enforce appropriate
25  policies and procedures to prevent, or properly respond to, sexual assaults that occur on its flights;

26

27  ─────────────────────────
   [2] Javier De Diego et al., *FBI: Sexual Assaults on Flights Increasing 'At An Alarming Rate'*, CNN Politics
28  (June 20, 2018, 9:19 PM ET), https://www.cnn.com/2018/06/20/politics/fbi-airplane-sexual-assault/index.html

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

17.     As a result of these violations by UNITED and its FLIGHT ATTENDANTS, PLAINTIFFS were sexually harassed and assaulted by their fellow passenger, ASSAILANT, while they were on their UNITED flight.

18.     UNITED's failure to implement and enforce polices to prevent and timely and properly respond to in-flight sexual assault led UNITED's FLIGHTS ATTENDANTS failure to address the assaults and harassments detailed below; fail to report the assaults and harassments to the any authorities; and fail to cooperate with authorities investigating those assaults and harassments.

19.     UNITED's, including its FLIGHT ATTENDANTS and other agents and/or employees, actions and inactions were – and are – part of a pattern of behavior and a common course of conduct towards all its passengers, including PLAINTIFFS.

20.     PLAINTIFFS seek appropriate relief, including, but not limited to, compensatory damages and punitive damages, as they were unnecessarily put at risk and harmed by DEFENDANTS and UNITED's common course of misconduct.

## FACTUAL ALLEGATIONS

### A.     THE PREVALENCE OF IN-FLIGHT PASSENGER-ON-PASSENGER SEXUAL ASSAULT IS WELL-KNOWN

21.     In June 2018, the FBI issued a statement that the number of sexual assaults reported during commercial airline flights is increasing "at an alarming rate," and the number of actual cases could be much higher than those reported.[3] It was further reported that the bulk of the incidents happen on red-eye overnights, flights of three hours or more where cabin lights might be darkened, and/or instances where alcohol is being consumed.

22.     Crimes aboard aircraft fall within the FBI's jurisdiction, and the agency said its

---

[3] Id.

investigations into in-flight sexual assaults increased by 66% from fiscal year 2014 to 2017.[4]

23.     The International Air Transport Association reported 812 incidents during 2018 that were categorized as inappropriate behavior such as touching, sexual harassment, physical aggression, or indecent acts.[5]

24.     In a 2017 Association of Flight Attendants survey, 20% of flight attendants reported receiving a passenger report of in-flight sexual assault.[6]

25.     Airline passenger organization FlyersRights.org released 20 detailed passenger complaints of in-flight sexual assaults, made to the U.S. Department of Transportation, and obtained via FOIA requests. These reports also provide a sense of the scope and frequency of inflight sexual assault.[7]

26.     Various news media has been reporting on the prevalence of in-flight sexual assaults for years.[8]

27.     The FBI itself noted the similarity of these crimes: "…agents describe elements of these crimes as being strikingly similar. The attacks generally occur on long-haul flights when the cabin is dark. The victims are usually in middle or window seats, sleeping, and covered with a

---

[4] *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI News (Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618

[5] International Air Transport Association, Safety Report 2018, p. 111-112, https://libraryonline.erau.edu/online-full-text/iata-safety-reports/IATA-Safety-Report-2018.pdf.

[6] *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.

[7] https://flyersrights.org/wp-content/uploads/2018/11/DOT-Sexual-Assault-Records.pdf.

[8] *See, e.g.*, Andrew Appelbaum, *Recent In-Flight Sexual Abuse Complaints to Feds Released by Airline Passenger Group…Nothing Done?*, Flyersrights.Org (Nov. 29, 2018), https://flyersrights.org/pressrelease/recent-in-flight-sexual-abuse-complaints-to-feds-released-by-airline-passenger-group/; Nora Caplan-Bricker, *Flight Risk*, Slate (Aug. 31, 2016), https://slate.com/human-interest/2016/08/flightrisk.html; *Delta Passenger Sues Airline, Claims Crew Didn't Detain Passenger Who Sexually Assaulted Her on Flight*, FOX News (Sept. 28, 2018), https://www.foxnews.com/travel/delta-passenger-sues-airlineclaims-crew-didnt-detain-passenger-who-sexually-assaulted-her-on-flight; Allison Dvaladze, *Airline Industry Treats Sexual Assaults in the Skies Like an Inconvenience, Not a Crime*, USA Today (Apr. 1, 2019, 6:00 AM ET), https://www.usatoday.com/story/opinion/voices/2019/04/01/sexual-assault-airlineflight-elaine-chao-trump-boeing-column/3312204002/; Christopher Mele, *Sexual Assault on Flights: Experts Recommend Ways to Stay Safe and Combat It*, N.Y. Times (Mar. 23, 2019), https://www.nytimes.com/2019/03/23/travel/airline-flights-sexual-assault.html; David Oliver, *Passenger Indicted for Alleged Mid-Flight Sexual Assault of 19-Year-Old Woman*, USA Today (May 21, 2019, 9:54 AM ET), https://www.usatoday.com/story/travel/flights/2019/05/21/united-airlines-passengeralleges-sexual-assault/3751023002/.

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

blanket or jacket. They report waking up to their seatmate's hands inside their clothing or underwear."[9]

28.     The FBI also noted what should happen in response to a passenger reporting an incident to a member of the flight crew: "Flight attendants and captains represent authority on the plane…they can alert law enforcement, and they can sometimes deal with the problem in the air. The flight crew can also put the offender on notice, which might prevent further problems. If alerted in advance [by the pilot radioing ahead to the airport], FBI agents can be on hand when the plane lands to conduct interviews and take subjects into custody. FBI victim specialists can respond as well, because victims of federal crimes are entitled by law to a variety of services."[10]

29.     The media has reported about airlines in general failing to adequately respond to in-flight sexual assault, reporting that frequently: victims might be forced to stay in their assigned seat next to their assailant for the duration of the flight; no reprimand or action is taken against the assailant; law enforcement is not notified from the air so they are not there when the plane lands; the assailant is allowed to de-plane without being questioned, detained, or even identified; the victim has to wait at the gate – sometimes for hours – for the gate agents to call TSA, who usually calls the local police (not the FBI); the local police sometimes won't even take a report because in-flight assaults are not within their jurisdiction; the airline simply tells the victim to call customer service with her "complaint;" no identities (of assailant or potential witnesses) are shared with the victim or recorded; no evidence is preserved; and the victim is left to contact the FBI herself, with no evidence or identities to support her report of the crime she has suffered.[11]

30.     Eighty-six percent of flight attendants surveyed said they were uncertain of, or had no knowledge of, any policies, procedures, or even guidance from their airlines for handling

---

[9] FBI, *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI NEWS (Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618.

[10] Id.

[11] *What Happens After You're Sexually Assaulted on a Plane? Not Much*, SPLINTER (Oct. 31, 2016, 1:29 PM), https://splinternews.com/what-happens-after-youre-sexually-assaulted-on-a-plane-1793863317. The 2017 Association of Flight Attendants survey found that law enforcement (not necessarily the FBI) was contacted or met the plane less than half the time. *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

sexual assault reports.[12]

31.     UNITED, and its FLIGHT ATTENDANTS, knew – or should have known – of this growing prevalence of in-flight sexual assaults because it is widely available and known public knowledge.

**B.     <u>UNITED HAS A DUTY TO PROTECT AND AID ITS PASSENGERS</u>**

32.     As a common carrier, UNITED, including its employees, has a special heightened duty under common law to provide due care to ensure, protect, and aid in the protection of passengers' safety.

33.     Passengers entrust and have entrusted UNITED with this duty of care to ensure, protect, and aid in the protection of their safety while they are passengers on a UNITED flight.

34.     UNITED's special duty to provide due care to ensure, protect, and aid in the protection of passengers' safety includes a duty to take reasonable steps to prevent and deter inflight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of UNITED's knowledge of the growing prevalence of in-flight sexual assault.

35.     While passengers are on a plane, they have little control over their surroundings: they are in cramped quarters; they cannot leave the plane until it lands; and they cannot engage in activities such as making phone calls or easily communicating with friends, family, or police authorities in the case of an emergency.

36.     UNITED has control over passengers' surroundings and, indeed, their activities during the time they are onboard the plane.

37.     UNITED can – and does – exercise control over passengers who exhibit lewd, sexual, harassing, disruptive, violent, disorderly, or abusive behavior, reserving the right in its contract of carriage to refuse transportation to individuals who are intoxicated or under the influence of drugs, individuals who assault UNITED employees or passengers, and/or disobey flight crew instructions.[13]

---

[12] *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.
[13] United Airlines, Inc. Contract of Carriage, Rule 21(H), https://www.united.com/ual/en/us/fly/contract-of-carriage.html

38.     UNITED can – and has a duty to – implement and enforce policies and procedures to prevent and deter in-flight sexual assaults and to properly respond to those that do occur, just as it does with other forms of passenger violence and disruption.

39.     These duties extend to UNITED's employees, including FLIGHT ATTENDANTS.

**C.     ASSAILANT'S IN-FLIGHT HARASSMENT AND SEXUAL ASSAULT ON PLAINTIFFS**

40.     PLAINTIFFS and ASSAILANT were passengers on UNITED "red-eye" flight number 415 (UA415) from Los Angeles (LAX) to Newark (EWR) (referred to herein as the "FLIGHT"). The FLIGHT was scheduled to department Los Angeles at 11:15 p.m. and arrive in Newark at 7:10 a.m.

41.     PLAINTIFFS and ASSAILANT were assigned to the same row on the FLIGHT.

42.     JOHN DOE 1 was assigned seat number 39K (middle) in the economy plus exit row.

43.     JOHN DOE 2 upgraded to and was assigned seat number 39J (aisle) in the economy plus exit row.

44.     ASSAILANT was assigned seat number 39L (window) in the economy plus exit row.

45.     ASSAILANT boarded the UNITED plane after the majority of the plane had already taken their seats, including PLAINTIFFS. As ASSAILANT was finding her assigned row, PLAINTIFFS observed ASSAILANT to be disheveled and unbalanced. JOHN DOE 2 helped ASSAILANT with stowing her bag(s) in the overhead bin.

46.     As ASSAILANT took her seat, she began harassing JOHN DOE 1, who was wearing a face mask in light of the news coverage he had heard regarding the prevalence and transmission of COVID-19, amongst other germs and diseases that might be passed or circulated on an airplane. ASSAILANT began hitting JOHN DOE 1's arm and elbowing him. ASSAILANT accosted JOHN DOE 1 and told him that he was "frightening," ordered him to move to the front and use the air in the front of the plane because he was sick, and questioned why JOHN DOE 1

1    had a mask on. JOHN DOE 1 respectfully responded that he was not sick and was being proactive,

2    especially in wake of the growing COVID-19 concerns at that time.

3           47.    Thereafter, approximately 25 minutes after taking her seat, ASSAILANT was

4    observed by JOHN DOE 1 and JOHN DOE 2 taking unknown prescription medication(s). At all

5    relevant times, ASSAILANT held her prescription bottle in her hand during the FLIGHT.

6    PLAINTIFFS are informed and believe that, at all relevant times, ASSAILANT was under the

7    influence of drugs and intoxicated.

8           48.    JOHN DOE 2 immediately went to notify ROE 2, who was at a nearby service

9    station, that ASSAILANT is harassing JOHN DOE 1, cursing, and being belligerent and

10   disruptive. ROE 2 told JOHN DOE 2 that he would come to his row to check and see.

11   Unfortunately, ROE 2 never came to check on PLAINTIFFS and ignored JOHN DOE 2's

12   complaints and concerns.

13          49.    After JOHN DOE 2 took his seat, ASSAILANT continued to sexually assault and

14   abuse JOHN DOE 1, make unwanted sexual advances towards JOHN DOE 1, and engage in

15   verbal and/or physical conduct of a sexual nature towards JOHN DOE 1. ASSAILANT groped

16   and massaged JOHN DOE 1's knees and thighs. Fearful of the perception of being a male victim

17   and the racial stigma of being a young African American male, JOHN DOE 1 patiently pleaded

18   for ASSAILANT to stop and removed her hand. ASSAILANT's actions were so inappropriate

19   that JOHN DOE 2 quickly went to ROE 2 to notify him again of ASSAILANT's inappropriate

20   behavior. ROE 2

21          50.    Unfortunately, ROE 2 ignored JOHN DOE 2's second complaints and no actions

22   were taken by UNITED employees, including the FLIGHT ATTENDANTS.

23          51.    Approximately 75 minutes after the scheduled departure, ASSAILANT intensified

24   her sexual assault and abuse of JOHN DOE 1 and continued to make unwanted sexual advances

25   and engage in verbal and/or physical conduct of a sexual nature towards JOHN DOE 1.

26   ASSAILANT starred at JOHN DOE 1 while grabbing and groping his quads and then stroking

27   her hand across his lap towards the inside of his leg near his genitals. JOHN DOE 1 immediately

28   removed ASSAILANT's hand and pleaded to ROE 3, who was walking past and overheard JOHN

9

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   DOE 1 complaining. ROE 3 witnessed ASSAILANT's inappropriate conduct and simply issued

2   a verbal warning to ASSAILANT. No further action was taken at that time by either ROE 2 or

3   ROE 3.

4       52.    After ASSAILANT turned away towards the window, JOHN DOE 1 believed he

5   was finally able to rest. Unfortunately, ASSAILANT put her hand through JOHN DOE 1's jacket

6   and caressed his chest and pecs working her way up to his face. While touching JOHN DOE 1's

7   face, ASSAILANT grabbed JOHN DOE 1's penis and ripped off his face mask. JOHN DOE 1

8   jumped up from his seat and complained in front of the entire plane that ASSAILANT is "touching

9   me." JOHN DOE 1, embarrassed and uncomfortable, rushed to notify ROE 2, who at the time

10   was in the rear of the plane.

11       53.    While JOHN DOE 1 went to go notify ROE 2, ASSAILANT moved over to the

12   middle seat (JOHN DOE 1's seat) and sexually assaulted JOHN DOE 2 by grabbing his leg and

13   groin area.

14       54.    When ROE 2 came over to PLAINTIFFS' row, he asked, "is this the same lady?"

15   ASSAILANT admitted that she was drinking and had taken pills. ROE 2 moved ASSAILANT to

16   another row. PLAINTIFFS are informed and believe that ASSAILANT was moved a second time

17   for being disruptive yet again and finally moved to a row with no other passengers.

18       55.    UNITED presented JOHN DOE 1 and JOHN DOE 2 each with $150.00 voucher.

19       **D.**    **UNITED BREACHED ITS DUTY TO PLAINTIFFS BY FAILING TO**

20           **HAVE OR ENFORCE ADEQUATE POLICIES AND PROCEDURES TO**

21           **PREVENT AND PROPERLY RESPOND TO IN-FLIGHT SEXUAL**

22           **ASSAULTS**

23       56.    Upon information and belief, UNITED does not have and/or enforces adequate

24   policies and procedures to prevent sexual assaults on its flights, and to properly respond to such

25   incidents that do happen.

26       57.    UNITED's failure to have and/or enforce adequate policies and procedures for the

27   prevention of and response to in-flight sexual assaults is a breach of its affirmative duty to protect

28   and care for its passengers.

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**E.**     **AS A RESULT OF UNITED'S FAILURE TO HAVE OR ENFORCE ADEQUATE POLICIES AND PROCEDURES, PLAINTIFFS WERE PUT AT RISK AND HARMED**

58.     UNITED's lack of and/or failure to enforce adequate policies and procedures for the prevention of and response to in-flight sexual assault put PLAINTIFFS (and other passengers) at risk of harm, and caused harm to PLAINTIFFS as they were verbally, physically, and sexually assaulted by ASSAILANT.

59.     Moreover, UNITED's lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault due to institutional betrayal.

60.     The term "Institutional Betrayal" refers to wrongdoings perpetrated by an institution upon individuals dependent on that institution, including failure to prevent or respond supportively to wrongdoings by individuals (e.g. sexual assault) committed within the context of the institution.[14]

**FIRST CAUSE OF ACTION**

**VIOLATION OF UNRUH ACT (*CIVIL CODE* § 51)**

(***Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50***)

61.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

62.     PLAINTIFFS' civil rights were violated by UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, ignored PLAINTIFFS' complaints and failed to ensure, protect, and aid in the protection of PLAINTIFFS' safety. Specifically, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, failed to take steps to prevent and deter the in-flight sexual assaults and properly respond to such assaults that

---

[14] Jennifer J. Freyd, *Institutional Betrayal and Institutional Courage*, https://dynamic.uoregon.edu/jjf/institutionalbetrayal/. *See also* Carly Parnitzke Smith & Jennifer J. Freyd, *Institutional Betrayal*, 69 AM. PSYCH. ASSOC. 575 (2014).

1    PLAINTIFFS endured, particularly in light of Defendants' knowledge of the growing prevalence

2    of in-flight sexual assault. PLAINTIFFS had a right to be free from gender, age, and racial

3    discrimination, sexual molestation and assault, abuse and harassment under the Unruh Civil Rights

4    Act.

5        63.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, were acting under

6    the color of their authority and scope of their employment while PLAINTIFFS were passengers

7    on-board the FLIGHT operated by UNITED.

8        64.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, denied

9    PLAINTIFFS full and equal accommodations, advantages, facilities, privileges, or services

10   because of their gender, age, and race, by allowing ASSAILANT unfettered ability to sexually

11   abuse and harass PLAINTIFFS, as a passenger on the FLIGHT, by actively ignoring

12   PLAINTIFFS' complaints and lack of and/or failure to enforce adequate policies and procedures

13   for the proper response to ASSAILANT's sexual assault and harassment. UNITED, FLIGHT

14   ATTENDANTS, and ROES 4 through 50, through PLAINTIFFS' complaints, had actual notice

15   of ASSAILANT's wrongful conduct and chose to ignore PLAINTIFFS' pleas for help during the

16   FLIGHT.

17       65.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or

18   failure to enforce adequate policies and procedures for the proper response to in-flight sexual

19   assaults, despite its knowledge of myriad reports of in-flight sexual assaults, UNITED, FLIGHT

20   ATTENDANTS, and ROES 4 through 50, granted ASSAILANT unfettered ability to sexually

21   assault and harass PLAINTIFFS. Thus, UNITED, FLIGHT ATTENDANTS, and ROES 4 through

22   50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to

23   in-flight sexual assaults denied PLAINTIFFS full and equal accommodations, advantages,

24   facilities, privileges, or services during the duration of the FLIGHT, based upon their gender, age,

25   and race.

26       66.    The substantial motiving reason for UNITED, FLIGHT ATTENDANTS, and

27   ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the

28   proper response to in-flight sexual assaults was PLAINTIFFS' gender, age, and race. UNITED,

FLIGHT ATTENDANTS, and ROES 4 through 50, unwittingly overlooked, disregarded, ignored, and took for granted the fact that sexual assaults and harassment can occur to young African American males.

67.     As a direct and proximate result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, acts, omissions, wrongful conduct and breaches of their duties, PLAINTIFFS were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

68.     As a direct, proximate, and legal result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, violations of Civil Code section 51, they are liable to PLAINTIFFS for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by PLAINTIFFS as they were denied the rights provided in Civil Code section 51.

## **SECOND CAUSE OF ACTION**

### **SEXUAL ASSAULT**

#### (*Plaintiffs Against Defendant ASSAILANT*)

69.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

70.     ASSAILANT, in doing the wrongful acts herein alleged, including intending to subject PLAINTIFFS to sexual abuse, harassment, and molestation during the FLIGHT as a

passenger, intended to cause harmful or offensive conduct with PLAINTIFFS' person, or intended to put PLAINTIFFS in imminent apprehension of such conduct.

71.    In doing the wrongful acts herein alleged, PLAINTIFFS were put in imminent apprehension of a harmful or offensive conduct by ASSAILANT and actually believed ASSAILANT had the ability to make harmful or offensive conduct with PLAINTIFFS' person.

72.    PLAINTIFFS did not consent to ASSAILANT's intended harmful or offensive contact with PLAINTIFFS' person, or intention to put PLAINTIFFS in imminent apprehension of such conduct.

73.    In doing the wrongful acts herein alleged, ASSAILANT violated PLAINTIFFS' rights, pursuant to Civil Code section 43, of protection from bodily restraint or harm, and from personal insult. In doing the wrongful acts herein alleged, ASSAILANT violated her duty, pursuant to Civil Code section 1708, to abstain from injuring the person of PLAINTIFFS or infringing upon their rights.

74.    As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

75.    In subjecting PLAINTIFFS to the wrongful acts herein described, ASSAILANT acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against ASSAILANT, in an amount to be determined according to proof.

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**

**SEXUAL BATTERY (*CIVIL CODE* § 1708.5)**

(*Plaintiffs Against Defendant ASSAILANT*)

76.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

77.     During the FLIGHT, ASSAILANT intentionally, recklessly, and wantonly did acts which were intended to, and did, result in harmful and offensive contact with intimate parts of PLAINTIFFS' person, all while they were passengers on the FLIGHT operated by UNITED.

78.     ASSAILANT committed the acts set forth herein with the intent to cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person and that would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person that would offend a reasonable sense of personal dignity.

79.     PLAINTIFFS did not give consent to such acts.

80.     As a direct, legal, and proximate result of the acts of ASSAILANT, PLAINTIFFS sustained serious and permanent injuries to their person, in an amount to be shown according to proof and within the jurisdiction of the Court.

81.     In subjecting PLAINTIFFS to the wrongful acts herein described, ASSAILANT acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against ASSAILANT, in an amount to be determined according to proof.

**FOURTH CAUSE OF ACTION**

**BATTERY**

(*Plaintiffs Against Defendant ASSAILANT*)

82.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

83.     ASSAILANT inappropriately touched PLAINTIFFS with intent to harm.

15

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

84.     PLAINTIFFS did not consent to the inappropriate touching.

85.     PLAINTIFFS were harmed by ASSAILANT's inappropriate and wrongful conduct.

86.     Further, said acts by ASSAILANT did cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person that would offend a reasonable person in PLAINTIFFS' situation.

87.     As a direct, legal, and proximate result of the acts of ASSAILANT, PLAINTIFFS sustained serious and permanent injuries to their person, in an amount to be shown according to proof and within the jurisdiction of the Court.

88.     As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (*Plaintiffs Against All Defendants*)

89.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

90.     The conduct of DEFENDANTS toward PLAINTIFFS, as described herein, was outrageous and extreme.

91.     A reasonable person would not expect or tolerate the sexual harassment, molestation, and abuse suffered by PLAINTIFFS at the hands of ASSAILANT, or UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, knowledge and callous indifference thereof.

PLAINTIFFS had great trust, faith, and confidence in in UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, which, by virtue of ASSAILANT's and UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, wrongful conduct, turned to fear.

92.    A reasonable person would not expect or tolerate UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to ASSAILANT's sexual assault and harassment.

93.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, were in a position of care and control over PLAINTIFFS. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault.

94.    A reasonable person would not expect or tolerate UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, to be incapable of supervising and/or stopping passengers, such as ASSAILANT, from committing acts of sexual assault on other passengers with actual notice of such wrongful acts. PLAINTIFFS provided UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, with actual notice and complaint of ASSAILANT's wrongful conduct multiple times during the FLIGHT. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, ignored those complaints, sat idly, and allowed ASSAILANT to continue her wrongful conduct. A reasonable person would not expect UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, whose presence was supposed to ensure PLAINTIFFS' comfort and safety during the FLIGHT, to sit idly by and not take action to prevent ASSAILANT's wrongful conduct.

95.    UNITED acted with intent or recklessness, knowing that PLAINTFFS were likely to endure emotional distress given their relative lack of power or control over their situation or ability to report a crime while passengers on the FLIGHT, and given UNITED's, including FLIGHT ATTENDANTS, failure to report or adequately respond to PLAINTIFFS' suffering a sexual assault while in-flight.

96.    As a result of DEFENDANTS' conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety,

humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

97.     DEFENDANTS' conduct caused suffering for PLAINTIFFS at levels that no reasonable person should have to endure.

98.     As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

99.     In subjecting PLAINTIFFS to the wrongful acts herein described, DEFNEDANTS acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against DEFENDANTS, in an amount to be determined according to proof.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(*Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50*)**

100.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

101.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct negligently caused emotional distress to PLAINTIFFS.

102.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, knew or reasonably should have known that PLAINTIFFS who experienced in-flight sexual assault and were treated

poorly or inadequately in the aftermath would experience emotional distress.

103.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, could reasonably foresee that its actions and omissions would have caused emotion distress to PLAINTIFFS.

104.    UNITED, and its employees, are a common carrier. Common carriers must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. A common carrier must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business. PLAINTIFFS as passengers on the FLIGHT are unable to escape from their ASSAILANT or report a crime to authorities on their own. PLAINTIFFS reported ASSAILANT's wrongful conduct to FLIGHT ATTENDANTS. Unfortunately, UNITED's, including its FLIGHT ATTENDANTS, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault.

105.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, negligence was a substantial factor in causing PLAINTIFFS' serious emotional distress.

106.    As a result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

107.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct caused suffering for PLAINTIFFS at levels that no reasonable person should have to endure.

108.    As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to

suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

(*Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50*)

109.   PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

110.   UNITED, as a common carrier, has a special duty to provide due care to ensure and protect and aid in the protection of its passengers' safety. This duty includes one to take reasonable steps in order to prevent and deter in-flight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of UNITED's knowledge of the growing prevalence of in-flight sexual assault.

111.   UNITED, including its employees and FLIGHT ATTENDANTS, had special duties to protect PLAINTIFFS, when such individuals were passengers entrusted to UNITED's care. PLAINTIFFS' safety and well-being were entrusted to UNITED, including its employees and FLIGHT ATTENDANTS, during the FLIGHTS. UNITED, including its employees and FLIGHT ATTENDANTS, voluntarily accepted the entrusted care of PLAINTIFFS. As such, UNITED, including its employees and FLIGHT ATTENDANTS, owed PLAINTIFFS a special duty of care that common carriers dealing with passengers owe to protect them from harm, and to aid them in preventing and responding to harm. The duty to protect and warn arose from the common carrier doctrine that applies to airline carriers (including its employees and personnel).

112.   Upon information and belief, UNITED, including its employees and FLIGHT ATTENDANTS, knew or should have known of the prevalence of in-flight passenger-on-passenger sexual assault and of the likelihood of risk and harm to its passengers absent implementation and enforcement of appropriate policies.

113.    UNITED, including its employees and FLIGHT ATTENDANTS, breached its duty of care to PLAINTIFFS by failing to implement and enforce uniform policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on its flights; by failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and by failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

114.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, negligence was a substantial factor in causing PLAINTIFFS' harm.

115.    As a result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

116.    As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

## **EIGHTH CAUSE OF ACTION**

### **NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**

#### (***Plaintiffs Against Defendants UNITED and ROES 4 through 50***)

117.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

118.    FLIGHT ATTENDANTS were hired, employed, trained, and/or supervised by

1    UNITED.

2         119.    FLIGHT ATTENDANTS were unfit and/or incompetent to perform the work for

3    which they were hired to perform. Specifically, by failing to implement and enforce uniform

4    policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on

5    its flights; by failing to report in-flight sexual assaults to the proper authorities, or to any

6    authorities; and by failing to cooperate with such authorities in the reporting and investigation

7    process into in-flight sexual assaults.

8         120.    UNITED knew or should have known that FLIGHT ATTENDANTS were unfit

9    and/or incompetent and that this unfitness and/or incompetence created a particular risk to

10   PLAINTIFFS and others.

11        121.    FLIGHT ATTENDANTS' unfitness and/or incompetence harmed PLAINTIFFS.

12        122.    UNITED's negligence in hiring, training, supervision, and/or retention was a

13   substantial factor in causing PLAINTIFFS' harm.

14        123.    As a result of UNITED's negligence in hiring, training, supervision, and/or

15   retention of FLIGHT ATTENDANTS, PLAINTIFFS sustained severe emotional distress, physical

16   manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and

17   other physical and emotional injuries, and damages (both economic and noneconomic), in the past,

18   present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are

19   substantial, continuing, and permanent.

20        124.    As a result of the above-described conduct, PLAINTIFFS were put at unnecessary

21   risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock,

22   emotional distress, physical manifestations of emotional distress including depression, anxiety,

23   humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to

24   suffer and were prevented and will continue to be prevented from performing daily activities and

25   obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may

26   incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS

27   have suffered damages, both general and special damages, in an amount presently unknown but

28   exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for damages and other judicial relief as follows:

1.    For past, present, and future non-economic damages in an amount to be determined at trial;

2.    For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages and others, in an amount to be determined at trial;

3.    Any appropriate statutory damages;

4.    For costs and expenses of suit;

5.    For interest based on damages, as well as pre-judgment and post-judgment interest as allowed by law;

6.    For attorney's fees pursuant to California Code of Civil Procedure section 52, et seq. or as otherwise allowable by law;

7.    For treble damages of the amount of actual damage but in no case less than four thousand dollars ($4,000) pursuant to California Code of Civil Procedure section 52, et seq. or as otherwise allowable by law;

8.    For exemplary and punitive damages;

9.    For declaratory and injunctive relief, including but not limited to court supervision of UNITED, including its FLIGHT ATTENDANTS and employees; and

///
///
///
///
///
///
///
///
///

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1        10.    For such other and further relief as the Court may deem proper.

2

3   Dated: May 20, 2020              **THE DARWISH LAW FIRM, APC**

4

5                                    By: _____

6                                    _____
                                     Darren D. Darwish, Esq.
7                                    Attorneys for Plaintiffs
                                     JOHN DOE 1 and JOHN DOE 2
8

9

10  Dated: May 20, 2020              **AZIZIAN LAW, P.C.**

11

12                                   By: _____

13                                   _____
14                                   Benjamin A. Azizian, Esq.
                                     Attorneys for Plaintiffs
15                                   JOHN DOE 1 and JOHN DOE 2

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a jury trial.

Dated: May 20, 2020                **THE DARWISH LAW FIRM, APC**

By: _____

Darren D. Darwish, Esq.
Attorneys for Plaintiffs
JOHN DOE 1 and JOHN DOE 2

Dated: May 20, 2020                **AZIZIAN LAW, P.C.**

By: _____
Benjamin A. Azizian, Esq.
Attorneys for Plaintiffs
JOHN DOE 1 and JOHN DOE 2

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 05/29/2020 11:39 AM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

Case 2:20-cv-05554-RSWL-AGR  Document 8-2  Filed 07/14/20  Page 32 of 41  Page ID #:189

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>  Darren Darwish \| SBN: 305797<br>  The Darwish Law Firm, APC<br>  12301 Wilshire Blvd.  Suite 520 Los Angeles, CA 90025<br><br>TELEPHONE NO.: (424) 369-5353 \| FAX NO. (424) 369-5356<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: Plaintiff: John Doe 1, an individual;et al. | FOR COURT USE ONLY |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

| | |
|---|---|
| PLAINTIFF:  **John Doe 1, an individual;et al.** | CASE NUMBER: |
| DEFENDANT:  **United Airlines, Inc., a Illinois Corporation., et al.** | **20STCV18888** |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*:  **See attached Document List**

3. a. Party served *(specify name of party as shown on documents served)*:

   **United Airlines, Inc., a Illinois Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **CT  Corporation System, c/o Albert Damonte - Registered Agent for Service of process**

4. Address where the party was served:  **CT Corporation System**
   **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/26/2020**   (2) at *(time):* **11:24 AM**

   b. ☐ **by substituted service.** On *(date):* at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*                                              **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/166300**

**ON-CALL LEGAL**

1875 Century Park East, STE H

Los Angeles, CA 90067

Phone: (310) 858-9800   Fax: (888) 543-5126

Continued from Proof of Service

**CLIENT:**   The Darwish Law Firm, APC

**CLIENT FILE #:**                                          **DATE:**  May 27, 2020

**SUBJECT:**   United Airlines, Inc., a Illinois Corporation

First Amended Complaint; Civil Case Cover Sheet Addendum and
Statement of Location;Notice of Case Assignment   Unlimited Civil
Case; First Amended Standing Order Re: Personal Injury Procedures at
the Spring Street Courthouse; Third Amended Standing Order-Re:Final
Status Conference, Personal Injury ('PI') Courts (effective as of
January 13, 2020); Fifth Amended Standing Order Re: Mandatory
Settlement Conference (Effective February 24, 2020)



| PETITIONER:  John Doe 1, an individual; et al. | CASE NUMBER: |
|---|---|
| RESPONDENT:  United Airlines, Inc., a Illinois Corporation., et al. | 20STCV18888 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from  *(city):*

    (3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):*  **United Airlines, Inc., a Illinois Corporation**

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**

a. Name:  **Oscar Herrera - ON-CALL LEGAL**

b. Address:  **1875 Century Park East, STE H  Los Angeles, CA 90067**

c. Telephone number:  **(310) 858-9800**

d. **The fee** for service was: **$ 97.95**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner    ☑ employee    ☐ independent contractor.

        (ii) Registration No.:  **2018048510**

        (iii) County:  **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/27/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
          **Oscar Herrera**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT C

1   **WORTHE HANSON & WORTHE**
      A Law Corporation
2      1851 East First Street, Suite 400
      Santa Ana, California 92705
3      Telephone (714) 285-9600
      Facsimile (714) 285-9700
4      tworthe@whwlawcorp.com

5   TODD C. WORTHE, SBN 177452
    MACKENZIE C. FOELLMER, SBN 255721
6
    Attorneys for Defendant, UNITED AIRLINES, INC.
7

8              **UNITED STATES DISTRICT COURT**

9      **FOR THE STATE OF CALIFORNIA, CENTRAL DISTRICT**

10  JOHN DOE 1, an individual; and JOHN DOE 2,    ) USDC Case No.:
    an individual                                 ) [LASC Case No. 20STCV18888]
11                                                 )
                                                   )
12                        Plaintiff,               )
                                                   ) **NOTICE OF REMOVAL OF**
13  v.                                             ) **ACTION UNDER 28 U.S.C.**
                                                   ) **§1446(b) and 28 U.S.C. §1332(a)**
14  UNITED AIRLINES, INC., An Illinois             )
    Corporation; ROE 1, an individual; ROE 2, an  )
15  individual; ROE 3, an individual; and ROES 4  )
    through 50, inclusive.                         )
16                                                 )
                          Defendants.              ) Complaint Filed: 5/18/2020
17                                                 )
                                                   )
18  _____)

19          **JURISDICTION** of this Court is invoked on the basis of diversity of

20  citizenship and pursuant to 28 U.S.C. §1332, and 28 U.S.C. §1446.

21

22          **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

23          **PLEASE TAKE NOTICE** that Defendant, UNITED AIRLINES INC., hereby

24  removes to this Court the State Action described below.

25          1.      Defendant, UNITED AIRLINES, INC., hereby invokes the jurisdiction of

26  this Court based upon the provisions of 28 U.S.C. §1332 and 28 U.S.C. §1446, on the

27  basis of diversity of citizenship.

28  ///

NOTICE OF REMOVAL OF ACTION

2.  On May 18, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *"John Doe 1, an individual; and John Doe 2, an individual v. United Airlines, Inc., et al.*," bearing Case No. 20STCV18888.  A copy of Plaintiffs' Complaint is attached as **Exhibit "A."**

3.  On May 26, 2020, Plaintiffs' counsel served the Summons and Complaint.  A copy of the Service of Process Transmittal is attached hereto as **Exhibit "B."**

4.  Pursuant to 28 U.S.C. §1446(b), defendant has thirty (30) days from the date it received the Plaintiffs' Complaint, to and including June 25, 2020 to remove this matter to the United States District Court for the Central District of California, since the Complaint is "other paper from which it may first be ascertained that the case is removable on the basis of jurisdiction conferred by Section 1332 of this Title..."

5.  On May 20, 2020, plaintiffs caused to be filed a First Amended Complaint.  A copy of the First Amended Complaint is attached hereto as **Exhibit "C."**

6.  Currently there is no paper specifically alleging the amount in controversy.  However, counsel for Plaintiffs made a written confidential settlement demand to United for Doe 1's claim well in excess of $75,000.  Due to the confidentiality of the settlement demand for Doe 1, United does not attach it to this removal.  Yet, if the Court requires additional evidence that the amount in controversy exceeds $75,000, United is able to provide the document under seal or for in camera review by the Court.

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008).  While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., SUITE 400
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

2

1  exceeds the statutory minimum," the standard is not so taxing so as to require the
2  defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman*
3  *v. Estes Express Lines, Inc*., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010).

4       It is settled law that the Court may consider emotional distress, attorneys' fees
5  and punitive damages in ascertaining the amount in controversy even when the
6  plaintiff does not specify an amount in his complaint. *Accord Richmond v. Allstate*
7  *Ins. Co.* (S.D. Cal. 1995) 897 F. Supp. 447, 450. ("The vagueness of plaintiffs'
8  pleading with regard to emotional distress damages should not preclude this Court
9  from noting that these damages are potentially substantial.") Plaintiffs' Complaint
10 does not precisely state the amount of claimed damages. However, Plaintiffs seek
11 treble damages, attorneys' fees and punitive damages in addition to their claim for
12 economic and noneconomic damages. (Complaint at p. 22.) Additionally, Doe 1
13 made a confidential settlement demand in excess of $75,000. Based upon the
14 foregoing and Plaintiffs' allegations of discrimination, intentional infliction of
15 emotional distress and negligence, the amount in controversy exceeds $75,000.

16      7.   Defendant is informed and believes that Plaintiff, Doe 1 resides in the ███
17      ████████████████████ State of New Jersey, was, and still is, a citizen of the
18 State of New Jersey.

19      8.   Defendant is informed and believes that Plaintiff, Doe 2 resides in the
20 City of Philadelphia, County of Philadelphia, State of Pennsylvania, was, and still is,
21 a citizen of the State of Pennsylvania.

22      9.   Defendant, United Airlines, Inc., was, at the time of the filing of this
23 action, and still is, incorporated under the laws of the State of Delaware, having its
24 principal place of business in the City of Chicago, within the State of Illinois.

25      10.  This action is a civil action of which this Court has original jurisdiction
26 under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant
27 pursuant to the provisions of 28 U.S.C. §1332(a), in that it is a civil action wherein
28 the matter in controversy exceeds the sum of $75,000.00, and is between citizens of

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., SUITE 400
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

3

1  different states.

2      11.    Accordingly, the United States District Court for the Central District of

3  California has diversity jurisdiction, and this action is properly removed pursuant to

4  28 U.S.C. §1332(a), et seq.

5  DATED: June 23, 2020                    **WORTHE HANSON & WORTHE**

6

7                                By: _____/s/ Todd C. Worthe_____

8                                TODD C. WORTHE, ESQ.
                                 MACKENZIE C. FOELLMER, ESQ.

9                                Attorneys for Defendant, UNITED
                                 AIRLINES INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., SUITE 400
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

4

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
                     )ss
COUNTY OF ORANGE  )

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

    On June 23, 2020, I served the foregoing document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1446(b) AND 28 U.S.C. SECTION 1332(a)** to all interested parties in said action by:

☐    BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.   Fax Number(s):

☐    BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐    BY ELECTRONIC SERVICE at the electronic mail address stated on the attached Service List

☒    BY MAIL as follows:
        ☒   placing ☐ the original ☒ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
        ☒   I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
        ☒   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    BY OVERNIGHT DELIVERY (FEDERAL EXPRESS): I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐    STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on June 23, 2020, at Santa Ana, California.

_Gina M. Fisher_
GINA M. FISHER

WORTHE, HANSON & WORTHE
1851 EAST FIRST ST., SUITE 400
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

**PROOF OF SERVICE**

1

SERVICE LIST
*John Doe 1; John Doe 2 v. United Airlines Inc., et al.*
USDC CASE NO. Unassigned
[LASC Case No. 20STCV18888]

2

3

4 Darren D. Darwish, Esq.
The Darwish Law Firm, APC
5 12301 Wilshire Blvd., Ste. 520
Los Angeles, CA 90025
6 (424) 369-5353 Office
**ATTORNEY FOR PLAINTIFFS, JOHN DOE 1 AND JOHN DOE 2**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WORTHE, HANSON & WORTHE
1851 EAST FIRST ST., SUITE 400
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

**PROOF OF SERVICE**