WORTHE HANSON & WORTHE
TODD C. WORTHE – State Bar No. 177452
MACKENZIE C. FOELLMER – State Bar No. 255721
1851 East First Street, Suite 400
Santa Ana, California 82705
Telephone (714) 285-9600
Facsimile (714) 285-9700
TWorthe@Whwlawcorp.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1; AN INDIVIDUAL; and JOHN DOE 2, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., AN ILLINOIS COROPRATION; ROE 1, AN INDIVIDUAL; ROE 2, AN INDIVIDUAL; ROE 3, AN INDIVIDUAL; AND ROES 4 THROUGH 50, INCLUSIVE.<br><br>Defendant | CASE NO. 2:20-cv-05554-RSWL(AGRx)<br>BEFORE THE HONORABLE Ronald S.W. Lew<br><br>REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[*Federal Rules of Civil Procedure*, Rule 12(b)(6)]<br><br>Date:  August 4, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD<br><br>Complaint Filed:  May 18, 2020 |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

1

COMES NOW Defendant, UNITED AIRLINES, INC. ("United") and submits the following memorandum of points and authorities in reply to plaintiff, JOHN DOE 1 ("Doe 1") and JOHN DOE 2 ("Doe 2," collectively, "plaintiffs' ") oppositions to United's motion to dismiss portions of the first amended complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  THERE WAS A MEANINGFUL MEET AND CONFER EFFORT BY THE PARTIES SO THE MOTION SHOULD BE CONSIDERED ON ITS MERITS.

Plaintiffs' first argument is that the meet and confer by the parties was untimely, so the motion should not be considered and should be denied outright. However, plaintiffs themselves agree that the parties met and conferred and did not reach an agreement regarding this motion to dismiss. (Dkt. 8-1, p. 12-13, Plaintiffs' Exhibit C.)  The only argument plaintiffs make is that the meet and confer was not completed seven days before the motion was filed as required by Local Rule 7-3.  United sent its preliminary meet and confer letter on June 24, 2020.  That letter went unanswered. After Plaintiffs' counsel failed to respond to the letter, counsel for United was forced to prod them again by sending an email on June 26, 2020 requesting a conference call on June 29, 2020.  Counsel for plaintiffs were unavailable, so the call was scheduled for June 30, 2020.  (Foellmer Dec. ¶2, Exhibit "A") Regardless of the timing, which was driven first by Plaintiffs' attorneys' failure to respond and then their schedule, the meet and confer was completed before the motion was filed.

Plaintiffs rely on *CarMax Auto Superstores California LLC v. Hernandez* 94 F.Supp. 3d 1078 (C.D. Cal. 2015) for their argument that the court in its discretion can refuse to consider the motion if a party fails to comply with Local Rule 7-3.  Unlike here, in *CarMax* there was absolutely no meet and confer effort before the

motion was filed.  Here, United sent a substantive meet and confer letter on June 24, 2020, which led to the parties' conference call on June 30, 2020.  Counsel for plaintiffs sent an email on June 30, 2020 confirming that the parties participated in a conference call and "were unable to reach a resolution that would have eliminated the necessity for a motion/hearing." (Dkt. 8-1, p. 12, Plaintiffs' Exhibit C.)

Though a meet and confer occurred here, in *CarMax*, the Court still considered the motion on its merits despite the fact there was no meet and confer before the motion to dismiss was filed. "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. See *ECASH Techs., Inc. v. Guagliardo,* 35 Fed.Appx. 498, 500 (9th Cir. May 13, 2002)  "The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements" (citations omitted)); *Brodie v. Board of Trustees of California State University,* 2013 WL 4536242, *1 (C.D.Cal. Aug. 27, 2013).

Here, plaintiffs have suffered no prejudice because a meet and confer *took place* on June 30, 2020.  Plaintiffs even concede that the meet and confer took place before the motion to dismiss was filed.  Plaintiffs also concede that the parties were unable to reach an agreement.  Since a meaningful meet and confer conference was completed before the motion was filed, plaintiffs did not suffer any prejudice and the motion should be considered on its merits.

## II. PLAINTIFFS FAIL TO ALLEGE FACTS TO SUPPORT THE CLAIM FOR VIOLATION OF THE UNRUH ACT.

In their opposition, plaintiffs argue that they adequately alleged "intent" but ignore the fundamental element of an Unruh claim.  They argue that the allegation

that United "disregarded, ignored, and took for granted the fact that sexual assaults and harassment can occur to young African American males. (Plaintiffs' Opposition, p. 7, lines 7 – 9.) Assuming for the moment that "disregarding," "ignoring," and "taking for granted" are words that can properly be construed as alleging intent, which United does not concede, plaintiffs ignore the more substantial deficiency in their Unruh allegations. The assertion that United "disregarded, ignored, and took for granted the fact that sexual assaults and harassment can occur to young African American males" does nothing to advance plaintiffs' claim that United's alleged conduct was racially motivated. There are no facts alleged anywhere in the complaint that would support plaintiffs' claim that United's alleged failure to respond to complaints about the female passenger was racially motived. Plaintiffs do not allege any statements made by the flight attendants indicated racial animus nor do they allege any facts to indicate that United intended to ignore the conduct of the female passenger based on plaintiffs' race or status as young African American men. This is the conduct Unruh would address and no evidence suggests such conduct occurred here.

The allegation that sexual assaults and harassment can occur to young African American males is indisputably true and at the same time utterly irrelevant to any issue presented in the case. Unfortunately, almost any member of the public can be a victim of sexual harassment and assaults and there is no basis for plaintiffs' implied-but-not-stated argument that young African American males are more susceptible than any other person. Nowhere in their complaint do plaintiffs allege United had an obligation to protect young African American men from sexual harassment that was greater or different than the obligation it owes to any other member of the flying public. United respectfully suggests plaintiffs' Unruh

cause of action is unsupported by any facts showing intent to discriminate against plaintiffs by reason of their race or age.

Discussed above, the meet and confer was meaningful and completed before the motion was filed. Counsel for Plaintiffs arguments that United did not take the meet and confer seriously and engaged in "gamesmanship" are false. That's because during the meet and confer, and despite plaintiffs' argument that the issue of intent was not specifically addressed, plaintiffs' counsel conceded that the parties could not reach an agreement that would alleviate the need for the motion and hearing. Therefore, Plaintiffs' repeated argument that United did not satisfy the meet and confer requirements is itself gamesmanship.

Finally, the Court's dismissal of the cause of action for violation of the Unruh Act, affects the claims for treble damages and attorney's fees, which must also be stricken. There is no dispute regarding this particular issue.

### III. THE CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS NOT PROPERLY PLEAD.

Plaintiffs argue that United provides an inaccurate depiction of the events in support of their claim for intentional infliction of emotional distress. From the Complaint, however, plaintiffs allege that they made three complaints of harassment to the United flight attendants before the flight attendants moved the Assailant to a different seat. Plaintiffs allege that there were instances of harassment and assault in between the 3 complaints made to the United flight attendants. Plaintiffs argue that they have sufficiently plead extreme and outrageous conduct by United because there was reckless disregard of the probability of causing emotional distress by United. Plaintiffs argue that United has isolated and misrepresented the context of the allegations that United "ignored those complaints, sat idly, and allowed Assailant to continue her wrongful

conduct." (FAC ¶94.) Despite these allegations, plaintiffs fail to allege specific facts showing United acted intentionally or recklessly.

The alleged outrageous conduct is that United's flight attendants "ignored" plaintiffs' complaints and failed to adequately respond. Yet, the specific facts plead are that after the second complaint in which Roe 3 witnessed harassment, she gave a verbal warning. After the third and final alleged complaint, the United flight attendants moved the Assailant to a different seat so she could not further harass plaintiffs. United respectfully submits that United's alleged conduct does not amount to extreme and outrageous conduct.

In support of their arguments that United's conduct was extreme and outrageous, plaintiffs rely on *Chaconas v. JP Morgan Chase Bank*, 713 F.Supp.2d 1180. *Chaconas* does nothing to further plaintiffs' argument. Plaintiffs rely on the case for the proposition that conduct may be considered "outrageous" for purpose of meeting the "extreme and outrageous" element of the tort if the alleged tortfeasor "abuses a relation or position which gives him power to damage the plaintiff's interest." *Chaconas v. JP Morgan Chase Bank,* 713 F.Supp.2d 1180, 1187. The pertinent issue in this case is *not* whether there is a *relationship* or position of power between the flight attendant and the passenger but whether plaintiffs have alleged any conduct that could be described as "*abuse*" of such relationship or position - assuming for the sake of argument only that such relationship or position existed. Plaintiffs do not allege the flight attendants sexually assaulted or harassed them or forced them to endure the female passenger's alleged conduct. They do not allege that the flight attendants otherwise rendered them helpless. They allege the flight attendants failed to timely respond to their complaints. Although United does not concede such an alleged failure occurred, for the sake of argument if the allegations are true the complaint

describes, at best, a negligent failure to act. It is not the alleged existence of a relationship or position of power involving the passenger and the flight attendant that gives rise to "outrageous" conduct. The alleged relationship must be abused. The term "abuse" connotes an active intent to use the position of power or special relationship to cause the plaintiff harm. At the motion to dismiss stage where the allegations are deemed true, plaintiffs' claims might be sufficient to defeat a motion to dismiss a negligence claim but there are no allegations in plaintiffs' pleadings of extreme and outrageous conduct that would support a claim of intentional infliction of emotional distress.

Plaintiff cite to FRCP Rule 8(a) for the proposition that they have sufficiently plead facts in support of their cause of action for intentional infliction of emotional distress because plaintiffs have provided a "short and plain statement" of plaintiffs' emotional distress. Yet, the standard for a complaint to survive a motion to dismiss requires more than a short plain statement. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 545, citations omitted, emphasis added.)

Plaintiffs make conclusory allegations that they suffered "great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel." (FAC ¶98)  Plaintiffs argue that United diminishes the emotional distress plaintiffs' suffered.  Yet, plaintiffs allege identical claims in a

7

perfunctory manner and fail to allege or distinguish any symptoms. Since plaintiffs make conclusory allegations and fail to allege facts showing severe emotional distress, the cause of action fails.

## IV. PLAINTIFFS DO NOT PLEAD FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES AGAINST THE CORPORATION.

In their opposition regarding the claim for punitive damages, plaintiffs argue that United misapplies the law. Plaintiffs assert that FRCP Rule 9(b) permits plaintiffs to generally aver malice or fraudulent intent. Even if plaintiffs generally allege malice or fraudulent intent, they are still required to plead the advance knowledge and conscious disregard, authorization, ratification or act of oppression or malice on the part of an officer, director or managing agent of the corporation. (*Civil Code* §3294(b).) Nowhere in plaintiffs' opposition do they address the deficiencies of the claim for punitive damages against the corporation, United. Plaintiffs agree that *Civil Code* §3294 governs the substantive law for punitive damages. So there also can be no dispute that to maintain the claim for punitive damages against United plaintiffs must allege that the employee-agent's malicious acts were done with knowledge or under the direction of the principal-employer, that is to say, were authorized, or the acts were ratified by the principal with knowledge of the willful and malicious character of such acts. *Hartman v. Shell Oil Co.* 68 Cal.App.3d 240 (1977).

Plaintiffs have not alleged any facts to indicate that an officer, director or managing agent of United had advance knowledge of any unfitness of any of the employees whose alleged acts are at issue. There are no facts indicating any officer, director or managing agent of United consciously disregarded, authorized or ratified any such conduct as expressly required by *Civil Code* § 3294(b). Plaintiffs fail to address this argument or show how it might be cured on

8

amendment. Therefore, United respectfully requests the Court to dismiss the punitive damage claim without leave to amend.

## V. CONCLUSION.

Despite the arguments by plaintiffs throughout their opposition that United did not sufficiently and timely meet and confer, the Court should hear the motion on its merits. The parties did engage in a meaningful meet and confer before filing the motion. Plaintiffs' counsel agreed that the parties did not reach an agreement that would alleviate the need for the motion. Plaintiffs also conceded in a footnote that they submit to the arguments regarding the cause of action for negligent infliction of emotional distress and the prayer for declaratory and injunctive relief. Therefore, those claims should be dismissed without leave to amend.

For the reasons set forth herein and in the moving papers, United respectfully requests the Court to dismiss the cause of action for violation of the Unruh Act, the cause of action for intentional infliction of emotional distress, the prayer for punitive damages, the prayer for treble damages and prayer for attorneys' fees without leave to amend.

DATED: June 30, 2020         WORTHE HANSON & WORTHE
                             By: /s/ *Todd Worthe*
                             TODD C. WORTHE
                             MACKENZIE C. FOELLMER
                             Attorneys for Defendant, UNITED AIRLINES, INC.