1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  JOHN DOE 1, an individual;  )    CV 20-5554-RSWL-AGR
    and JOHN DOE 2, an          )
13  individual,                 )
                                )    **ORDER re: United's**
14            Plaintiffs,        )    **Motion to Dismiss**
                                )    **Portions of Plaintiffs'**
15                              )    **First Amended Complaint**
        v.                      )    [7]
16                              )
                                )
17  UNITED AIRLINES, INC., an   )
    Illinois corporation; ROE   )
18  1, an individual; ROE 2,    )
    an individual; ROE 3, an    )
19  individual; AND ROES 4      )
    through 50, inclusive,      )
20                              )
              Defendants.       )
21  _____ )

22        Plaintiffs John Doe 1 ("Doe 1") and John Doe 2

23  ("Doe 2") (collectively, "Plaintiffs") bring this

24  Action asserting seven causes of action against

25  Defendants United Airlines, Inc. ("United"), Roe 1, Roe

26  2, Roe 3, and Roe 4 (collectively, "Defendants").

27  Currently before the Court is United's Motion to

28  Dismiss Portions of Plaintiffs' First Amended Complaint

                                 1

("Motion") [7].  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS: GRANTS in part** and **DENIES in part** United's Motion.

## I. BACKGROUND

### A.   <u>Factual Background</u>

Doe 1 is an African American male adult and professional athlete in the NFL who resides in New Jersey.  First Am. Compl. ("FAC") ¶ 1, ECF No. 1-3. Doe 2 is an African American male who resides in Pennsylvania.  <u>Id.</u> ¶ 2.  Roes 2 and 3 (collectively, "Flight Attendants") are two of United's flight attendants.  <u>Id.</u> ¶¶ 7-8.  Plaintiffs were passengers on an  United red-eye flight from Los Angeles to Newark (the "Flight") that was scheduled to depart Los Angeles at 11:15 p.m.  <u>Id.</u> ¶ 40.  Plaintiffs were seated in the same row as Roe 1 (the "Assailant"), a middle-aged Caucasian woman.  <u>Id.</u> ¶¶ 6, 41.  Plaintiffs allege that Assailant boarded the plane after a majority of the plane had already taken their seats, and she appeared disheveled and unbalanced, so Doe 2 helped her put her bags in the overhead bin.  <u>Id.</u> ¶ 45.  Once Assailant took her seat, Plaintiffs allege she began harassing Doe 1, who was wearing a face mask due to Covid-19. <u>Id.</u> ¶ 46.  Specifically, Plaintiffs allege she began hitting Doe 1's arm, elbowing him, told him he was frightening, ordered him to move to the front of the airplane, and questioned why he had a mask on.  <u>Id.</u>

Twenty-five minutes later, Plaintiffs claim they saw Roe 2 take an unknown prescription medication.  Id. ¶ 47.  Thereafter, Doe 2 claims he notified Roe 2, a flight attendant, that Assailant was harassing Doe 1, cursing, and being belligerent and disruptive.  Id. ¶ 48.  Plaintiffs allege that Roe 2 told Doe 2 that he would come to Plaintiffs' row to check on them.  Id.

After Doe 2 returned to his seat, Assailant continued to harass Doe 1 by making unwanted sexual advances toward Doe 1 and engaging in verbal and/or physical conduct of a sexual nature towards Doe 1, including groping and massaging Doe 1's knees and thighs.  Id. ¶ 49.  Because he was fearful of the perception of being a male victim and the racial stigma of being a young African American male, Doe 1 patiently pleaded for Assailant to stop and removed her hand. Id.  Doe 2 then quickly went to Roe 2 to notify him again of Assailant's inappropriate behavior, but Roe 2 ignored Doe 2's second complaint and no actions were taken by United employees.  Id. ¶¶ 49-50.

Plaintiffs allege that twenty-five minutes after the Flight's scheduled departure, Assailant intensified her sexual assault and abuse of Doe 1 by starred at him while grabbing and groping his quads and then stroking her hand across his lap towards the inside of his leg near his genitals.  Id. ¶ 51.  Doe 1 removed her hand and immediately pleaded with Roe 3, another United flight attendant, who was walking past.  Id.

1  Plaintiffs state that neither Roe 2 nor Roe 3 took any
2  further action.  Id.

3      Assailant turned toward the window, then put her
4  hand through Doe 1's jacket and caressed his chest and
5  pecs, working her way up to his face.  Id. ¶ 52.  While
6  touching Doe 1's face, Assailant grabbed Doe 1's penis
7  and ripped off his face mask.  Id.  Doe 1 jumped up
8  from his seat and complained in front of the entire
9  plane that Assailant was "touching me."  Id.  Feeling
10 allegedly embarrassed and uncomfortable, Doe 1 rushed
11 to notify Roe 2, who at the time was in the rear of the
12 plane.  Id.  While Doe 1 went to go notify Roe 2, Roe
13 moved to Doe 1's seat and allegedly sexually assaulted
14 Doe 2 by grabbing his leg and groin area.  Id. ¶ 53.

15     When Roe 2 came to Plaintiffs' row, he asked, "Is
16 this the same lady?"  Id. ¶ 54.  Assailant admitted she
17 had been drinking and took pills.  Id.  Roe 2 then
18 moved Assailant to another row, and Plaintiffs believe
19 she was thereafter moved a second time to a row without
20 any other passengers for being disruptive.  Id.

**B.  Procedural Background**

21     Plaintiffs filed their original Complaint [1-1] in
22 the Superior Court of the State of California, County
23 of Los Angeles, on May 18, 2020.  On May 20, 2020,
24 Plaintiffs filed their FAC [1-3], alleging eight causes
25 of action arising from the events of the Flight.[1]

26

27     [1] Plaintiffs allege the following causes of action: (1)
   violation of the Unruh Act; (2) sexual assault; (3) sexual
28 battery; (4) battery; (5) intentional infliction of emotional
   distress; (6) negligent infliction of emotional distress; (7)

4

1 United removed the Action to this Court [1] on June 23,
2 2020.

3 United filed the instant Motion [7] on June 30,
4 2020.  Plaintiffs opposed [8] on July 14, 2020, and
5 United timely replied [9] on July 21, 2020.

**II. DISCUSSION**

7 **A.  <u>Legal Standard</u>**

8 Federal Rule of Civil Procedure 12(b)(6) allows a
9 party to move for dismissal of one or more claims if
10 the pleading fails to state a claim upon which relief
11 can be granted.  A complaint must "contain sufficient
12 factual matter, accepted as true, to state a claim to
13 relief that is plausible on its face." <u>Ashcroft v.</u>
14 <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation omitted).
15 Dismissal is warranted for a "lack of a cognizable
16 legal theory or the absence of sufficient facts alleged
17 under a cognizable legal theory." <u>Balistreri v.</u>
18 <u>Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
19 1988) (citation omitted).

20 In ruling on a 12(b)(6) motion, a court may
21 generally consider only allegations contained in the
22 pleadings, exhibits attached to the complaint, and
23 matters properly subject to judicial notice. <u>Swartz v.</u>
24 <u>KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).  A court
25 must presume all factual allegations of the complaint
26 to be true and draw all reasonable inferences in favor

28 negligence; and (8) negligent hiring, training, supervision, and
retention. <u>See</u> <u>generally</u> FAC.

5

of the non-moving party.  <u>Klarfeld v. United States</u>,
944 F.2d 583, 585 (9th Cir. 1991).  The question is not
whether the plaintiff will ultimately prevail, but
whether the plaintiff is entitled to present evidence
to support the claims.  <u>Jackson v. Birmingham Bd. of
Educ.</u>, 544 U.S. 167, 184 (2005) (quoting <u>Scheuer v.
Rhodes</u>, 416 U.S. 232, 236 (1974)).  While a complaint
need not contain detailed factual allegations, a
plaintiff must provide more than "labels and
conclusions" or "a formulaic recitation of the elements
of a cause of action."  <u>Bell Atl. Corp. v. Twombly</u>, 550
U.S. 544, 555 (2007).  However, a complaint "should not
be dismissed under Rule 12(b)(6) 'unless it appears
beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him
to relief.'"  <u>Balistreri</u>, 901 F.2d at 699 (citing
<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

**B.  <u>Discussion</u>**

United argues that Plaintiffs' first cause of
action for violation of the Unruh Act, fifth cause of
action for intentional infliction of emotional
distress, and sixth cause of action for negligent
infliction of emotional distress should all be
dismissed because they are not properly pleaded.  <u>See
generally</u> Mot., ECF No. 7.  Moreover, United maintains
that Plaintiffs' prayer for punitive damages, treble
damages, attorneys' fees, and declaratory and
injunctive relief should be dismissed because the

1  causes of action on which they rely fail and because
2  Plaintiffs fail to allege sufficient facts to support
3  those damages.  Id. 19:26-20:2.
4      1.  Plaintiffs' Request for Judicial Notice
5      Pursuant to Federal Rule of Evidence 201, "[a]
6  court may take judicial notice of 'matters of public
7  record' . . . [b]ut a court may not take judicial
8  notice of a fact that is 'subject to reasonable
9  dispute.'"  Lee v. City of L.A., 250 F.3d 668, 689 (9th
10  Cir. 2001) (citations omitted).  Court documents are
11  generally subject to judicial notice.  See Reyn's Pasta
12  Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6
13  (9th Cir. 2006) (holding judicial notice of court
14  documents is proper because they are "readily
15  verifiable").
16      In particular, federal courts may take judicial
17  notice of proceedings in other federal courts as well
18  as state courts.  Rosales-Martinez v. Palmer, 753 F.3d
19  890, 894 (9th Cir. 2014) (citations omitted) ("It is
20  well established that we may take judicial notice of
21  judicial proceedings in other courts").  Judicial
22  notice of proceedings outside the federal system is
23  proper "if those proceedings have a direct relation to
24  matters at issue."  U.S. ex rel. Robinson Rancheria
25  Citizens Council v. Borneo, Inc., 971 F.2d 244, 248
26  (9th Cir. 1992) (quotation omitted) (taking judicial
27  notice of state court's final judgment because it is
28

directly related to federal appeal and may be
dispositive).

    Here, Plaintiffs request that the Court take
judicial notice of the following items: (1) Plaintiff's
FAC; (2) Plaintiffs' Proof of Service of Summons; and
(3) United's Notice of Removal.  <u>See</u> Request for
Judicial Notice in Supp. of Opp'n, ECF No. 8-2.  The
Court **DENIES in part** and **GRANTS in part** Plaintiffs'
requests.

    The FAC and Notice of Removal in the instant Action
are not the appropriate subjects of judicial notice, as
the Court need not judicially notice items on its own
docket.  <u>See</u> <u>Maghen v. Quicken Loans Inc.</u>, 94 F. Supp.
3d 1141, 1143 (C.D. Cal. 2015) ("[T]he Court may take
judicial notice of complaints and briefs filed in
another case to determine what issues were before that
court . . . .").  Accordingly, the Court **DENIES**
Plaintiffs' request as it pertains to the First Amended
Complaint and Notice of Removal.  But, because the
Proof of Service of Summons has not been included on
the docket of this Action, the Court finds it suitable
for judicial notice.  <u>See</u> <u>Dawson v. Mahoney</u>, 451 F.3d
550, 551 n.1 (9th Cir. 2006) (taking judicial notice of
state court orders).  Accordingly, the Court **GRANTS**
Plaintiffs' request as it pertains to the Proof of
Service of Summons.
///
///

8

2. <u>Plaintiffs First Cause of Action for Violation</u>
<u>of the Unruh Act</u>

United argues that Plaintiffs' first cause of
action for violation of the Unruh Act should be
dismissed because: (1) "Plaintiffs do not plead
specific facts to establish intentional conduct"; and
(2) "[P]laintiffs do not allege the conduct of which
they complained occurred in California."  Mot.
10:19-11:1.  Plaintiffs respond that their allegations
that United "actively ignore[ed]" Plaintiffs'
complaints and "chose to ignore" Plaintiffs' pleas for
help constitute "purposeful, deliberate, and
intentional actions and inactions by" United.  <u>See</u>
Opp'n 7:10-23, ECF No. 8.  Further, Plaintiffs assert
that they allege in their FAC that the wrongful conduct
started while the Flight was still grounded in Los
Angeles and again occurred twenty-five minutes
thereafter, so the "wrongful conduct in this matter
initially took place within the jurisdiction of
California and not out of state."[2]  <u>Id.</u> at 6:7-19.

---

[2] As a preliminary matter, Plaintiffs assert that the
instant Motion should be denied outright because United failed to
timely meet and confer in accordance with Central District Local
Rule ("Local Rule") 7-3.  <u>See</u> Opp'n 1:7-9.  Specifically,
Plaintiffs state that United's first attempt to meet and confer
occurred one day after the deadline proscribed by Local Rule 7-3.
<u>See</u> <u>id.</u> at 2:15-18.  Additionally, Plaintiffs maintain that when
they did eventually meet and confer with United, Untied failed to
address the following issues raised in their Motion: (1) "whether
Plaintiffs alleged [United] acted intentionally"; and (2)
"details as to the particular shortcoming or insufficiency" of
Plaintiffs' intentional infliction of emotional distress claim.
<u>See</u> <u>id.</u> at 8:12-15, 15:1-6.  United fails to address that their

1    The Unruh Act provides: "All persons within the
2    jurisdiction of this state are free and equal, and no
3    matter what their sex, race, color, religion, ancestry,
4    national origin, disability, medical condition, marital
5    status, or sexual orientation are entitled to the full
6    and equal accommodations, advantages, facilities,
7    privileges, or services in all business establishments
8    of every kind whatsoever." Cal. Civ. Code § 51(b). To

9    ────────────────────
10   initial communication attempt on June 24, 2020, was one day past
     the Local Rule 7-3 deadline. Instead, United plainly asserts
11   that after the initial attempt the delay in meeting was due to
     Plaintiffs' counsel's failure to respond, but ultimately a meet
12   and confer took place before the Motion was filed. <u>See</u> Reply
     2:14-23, ECF No. 9. Moreover, United argues that Plaintiffs have
13   suffered no prejudice because a "meaningful meet and confer
     conference was completed before the [M]otion was filed." <u>Id.</u> at
14   3:21-23.

15       When a party fails to comply with the requirements of the
     Local Rules, the court may strike or deny the party's motion.
16   <u>Oliver v. Luner</u>, No. LA:18-CV-02562-VAP-AFMX, 2018 WL 5928170, at
     *1 (C.D. Cal. May 21, 2018). However, the Court maintains
17   discretion to rule on the merits because the Local Rules do not
     require dismissal for failure to meet and confer. <u>See, e.g.</u>,
18   <u>ECASH Techs., Inc. v. Guagliardo</u>, 35 Fed. Appx. 498, 500 (9th
     Cir. May 13, 2002) (Unpub. Disp.) ("The Central District of
19   California's local rules do not require dismissal of appellee's
     motions for failure to satisfy the meet-and-confer
20   requirements . . . ."). Here, Plaintiffs fail to demonstrate
     that the lack of timely meet and confer prior to the filing of
21   the instant Motion prejudiced them in any way. Accordingly, the
     Court exercises its discretion to excuse any possible Local Rule
22   7-3 violations related to the Motion. <u>See CarMax Auto</u>
     <u>Superstores Cal. LLC v. Hernandez</u>, 94 F. Supp. 3d 1078, 1088
23   (C.D. Cal. 2015) ("Failure to comply with the Local Rules does
     not automatically require the denial of a party's
24   motion . . . particularly where the non-moving party has suffered
     no apparent prejudice as a result of the failure to comply.").
25   In light of this, and "based on the law's strong preference to
     determine cases on their merits," <u>Summer v. Berryhill</u>, No. 16-cv-
26   01872-BLF, 2017 U.S. Dist. LEXIS 109841, at *9 (N.D. Cal. July
     14, 2017), the Court exercises its discretion to consider the
27   merits of the Motion.

28

state a claim for discrimination under the Unruh Act, a plaintiff must allege: (1) that he was denied full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) that his protected characteristic was a motivating factor for this denial; (3) that defendant's denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's wrongful conduct caused him to suffer injury.  See Grundy v. Walmart Inc., No. CV 18-1720-PSG (SKX), 2018 WL 5880914, at *3 (C.D. Cal. June 22, 2018) (citing Phillips v. P.F. Chang's China Bistro, Inc., No. 5:15-cv-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 6, 2015)); Judicial Council of Cal. Civil Jury Instruction 3060.

Here, Plaintiffs allege that United and its flight attendants denied Plaintiffs "full and equal accommodations, advantages, facilities, privileges, or services . . . ."  FAC ¶ 64.  They further allege that the "substantial motivating reason" for this discrimination was "Plaintiffs' gender, age, and race." Id. ¶ 66.  Additionally, they allege United and its flight attendants' actions put Plaintiffs "at unnecessary risk of harm."  Id. ¶ 74.  As a result, Plaintiffs claim they "suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of

life, and fear of flying and travel . . . ." <u>Id.</u>
Further, Plaintiffs claim they "have suffered and
continue to suffer and were prevented and will continue
to be prevented from performing daily activities and
obtaining the full enjoyment of life; may sustain loss
of earnings and earning capacity; and may incur
expenses for medical and psychological treatment,
therapy, and counseling." <u>Id.</u>

As to whether United's conduct was intentional,
Plaintiffs allege that United: "allow[ed] Assailant
unfettered ability to sexually abuse and harass
Plaintiffs, as a passenger on the Flight, by actively
ignoring Plaintiffs' complaints"; "through Plaintiffs'
complaints, had actual notice of Assailant's wrongful
conduct and chose to ignore Plaintiffs' pleas for help
during the Flight"; and "unwittingly overlooked,
disregarded, ignored, and took for granted the fact
that sexual assaults and harassment can occur to young
African American males." <u>Id.</u> ¶¶ 64, 66.

"A claim for violation of the Unruh Act requires
showing intentional acts of discrimination and requires
evidence of intentional discrimination." <u>Williams v.
Twin Rivers Unified Sch. Dist.</u>, No. 2:17-CV-02364-JAM-
DB, 2018 WL 4735734, at *2 (E.D. Cal. Sept. 28, 2018)
(citing <u>Harris v. Capital Growth Inv'rs XIV</u>, 805 P.2d
873, 891 (Cal. 1991)). "A plaintiff bringing an Unruh
Act violation claim cannot allege intentional
discrimination in a conclusory fashion." <u>Grier v.</u>

1   <u>Brown</u>, 230 F. Supp. 2d 1108, 1120 (N.D. Cal. 2002)
2   (citing <u>Williams v. Twin Rivers Unified Sch. Dist.</u>, No.
3   2:17-CV-02364-JAM-DB, 2018 WL 4735734, at *2 (E.D. Cal.
4   Sept. 28, 2018)).

5       Here, the Court finds that Plaintiffs' allegations
6   as to intentional discrimination are conclusory.
7   Plaintiffs' FAC lacks any factual allegations as to how
8   or why the alleged ignoring of Plaintiffs' complaints
9   or pleas for help was racially motivated.   Further,
10  Plaintiffs fail to connect their allegation that
11  "United . . . unwittingly overlooked, disregarded,
12  ignored, and took for granted the fact that sexual
13  assaults and harassment can occur to young African
14  American males" to the facts of this specific Action
15  and these specific Plaintiffs.   And, in their
16  Opposition, Plaintiffs fail to cite any authority
17  supporting that these bare bones, conclusory
18  allegations are sufficient to survive a motion to
19  dismiss.   Accordingly, because Plaintiffs have failed
20  to sufficiently plead intentional discrimination, the
21  Court finds that Plaintiffs have failed to state a
22  claim for violation of the Unruh Act.   <u>See</u> <u>Williams</u>,
23  2018 WL 4735734, at *2 ("The Court finds that
24  Plaintiff's conclusory allegations of intentional
25  discrimination do not suffice to maintain a plausible
26  claim against Defendants for violating the Unruh Act
27  and therefore this claim must be dismissed.").   As
28  such, the Court **GRANTS** United's Motion as to first

cause of action in the FAC for violation of the Unruh

Act against United.[3]  Moreover, Plaintiffs' prayer for

treble damages and attorneys' fees is premised on

Plaintiff's Unruh Act claim.  <u>See</u> <u>generally</u> FAC; <u>see</u>

Opp'n 8:5-8 ("Because the Unruh Act claim satisfies the

applicable pleading standards, Plaintiffs are entitled

to pray for statutory damages of at least $4,000,

treble damages, and attorneys' fees under Civil Code

section 52(a).").  Because the Court **GRANTS** United's

Motion as to the Unruh Act Claim, Plaintiffs' prayer

for treble damages and attorneys' fees against United

also fails and the Court **GRANTS** the Motion on this

basis.

    3.  <u>Plaintiffs' Fifth Cause of Action for</u>
        <u>Intentional Infliction of Emotional Distress</u>

United asserts that Plaintiffs' fifth cause of

action for intentional infliction of emotional distress

should be dismissed because "the conduct by United was

not so extreme and outrageous as to exceed all bounds

of that usually tolerated in a civilized community."

Mot. 14:1-4.  Further, United argues that Plaintiffs

"fail to allege facts showing they suffered the

'extreme' or 'severe' emotional distress required to

support their claim for intentional infliction of

emotional distress."  <u>Id.</u> at 14:6-8.  In response,

---

[3] Because the Court **GRANTS** United's Motion as to Count One
on the grounds of failure to plead intentional discrimination,
the Court need not address United's argument that Plaintiffs fail
to plead that the conduct complained of occurred in California.

1   Plaintiffs state that given "the prevalent nature of

2   sexual assaults on aircraft . . . and [United]'s duty

3   to protect its passengers and authoritative role on the

4   aircraft," Roe 2's repeated failures to address

5   Plaintiffs' multiple complaints," and the fact that Roe

6   3 merely warned Assailant after several instances of

7   harassment and assault constitute "outrageous and

8   extreme conduct which recklessly disregarded of the

9   probability of causing emotional distress."  Opp'n

10  12:12-21.

11      To state a claim for intentional infliction of

12  emotional distress, a plaintiff must show: (1)

13  outrageous conduct by the defendant, (2) the

14  defendant's intention of causing or reckless disregard

15  of the probability of causing emotional distress, (3)

16  the plaintiff's suffering severe or extreme emotional

17  distress, and (4) actual and proximate causation of the

18  mental distress by the defendant's outrageous conduct.

19  Solomon v. Ling, No. CV 16-08216 RGK (SS), 2017 WL

20  8109984, at *6 (C.D. Cal. Apr. 27, 2017) (citing

21  Trerice v. Blue Cross of Cal., 257 Cal. Rptr. 338, 340

22  (Ct. App. 1989)).  "Conduct, to be 'outrageous' must be

23  so extreme as to exceed all bounds of that usually

24  tolerated in a civilized society."  Id.  "While the

25  outrageousness of a defendant's conduct normally

26  presents an issue of fact to be determined by the trier

27  of fact, the court may determine in the first instance,

28  whether the defendant's conduct may reasonably be

1  regarded as so extreme and outrageous as to permit

2  recovery." Id.

3      The factual allegations in the FAC relevant to

4  United's allegedly outrageous conduct are as follows:

5  (1) Assailant took her seat and began harassing Doe 1;

6  (2) twenty-five minutes later, Does 1 and 2 witnessed

7  Assailant taking prescription medications, then Doe 2

8  went to notify Roe 2 that Assailant was "harassing [Doe

9  1], cursing, and being belligerent and disruptive"; (3)

10  Roe 2 told Doe 2 that he would come to his row to check

11  and see; (4) Roe 2 never checked on Plaintiffs; (5)

12  Assailant continued to assault and make unwanted sexual

13  advances toward Doe 1; (6) Doe 2 went to Roe 2 to again

14  notify him of Assailant's inappropriate behavior; (7)

15  Roe 2 ignored Doe 2's second complaint and took no

16  action; (8) Assailant's sexual assault and abuse of Doe

17  1 intensified seventy-five minutes after the Flight's

18  scheduled departure with Assailant "grabbing and

19  groping [Doe 1's] quads and then stroking her hand

20  across his lap towards the inside of his leg near his

21  genitals"; (9) Doe 1 removed Assailant's hand and

22  "pleaded to Roe 3, who was walking past and overheard

23  [Doe 1] complaining . . . [and] witnessed Assailant's

24  inappropriate conduct . . . ."; (10) Roe 3 issued a

25  verbal warning to Assailant; (11) Assailant "grabbed

26  [Doe 1's] penis and ripped off his face mask"; (12) Doe

27  1 "jumped up from his seat and complained in front of

28  the entire plane that Assailant is 'touching me'"; Doe

16

1 rushed to notify Roe 2; (13) Roe 2 moved Assailant to
another Row.  FAC ¶¶ 48-54.

The Court finds that the alleged facts surrounding
United's conduct could permit a jury to find that the
conduct was outrageous within the meaning of a claim
for intentional infliction of emotional distress.  See
Murphy v. Allstate Ins. Co., 147 Cal. Rptr. 565, 575–76
(Ct. App. 1978) ("Whether the defendant's conduct was
outrageous and whether the plaintiff's emotional
distress was severe are generally questions of fact . .
. ."); Fowler v. Varian Assocs., Inc., 241 Cal. Rptr.
539, 545 (Ct. App. 1987) (stating that the court should
determine in the first instance whether the conduct was
so outrageous as to permit recovery, and ultimately
determining that the plaintiff's claim for intentional
infliction of emotional distress failed where "[n]o
fact in the record would permit a finding that [the
defendant]'s conduct was outrageous"); Restatement
(Second) of Torts § 46 ("Where reasonable men may
differ, it is for the jury, subject to the control of
the court, to determine whether, in the particular
case, the conduct has been sufficiently extreme and
outrageous to result in liability.").

Moreover, the Court finds that Plaintiffs
sufficiently alleged that: (1) United acted with a
reckless disregard of the probability of causing
emotional distress, see FAC ¶ 95; (2) Plaintiffs
suffered severe emotional distress, see id. ¶ 96; and

1  (3) actual and proximate causation of the distress by

2  United's outrageous conduct, <u>see</u> <u>id.</u> ¶ 97.

3  Accordingly, the Court finds that Plaintiffs

4  sufficiently alleged a claim for intentional infliction

5  of emotional distress and **DENIES** United's Motion as it

6  pertains to Count Five of the FAC.

7        4.   <u>Plaintiffs' Prayer for Punitive Damages</u>

8        United asserts that Plaintiffs' prayer for punitive

9  damages must be dismissed because Plaintiffs fail to

10  "allege or even attempt to set forth facts relative to

11  improper conduct of an officer, director or managing

12  agent of United."  Mot. 16:10-13.  Plaintiff responds

13  that their allegation that United "acted willfully and

14  maliciously with the intent to harm Plaintiffs, and in

15  conscious disregard of Plaintiffs' rights, so as to

16  constitute malice and oppression under Civil Code

17  section 3294" is sufficient to properly state a prayer

18  for punitive damages.  Opp'n 14:15-18.

19        California Civil Code section 3294 provides that a

20  court may award punitive damages where "it is proven by

21  clear and convincing evidence that the defendant has

22  been guilty of oppression, fraud, or malice."

23  Moreover, "[w]ith respect to a corporate employer, the

24  advance knowledge and conscious disregard,

25  authorization, ratification or act of oppression,

26  fraud, or malice must be on the part of an officer,

27  director, or managing agent of the corporation."  Cal.

28  Civ. Code § 3294.

Despite pleading that United is a corporation, <u>see</u> FAC ¶ 4, Plaintiffs nowhere allege that any officer, director, or managing agent of United had advance knowledge of and consciously disregarded, authorized, or ratified an act of oppression, fraud, or malice. Accordingly, Plaintiffs have failed to plead the necessary information to sustain a claim for punitive damages.   <u>See</u> <u>Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA</u>, No. 18-CV-00471-BAS-NLS, 2020 WL 1820124, at *8 (S.D. Cal. Apr. 10, 2020) ("Clearly, Plaintiffs have not made any allegations describing or relating to the conduct of 'an officer, director, or managing agent of' Defendant . . . As such Plaintiffs have failed to plead information necessary to sustain a claim for punitive damages."); <u>Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.</u>, No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("Plaintiff's failure, then, to include the names or titles of any individual actor is a fatal defect in its pleading of 'willful and malicious' conduct.") (citing <u>Xerox Corp. v. Far W. Graphics, Inc.</u>, 2004 WL 2271587, at *2 (N.D. Cal. Oct. 6, 2004) ("FWG requests punitive damages, but fails to allege any conduct by an officer, director or managing agent of Xerox sufficient to support the imposition of punitive damages against Xerox.")).   As such, the Court **GRANTS** United's Motion as it pertains to Plaintiffs' claim for punitive damages.

1        5.   <u>Plaintiff's Sixth Cause of Action for Negligent</u>

2            <u>Infliction of Emotional Distress and Prayer for</u>

3            <u>Declaratory and Injunctive Relief</u>

4      United argues that Plaintiff's sixth cause of

5 action for negligent infliction of emotional distress

6 is "duplicative and no different from their seventh

7 cause of action for general negligence," so it must be

8 dismissed.  Mot. 19:1-4.  Additionally, United asserts

9 that Plaintiffs' prayer for declaratory and injunctive

10 relief is a "figurative and literal afterthought [that]

11 has no basis whatsoever" and must be dismissed because

12 "Plaintiffs do not even provide conclusory contentions

13 to support a claim for injunctive relief, much less any

14 of the factually supported allegations that are

15 required."  <u>Id.</u> at 19:11-21.

16      Plaintiffs, in their Opposition, fail to address

17 United's arguments and instead state that "in an effort

18 to promote judicial efficiency, [Plaintiffs] submit

19 only to the arguments with respect to the cause of

20 action for negligent infliction of emotional distress

21 and prayer for declaratory and injunctive relief."

22 Opp'n 1:23-28.  Accordingly, the Court **GRANTS** the

23 Motion as it pertains to Count Six for negligent

24 infliction of emotional distress and the prayer for

25 declaratory and injunctive relief against United.

26     6.  <u>Leave to Amend</u>

27      A party may amend its complaint once "as a matter

28 of course" before a responsive pleading is served.

1   Fed. R. Civ. P. 15(a).  After that, a "party may amend
2   its pleading only with the opposing party's written
3   consent or the court's leave." <u>Id.</u>  "The court should
4   freely give leave when justice so requires." <u>Id.</u>  The
5   Ninth Circuit has noted that leave to amend lies
6   "within the sound discretion of the trial court."
7   <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir.
8   1981).  However, "leave to amend need not be granted
9   when 'any amendment would be an exercise in futility.'"
10   <u>Hoang v. Bank of America, N.A.</u>, 910 F.3d 1096, 1103
11   (9th Cir. 2018) (citations omitted).

12       Here, Plaintiffs have requested leave to amend
13   their FAC should United's Motion be granted.  <u>See</u> Opp'n
14   16:1-2.  The Court **DENIES** leave to amend Plaintiffs'
15   sixth cause of action for negligent infliction of
16   emotional distress because that is not a recognized
17   cause of action under California law.  <u>See</u> <u>Bassam v.</u>
18   <u>Bank of Am.</u>, No. CV-15-00587-MMM-FFMX, 2015 WL
19   12697873, at *4 (C.D. Cal. Nov. 3, 2015) ("Under
20   California law, NIED is not an independent cause of
21   action, but rather a negligence claim alleging that the
22   defendant breached a duty to protect the plaintiff's
23   mental well-being.") (internal citations and quotations
24   omitted); <u>Alghabra v. CVS Pharmacy, Inc.</u>, No. D059334,
25   2013 WL 1093478, at *10 (Cal. Ct. App. Mar. 18, 2013)
26   ("It is well settled that, unlike intentional
27   infliction of emotional distress, a claim of negligent
28   infliction of emotional distress is not an independent

tort; it is simply the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply."). But, the Court **GRANTS** leave to amend all remaining causes of action and prayers for relief that have been dismissed because amendment of these claims would not necessarily be futile.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** United's Motion. The Court **GRANTS with leave to amend** within twenty-one days of this Order as to: (1) Count One for Violation of the Unruh Act; (2) prayer for treble damages and attorneys' fees; (3) prayer for declaratory and injunctive relief; and (4) claim for punitive damages. The Court **GRANTS without leave to amend** as to Plaintiffs' claim for negligent infliction of emotional distress. The Court **DENIES** as to as to Plaintiffs' fifth cause of action for intentional infliction of emotional distress.

**IT IS SO ORDERED.**

DATED: September 25, 2020          /s/ Ronald S.W. Lew
                                   **HONORABLE RONALD S.W. LEW**
                                   Senior U.S. District Judge