WORTHE HANSON & WORTHE
TODD C. WORTHE – State Bar No. 177452
MACKENZIE C. FOELLMER – State Bar No. 255721
1851 East First Street, Suite 860
Santa Ana, California 82705
Telephone (714) 285-9600
Facsimile (714) 285-9700
TWorthe@Whwlawcorp.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1; AN INDIVIDUAL; and JOHN DOE 2, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., AN ILLINOIS CORPORATION; ROE 1, AN INDIVIDUAL; ROE 2, AN INDIVIDUAL; ROE 3, AN INDIVIDUAL; AND ROES 4 THROUGH 50, INCLUSIVE.<br><br>Defendants. | CASE NO. 2:20-cv-05554-RSWL(AGRx)<br>BEFORE THE HONORABLE Ronald S.W. Lew<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MACKENZIE C. FOELLMER, ESQ.<br>[*Federal Rules of Civil Procedure,* Rule 12(b)(6)]<br><br>Date: December 1, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD<br><br>Complaint Filed: May 18, 2020 |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1

1  PLEASE TAKE NOTICE that on December 1, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom TBD, Defendant, UNITED AIRLINES, INC. ("United") will and hereby does move this Court, with respect to the Second Amended Complaint (ECF Doc. 12) and pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing plaintiff, JOHN DOE 1 ("Doe 1") and JOHN DOE 2's ("Doe 2," collectively, "plaintiffs' ") first cause of action for violation of the Unruh Act. United further moves the Court for dismissal of plaintiffs' prayer for punitive damages, treble damages, and attorneys' fees.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 22, 2020. Counsel were unable to reach any agreement that would obviate the need for the motion. [See Declaration of Mackenzie C. Foellmer, Esq. "Foellmer Dec."]

The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, declaration of Mackenzie C. Foellmer, Esq., all the papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court prior to or at the hearing.

DATED: October 26, 2020   WORTHE HANSON & WORTHE
By: /s/ Todd Worthe
TODD C. WORTHE
MACKENZIE C. FOELLMER
Attorneys for Defendant, UNITED AIRLINES, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ......................5

  I.  INTRODUCTION ........................................................................5

  II. STANDARDS GOVERNING A MOTION TO DISMISS ..........7

  III.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE UNRUH ACT .....................................8

  IV.  PLAINTIFFS HAVE NOT PLEADED FACTS SUFFICIENT TO SUPPORT A PUNITIVE DAMAGE CLAIM AGAINST THE CORPORATION ............................................................11

  V. CONCLUSION........................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) .................................................. 8

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 545, citations omitted) ...................................... 8

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) ............................................ 8

*De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978) ..................................................... 7

*Grundy v. Walmart Inc.*, No. CV 18-1720-PSG (SKX), 2018 WL 5880914, at *3 (C.D. Cal. June 22, 2018) ................................................................................. 9

*Manzarek v. Marine,* 519 F.3d at 1031 (9th Cir. 2008.) ........................................................ 8

*Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15- cv-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 6, 2015 .................................................................. 9

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009 ................................................... 7

*Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010) .................. 8

*Tomaselli v. TransAmerica Ins. Co.*, 25 Cal. App. 4th 1269, 1281 (1994) ................................ 11

*Whittlestone, Inc. v. Handi-Craft Company* 618 F.3d 970, 976 (9th Cir. 2010) ............................ 8

*Woolstrum v. Mailloux*, 141 Cal. App. 3d Supp.11, 190 Cal. Rptr. 735 (1983) ........................... 11

**Statutes**

Cal. Civ. Code § 3294(b) ........................................................................................ 12

California's Unruh Civil Rights Act, Cal. Civ. Code § 51 ............................................. 5

Civil Code section 3294 ........................................................................................... 7

Rule 12(b)(6) ................................................................................................... 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

United submits this motion against the backdrop of a recent, comprehensive, order in which the Court granted United's motion to dismiss the first cause of action in Plaintiffs' first amended complaint. ECF Doc. 11 at pp.13-14. That was a claim under California's Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act").

In the September 25, 2020 order, the Court correctly held that (1) "[a] claim for violation of the Unruh Act requires showing intentional acts of discrimination" and (2) "[a] plaintiff bringing an Unruh Act violation claim cannot allege intentional discrimination in a conclusory fashion. ECF Doc. 11 at p.12. Fairly characterizing plaintiffs' allegations of intentional discrimination as "bare bones" and "conclusory," the Court found "Plaintiffs have failed to state a claim for violation of the Unruh Act." *Id.* at p.13.

Additionally, because "Plaintiffs' prayer for treble damages and attorneys' fees is premised on Plaintiff's Unruh Act claim[,]" the Court also granted United's motion insofar as it challenged Plaintiffs' claim for such relief. *Id.* at p.14.

Finally, the Court observed that "Plaintiffs nowhere allege that any officer, director, or managing agent of United had advance knowledge of and consciously disregarded, authorized, or ratified an act of oppression, fraud, or malice." *Id.* at p.19. As such, the Court held "Plaintiffs have failed to plead the necessary information to sustain a claim for punitive damages." *Id.*

Reasoning that amendment of these claims would not *necessarily* be futile, Plaintiffs were given leave to attempt to replead these claims. *Id.* at pp.21-22. The second amended complaint ("SAC") (ECF Doc. 12) is Plaintiffs' effort to re-state

the claims. But what the SAC reveals is the reality that Plaintiffs have failed to cure the fatal defects to which the Court pointed in its order. It also supports the reasonable inference that Plaintiffs simply cannot do so. As such, the first cause of action should be dismissed with prejudice; and the claims and prayers for treble damages, attorneys' fees and punitive damages should be dismissed as well.

For purposes of this motion, general familiarity with the alleged facts is presumed. That is both because (a) the facts are faithfully recited in the Court's recent order (ECF Doc. 11 at pp. 2-4) and (b) they are largely unchanged in the SAC. When comparing the SAC against the prior pleading, the most notable change is the addition of new accusations and characterizations – averments that are wholly conclusory. Equally conspicuous in the comparison between the pleadings, new and old, is the absence of any additional, *factually*-supported allegations in the SAC.

These are the highlights of what little was done to change the FAC and thereby create the SAC. Plaintiffs now allege that Roe 2 and Roe 3 "purposefully" ignored Plaintiffs' complaints instead of doing so "unwittingly." Compare ECF Doc.12 at ¶ 62 and ECF Doc. 1-3 at ¶ 66. Plaintiffs have inserted a conclusory allegation that the flight attendants discriminated against Plaintiffs by "intentionally and actively ignoring" their complaints and failing to enforce adequate policies and procedures in response to the alleged assault and harassment by a fellow passenger. See ECF No. 12 at ¶ 65.

Critically missing, now as before, are alleged *facts* that show United's actions were animated by an invidious, discriminatory reason or purpose. Just as in the FAC, in the SAC plaintiffs offer only the conclusory claim that United's actions were substantially motivated by Plaintiffs' "gender, age and race." *Id.*

Driven to somehow inject punitive damages into this case, Plaintiffs now also include a roster of the names and current titles of members of the airline's senior executive team. *Id.* at ¶ 102. They pair this list with entirely conclusory assertions that these executives – each and every one of the 18 of them – in some unspecified way "acted willfully and maliciously in conscious disregard of PLAINTIFFS' rights and wellbeing onboard the FLIGHT, so as to constitute malice and oppression under Civil Code section 3294." *Id*. (In fact, in assailing people about whom they know virtually nothing, Plaintiffs go beyond the 18 named executives and include the entirety of United's Board of Directors and a group they generically denominate as "[a]ny additional officers, directors, managers, and supervisors whose identity is currently unknown to PLAINTIFFS." *Id.*)

Apart from the ruse of transforming names on a corporate organization chart into a basis for a punitive damage claim, the fact remains that the SAC still has no allegations regarding the: (a) supposed advance knowledge of the unfitness of two specific flight attendants (Roe 2 and Roe 3) and (b) ratification of the flight attendants' alleged wrongful conduct by the United executives.

## II. STANDARDS GOVERNING A MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009); *Al-*

7

*Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). A Rule 12(b)(6) motion is proper when the complaint fails to allege sufficient facts under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief. *Id.*

Although allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996), courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. Marine,* 519 F.3d at 1031 (9th Cir. 2008.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 545, citations omitted)

In *Whittlestone, Inc. v. Handi-Craft Company* 618 F.3d 970, 976 (9th Cir. 2010), the Court held that FRCP Rule 12(b)(6) was an appropriate vehicle to strike a claim for damages. *Id.* at 974.

### III. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE UNRUH ACT

As explained above, Plaintiffs' allegations of allegedly intentional discrimination are little changed from the FAC. Even though Plaintiffs latest

8

attempt includes throwing in buzzwords that United purposely, actively and intentionally ignored Plaintiffs' complaints, no *facts* are alleged to establish how these actions were racially motivated. Once again, Plaintiffs offer nothing more than the vapid assertion that a substantial motivating reason for United's conduct was plaintiffs' gender, age and race. See ECF Doc. 12 at ¶ 67.

As the Court has already explained, "[t]o state a claim for discrimination under the Unruh Act, a plaintiff must allege: (1) that he was denied full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) that his protected characteristic was a motivating factor for this denial; (3) that defendant's denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's wrongful conduct caused him to suffer injury. *Id*. at pp.10-11, citing *Grundy v. Walmart Inc.*, No. CV 18-1720-PSG (SKX), 2018 WL 5880914, at *3 (C.D. Cal. June 22, 2018) (citing *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15- cv-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 6, 2015)); Judicial Council of Cal. Civil Jury Instruction 3060).

The same shortcomings that were fatal to the Unruh Act claim in the FAC are equally evident in the SAC. These are, most notably, the lack of factual support for the propositions that (a) Plaintiffs' protected characteristic was a motivating factor for the alleged discrimination and (b) United's actions were intentionally discriminatory. Factually unsupported allegations do not gain gravitas or legal sufficiency, merely by swapping one adjective for a different one. In other words, flight attendants once alleged to have "unwittingly ignored" Plaintiffs' complaints of harassment by another passenger, are not transformed into purveyors of intentional discrimination, because they are now alleged to have "purposefully ignored" the complaints.

What is important is that Plaintiffs continue to fail to plead specific facts that show the alleged disregard by the flight attendants was racially motivated. It is entirely unclear what Plaintiffs mean by the (seemingly inconsistent) allegation that the flight attendants "overlooked, disregarded, ignored, and took for granted the fact that sexual assaults and harassment can occur to young African American males" (ECF Doc. 12 at ¶ 67), particularly since anyone, old or young, white or black, male or female, can be subjected to sexual assault and harassment. On the other hand, what is clear is that this cryptic allegation does not breathe life into a lifeless claim for intentional discrimination.

Precisely the same is true of the confusing, but conclusory, allegation that United "acted with intentional disregard and indifference, under notice of two young, large and muscular, African American men being sexually assaulted by an older white lady." *Id.* at ¶ 68. Moreover, notions that unsubstantiated media reports, or vaguely described "studies," reflect the thinking of two particular United flight attendants, much less that they show they acted on account of race, gender or age, are nothing short of preposterous.

The bottom line is this: even with the Court having explained the Unruh Act cause of action in the FAC was legally unsustainable, and the reasons why, Plaintiffs continue to come up short. The only reasonable inference is that they cannot in good faith, and consistent with their obligations under Rule 11, allege *facts* that show United's actions or inactions were intentionally discriminatory and animated by Plaintiffs' race, gender or age.

Again, Plaintiffs' potential entitlement to statutory damages and attorneys' fees are tied solely to their claim under the Unruh Act. Since the latter is legally infirm, the claim for this relief is untenable. Just as the first cause of action fails, so too do the claims for statutory damages and attorneys' fees.

## IV. PLAINTIFFS HAVE NOT PLEADED FACTS SUFFICIENT TO SUPPORT A PUNITIVE DAMAGE CLAIM AGAINST THE CORPORATION

Plaintiffs' claimed entitlement to punitive damages is tied exclusively to their cause of action for intentional infliction of emotional distress. As noted, Plaintiffs have added three paragraphs (ECF Doc. ¶¶ 101-103) in which they strain to suggest 18 named, senior executives, and the entire corporate board of directors, are in some way implicated in events that culminated in Plaintiffs' alleged sexual assault by another passenger with whom they shared a row of seats during a particular flight.

Plaintiffs' primary claim is that United is liable for punitive damages based on the conduct of two particular flight attendants – actions Plaintiffs' struggle to suggest exceeded all bounds of that usually tolerated in a civilized community and were therefore "outrageous."

Because the law disfavors punitive damages, an award of such damages is only proper in the "clearest of cases." See *Woolstrum v. Mailloux*, 141 Cal. App. 3d Supp.11, 190 Cal. Rptr. 735 (1983). Conduct that will support punitive damages must have been "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Tomaselli v. TransAmerica Ins. Co.*, 25 Cal. App. 4th 1269, 1281 (1994). For Plaintiffs and their quest for exemplary damages, the first problem is that the flight attendants' conduct – even as they have alleged it – does not rise to the level required for an award of such damages.

In addition, for United, as a corporation, to be liable for punitive damages based on this purportedly wretched, vile conduct by two employees, Plaintiffs must allege (and ultimately prove by clear and convincing evidence) that United had

11

advance knowledge of the unfitness of the employees and nonetheless ratified their wrongful conduct. Cal. Civ. Code § 3294(b). Here, as before, Plaintiffs fail to allege what they must. Plaintiffs fail to allege – and cannot do so in good faith– that any of the senior United executives knew anything at all about Roe 2 or Roe 3, much less that they knew, before the incident flight, they were unfit, and yet went on to ratify their conduct.

To what they inadequately alleged before – and insufficiently re-allege now – Plaintiffs also suggest that United faces liability for punitive damages based on boilerplate, conclusory allegations about United policies and procedures with respect to allegations of inflight sexual assault.

Yet the best evidence of how Plaintiffs are truly grasping at straws may be their confusion over the most basic facts. For example, Plaintiffs seem uncertain whether United *had* policies but failed to enforce them or *did not have* policies they reckon the airline ought to have had. This elemental uncertainty leads them to refer, repeatedly, to a "lack of and/or failure to enforce adequate policies." See ECF Doc. 12 at ¶¶ 58, 65, 66, 94, 95.

However, without even that much known to and alleged by Plaintiffs, it is evident they have not alleged a factual basis for the potential imposition of punitive damages. Nor have they come close to alleging what the 18 or more senior executives might have done or not done with respect to the policies that either do or do not exist and which Plaintiffs claim either were or were not enforced.

Plaintiffs have not alleged – and cannot in good faith and consonant with Rule 11 allege – facts to support a claim for punitive damages in this case. The claim should be dismissed without further leave to amend.

## V. CONCLUSION

The first cause of action, for violation of the Unruh Act, should be dismissed. Along with the dismissal of that insufficiently alleged claim, Plaintiffs' prayer for treble damages and attorney's fees must also be dismissed. Plaintiffs' claim for punitive damages should also be dismissed because Plaintiffs cannot plead what the law requires for such extraordinary relief. Finally, Plaintiffs should not be allowed further leave to amend the complaint. They have filed three complaints already; a fourth would be futile.

DATED: October 26, 2020      WORTHE HANSON & WORTHE
By: /s/ *Todd Worthe*
TODD C. WORTHE
MACKENZIE C. FOELLMER
Attorneys for Defendant, UNITED AIRLINES, INC.

# **DECLARATION OF MACKENZIE C. FOELLMER**

1. I am an attorney at law duly licensed to practice before all the Courts in the State of California including the United States District Court, Central District of California, and a partner in the law firm of Worthe Hanson & Worthe, A Law Corporation, and attorney of record for defendant, United Airlines, Inc. in the above-captioned action.  As such, I have personal knowledge of the file and pleadings in this matter and facts stated herein.  If called upon as a witness, I could and would competently testify to the following:

2. On October 22, 2020, I met and conferred via telephone with counsel for plaintiffs regarding the instant motion as required by Local Rule 7-3.  I respectfully submit that the parties have satisfied the *Central District Local Rules*, Rule 7-3.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of October 2020 at Santa Ana, California.

                                         */s/ Mackenzie C. Foellmer*

                                                      Declarant