Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
12301 Wilshire Blvd., Suite 520
Los Angeles, CA 90025
Telephone:   (424) 369-5353
Facsimile:   (424) 369-5356
Email:       darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
8605 Santa Monica Blvd, PMB 62407
West Hollywood, CA 90069-4109
Telephone:   (888) 914-6670
Facsimile:   (888) 914-8322
Email:       benji@azizianlaw.com

Attorneys for Plaintiffs, JOHN DOE 1 and JOHN DOE 2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual, | Case No.: 2:20-cv-05554-RSWL-AGR |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| UNITED AIRLINES, INC., an Illinois Corporation; ROE 1, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive, | Date: December 1, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD |
| Defendants. | Complaint Filed: May 18, 2020<br>FAC Filed: May 20, 2020<br>SAC Filed: October 13, 2020 |

/ / /

/ / /

Plaintiffs John Doe 1 and John Doe 2 (collectively, "Plaintiffs"), by and through their counsel of record, hereby file this Opposition to Defendant United Airlines, Inc.'s ("Defendant") Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint.

This Opposition is based upon the following Memorandum of Points and Authorities, all papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court or at the hearing.

Dated: November 9, 2020            **THE DARWISH LAW FIRM, APC**


                                   By:  */s/ Darren D. Darwish*
                                   _____
                                        Darren D. Darwish, Esq.
                                        Attorneys for Plaintiffs
                                        JOHN DOE 1 and JOHN DOE 2


Dated: November 9, 2020            **AZIZIAN LAW, P.C.**


                                   By:  */s/ Benjamin A. Azizian*
                                   _____
                                        Benjamin A. Azizian, Esq.
                                        Attorneys for Plaintiffs
                                        JOHN DOE 1 and JOHN DOE 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant's Motion to Dismiss focuses on two misguided propositions: Plaintiffs have not adequately alleged intentional discrimination under the Unruh Act claim; and Plaintiffs have not pled sufficient facts to support a punitive damage claim against Defendant. Defendant's arguments are unsupported by either the facts or the law. Plaintiffs' claims should proceed.

Defendant's Motion should be denied as the allegations and causes of action in Plaintiffs' Second Amended Complaint are sufficiently pled. Plaintiffs' Second Amended Complaint establishes sufficient facts to state a claim for violation of the Unruh Act. Consequently, Plaintiffs are entitled to a prayer for statutory damages, treble damages, and attorneys' fees under Civil Code 52(a). Plaintiffs allege sufficient facts to properly state a prayer for punitive damages. As such, Defendant's Motion to Dismiss should be denied in its entirety.

Alternatively, to the extent the Motion to Dismiss is granted, Plaintiffs request leave to amend.

## II.   LEGAL STANDARD FOR MOTION TO DISMISS AND REQUEST FOR LEAVE TO AMEND (IF MOTION TO DISMISS IS GRANTED)

A motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the Complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most

favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

Dismissal under Federal Rule of Civil Procedure section 12(b)(6), for failure to state a claim upon which relief can be granted, is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quotation omitted). "[A] complaint need not contain detailed factual allegations; rather, it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotations omitted); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (complaint's factual allegations need only "raise a right to relief above the speculative level.") (citation omitted). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (quotation omitted). Because of the drastic nature of a motion to dismiss and the importance of safeguarding a plaintiff's right to a trial, "to affirm this type of dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985); *see also*, *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982). Under these standards, Plaintiffs state cognizable claims for relief, and Defendant's Motion must be denied.

The court must accept as true all allegations of material fact offered by the non-moving party and draw all justifiable inferences in the light most favorable to the non-moving party. *See N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In the event a complaint is deemed deficient, "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend… absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032 (9th Cir. 2015); see also Martin v. Tradewinds Beverage Co., No.

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

1   CV16-9249 PSG (MRWX), 2017 WL 1712533, at *12 (C.D. Cal. Apr. 27, 2017)

2   ("The Court… may deny leave to amend if plaintiff has repeatedly failed to cure

3   deficiencies or if amendment would be futile.").

4          If the Court dismisses a claim, it must decide whether to grant leave to amend.

5   In keeping with this liberal pleading standard, the court should grant the plaintiff

6   leave to amend if the complaint can possibly be cured by additional factual

7   allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). The Ninth Circuit

8   has "repeatedly held that a district court should grant leave to amend even if no

9   request to amend the pleading was made, unless it determines that the pleading could

10  not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,

11  1130 (9th Cir.2000) (quotation marks and citations omitted).

12         In the event that the Court finds Plaintiffs' allegations insufficient, Plaintiffs

13  request leave to amend the Second Amended Complaint.

14  **III.   PLAINTIFFS PROPERLY STATE A CLAIM FOR VIOLATION OF**

15  **THE UNRUH ACT**

16         Defendant tenuously argues that the first cause of action for violation of the

17  Unruh Act should be dismissed because "Plaintiffs' allegations of allegedly

18  intentional discrimination are little changed from the [First Amended Complaint]."

19  Mot. 8:26-27, ECF No. 13. To support its position, Defendant attempts to

20  conveniently distract this Court by arguing Plaintiffs merely swapped adjectives

21  and nothing more in their Second Amended Complaint, rather than focus on the

22  specific factual allegations that were added by Plaintiffs to support how/why the

23  alleged act of the flight attendants (Defendant Roes 2 and 3) choosing to ignore

24  Plaintiffs' complaints and/or pleas for help was racially and gender motivated.

25         In its September 25, 2020 Order, the Court provided the essential factual

26  elements that must be alleged to state a claim for discrimination under the Unruh

27  Act: (1) that he was denied full and equal accommodations, advantages, facilities,

28  privileges, or services in a business establishment; (2) that his protected

3

characteristic was a motivating factor for this denial; (3) that defendant's denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's wrongful conduct caused him to suffer injury. ECF No. 11, pp. 10-11, citing *Grundy v. Walmart Inc.*, No. CV 18-1720-PSG (SKX), 2018 WL 5880914, at *3 (C.D. Cal. June 22, 2018) (citing *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-cv-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 6, 2015)); Judicial Council of Cal. Civil Jury Instruction 3060. These essential factual elements have been sufficiently and properly pled in Plaintiffs' Second Amended Complaint.

Here, Plaintiffs' central allegation is that based on Plaintiffs' gender, age, and race, Defendants intentionally and actively ignored Plaintiffs' complaints and that there was a lack of and/or failure to enforce adequate policies and procedures for a proper response to Assailant's sexual assault and harassment. ECF No. 12, ¶ 65. Plaintiffs detail how and why the alleged ignoring of Plaintiffs' complaints or pleas for help was racially motivated by asserting the following:

67.   The substantial motiving reason for UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults was PLAINTIFFS' gender, age, and race. Their conduct, taken in its totality, amounted to intentional discrimination based on PLAINTIFFS' age, sex, and race. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, overlooked, disregarded, ignored, and took for granted the fact that sexual assaults and harassment can occur to young African American males.

68.   In particular, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, acted with intentional disregard and indifference, under notice of two young, large and muscular, African American men being sexually assaulted and harassed by an older white lady. Their concurrent and subsequent actions reflected an active decision and thought process reflected in the studies discussed above - i.e. that sexual assault and harassment does not occur to young African American men, let alone to two large, muscular young men at the hands of an older white female. Further, should such harassment and

4

assault occur, it was not worth their time and effort to properly address, resolve, and prevent additional occurrences pursuant to any training and policy and procedures.

ECF No. 12, ¶¶ 67-68.

Plaintiffs specifically allege in Paragraphs 67 and 68 of their Second Amended Complaint that Defendants chose not to take action and protect them against sexual assault because Defendants observed, and concluded, that young, large and muscular, African American men cannot be victims of sexual assault. Further, Plaintiffs allege that Defendants' conduct was founded on Defendants prior knowledge of the growing prevalence of in-flight sexual assaults, as detailed by the myriad of wide-spread reports and studies in Paragraphs 21 through 30. Id. at ¶¶ 31, 66, and 68. Simply put, Plaintiffs' protected characteristics (i.e. gender, age, and race) was the motivating factor for the denial (i.e. protection against sexual assault), and such denial was the result of intentional discrimination (i.e. Defendants *actively* ignored Plaintiffs' complaints and pleas for help on the basis that sexual assault and harassment does not occur to young African American men, let alone to two large, muscular young men at the hands of an older white female).

Contrary to Defendant's attempts, Plaintiffs need not prove their case at the pleading stage. Rather, in federal court, Plaintiffs are required to plausibly allege intentional discrimination to state a claim under the Unruh Civil Rights Act. *Duronslet v. Cty. of Los Angeles*, 266 F. Supp. 3d 1213, 1217 (C.D. Cal. 2017). Plaintiffs have met that standard here. Unlike the plaintiff in *Duronslet* who failed to plausibly allege that the defendant knew of her transgender status, Plaintiffs in this matter allege Defendants knew of Plaintiffs' gender, age, and race based on the repeated complaints Plaintiffs made to Defendants. ECF No. 12, ¶¶ 48-53. Each time Defendants were notified by Plaintiffs of the Assailant's wrongful conduct, Plaintiffs' gender, age, and race was apparent to Defendants and, on that basis, Defendants intentionally ignored their complaints and pleas for help by concluding

1    they could not be victims of sexual assault. Id.

2         Plaintiffs have properly pled sufficient facts to support their claim for

3    violation of the Unruh Act against Defendant. Therefore, Plaintiffs are entitled to

4    pray for statutory damages, treble damages, and attorneys' fees under Civil Code

5    52(a).

6    **IV.   PLAINTIFFS HAVE PLED FACTS SUFFICIENT TO SUPPORT A**

7    **CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT**

8         Defendant argues Plaintiffs' prayer for punitive damages should be dismissed

9    because Plaintiffs have not alleged sufficient facts supporting such an award.

10   Defendant argues, relying on idioms and hyperbole, that Plaintiffs fail to allege

11   punitive damages under the corporate employer standard. This Court should reject

12   Defendant's arguments.

13        As the Court explained in its Order, "California Civil Code section 3294

14   provides that a court may award punitive damages where 'it is proven by clear and

15   convincing evidence that the defendant has been guilty of oppression, fraud, or

16   malice.'" ECF No. 11, 18:19-22, citing Cal. Civ. Code § 3294. Moreover, "[w]ith

17   respect to a corporate employer, the advance knowledge and conscious disregard,

18   authorization, ratification or act of oppression, fraud, or malice must be on the part

19   of an officer, director, or managing agent of the corporation." Id.

20        Because "[c]orporations are legal entities which do not have minds capable

21   of recklessness, wickedness, or intent to injure or deceive[, a]n award of punitive

22   damages against a corporation therefore must rest on the malice of the corporation's

23   employees*." Cruz v. HomeBase*, 83 Cal.App.4th 160, 167, 99 Cal.Rptr.2d 435

24   (2000). Moreover, corporations are only liable for punitive damages if the corporate

25   leaders acted with the requisite intent. *Id*. ("the punitive damage statute requires

26   proof of malice among corporate leaders: the 'officer[s], director[s], or managing

27   agent[s].'" (citing Cal.Civ.Code § 3294(b)). Without allegations of such conduct,

28   courts have stricken requests for punitive damages. *Scannel v. County of Riverside*,

6

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

152 Cal.App.3d 596, 614, 199 Cal.Rptr. 644 (1984) (striking allegations pertaining to punitive damages where plaintiff failed to plead that acts of the defendant corporation were done with knowledge or under the express ratification of an officer, director or managing agent of the corporation); see also *Xerox Corp. v. Far Western Graphics, Inc.*, 2004 WL 2271587, *2 (N.D.Cal. Oct.6, 2004) (striking request for punitive damages based on plaintiff's failure to allege any conduct by defendant corporation's officer, director or managing agent).

Here, Plaintiffs have sufficiently *pled* facts to support a claim for punitive damages under the corporate employer standard. Plaintiffs allege and list several members of Defendant's corporate leadership, including individuals that share in the responsibility of ensuring the safety of their passengers. ECF No. 12, ¶¶ 102-103. Plaintiffs allege that the specified corporate leadership acted willfully and maliciously in conscious disregard of Plaintiffs' rights and wellbeing onboard the subject flight. Id. at ¶ 102. Particularly, Plaintiffs' allege specific facts that Defendant's specified corporate leadership failed to implement and/or enforce adequate policies and procedures for the proper response to in-fight sexual assaults, despite their advance knowledge of a myriad of reports of in-flight sexual assaults. Id. at ¶¶ 21-31, 103.

Defendant tenuously argues that Plaintiffs are confused as to whether Defendant had or did not have adequate policies and procedures, and thus the claim for punitive damages must be dismissed. Plaintiffs' are not. Plaintiffs' pleading is not confusing and does not violate the *pleading* standard. Plaintiffs are entitled to plead in the alternative. A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient. Fed. R. Civ. P. 8., see *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

The very essence of Plaintiffs' claim is that Defendant, through the specified corporate leadership, either had policies and procedures in effect but not enforced or should have had policies and procedures in effect. ECF No. 12, ¶¶ 102-103.

1  Defendant, through the specified corporate leadership, consciously disregarded the
2  need to enforce and have in place, adequate policies and procedures for the proper
3  response to in-flight sexual assaults. Id.

4        Defendant conveniently ignores the pleading standards of the Federal Rules
5  of Civil Procedure. Specifically, Federal Rules of Civil Procedure Rule 9(b)
6  provides, "[m]alice, intent, knowledge, and other condition of mind of a person may
7  be averred *generally*." (emphasis added) Although Defendant properly cites that
8  Cal. Civ. Code §3294 provides the governing substantive law for punitive damages,
9  the Federal Rules of Civil Procedure govern the Court's determination regarding
10 the adequacy of the pleadings. *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018
11 (S.D. Cal. 2000). Therefore, a plaintiff's prayer for relief *may* rest on unsupported
12 and conclusory averments of malice or fraudulent intent. *Id*. at 1019 (emphasis
13 added); *See also Clark v. State Farm Mutual Automobile Ins. Co*., 231 F.R.D. 405
14 (C.D. Cal. 2005) (holding that bare allegations of oppression, fraud or malice were
15 sufficient and denying motion to strike punitive damage allegations). Thus, "in
16 federal court, a plaintiff may include a 'short and plain' prayer for punitive damages
17 that relies entirely on unsupported and conclusory averments of malice and
18 fraudulent intent." *Clark v. Allstate,* at 1019.

19       Plaintiffs' Second Amended Complaint complies with Federal Rules of Civil
20 Procedure Rules 8 and 9 because it clearly and properly requests punitive damages
21 and makes assertions of intentional and malicious conduct on the part of
22 Defendant's specified corporate leadership. Plaintiffs have alleged, ***in good faith***,
23 facts to support a claim for punitive damages in this matter. Whether Defendant's
24 actions actually rise to the level of morally culpable conduct justifying punitive
25 damages is not for the Court to resolve in a motion to dismiss, particularly at the
26 pleading stage. Plaintiffs' claim for punitive damages should not be dismissed.
27 / / /
28 / / /

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

## V.    CONCLUSION

Defendant's Motion should be denied as Plaintiffs establish sufficient facts to state a claim for violation of the Unruh Act. Plaintiffs have properly pled sufficient facts to support their claim for violation of the Unruh Act against Defendant, and in turn are entitled to pray for statutory damages, treble damages, and attorneys' fees under Civil Code 52(a). Further, Plaintiffs have sufficiently pled facts to support a claim for punitive damages under the corporate employer standard. As such, Defendant's Motion to Dismiss should be denied in its entirety.

Alternatively, to the extent the Motion to Dismiss is granted, Plaintiffs respectfully request leave to amend.


Dated: November 9, 2020                    **THE DARWISH LAW FIRM, APC**



By:   _/s/ Darren D. Darwish_
      Darren D. Darwish, Esq.
      Attorneys for Plaintiffs
      JOHN DOE 1 and JOHN DOE 2



Dated: November 9, 2020                    **AZIZIAN LAW, P.C.**



By:   _/s/ Benjamin A. Azizian_
      Benjamin A. Azizian, Esq.
      Attorneys for Plaintiffs
      JOHN DOE 1 and JOHN DOE 2