WORTHE HANSON & WORTHE
TODD C. WORTHE – State Bar No. 177452
MACKENZIE C. FOELLMER – State Bar No. 255721
1851 East First Street, Suite 860
Santa Ana, California 82705
Telephone (714) 285-9600
Facsimile (714) 285-9700
TWorthe@Whwlawcorp.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1; AN INDIVIDUAL; and JOHN DOE 2, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., AN ILLINOIS CORPORATION; ROE 1, AN INDIVIDUAL; ROE 2, AN INDIVIDUAL; ROE 3, AN INDIVIDUAL; AND ROES 4 THROUGH 50, INCLUSIVE.<br><br>Defendant | CASE NO. 2:20-cv-05554-RSWL(AGRx)<br>BEFORE THE HONORABLE Ronald S.W. Lew<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>[*Federal Rules of Civil Procedure,* Rule 12(b)(6)]<br><br>Date: December 1, 2020<br>Time: 10:00 a.m.<br>Crtrm: TBD<br><br>Complaint Filed: May 18, 2020 |

Defendant UNITED AIRLINES, INC. ("United") respectfully submits the following reply to the opposition of plaintiffs JOHN DOE 1 ("Doe 1") and JOHN DOE 2 ("Doe 2," collectively, "plaintiffs") to United's motion to dismiss the first cause of action (for violation of the Unruh Civil Rights Act) and prayer for

punitive damages, treble damages, and attorneys' fees, contained in the second amended complaint ("SAC") (ECF Doc. 12).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Court, plaintiffs and United all agree on one thing: to state an actionable claim for violation of the Unruh Act, plaintiffs must plead *nonconclusory facts showing intentional discrimination*. See ECF Doc. 11 at pp.12-13 (quoting *Grier v. Brown*, 230 F. Supp. 2d 1108, 1120 (N.D. Cal. 2002) ("A plaintiff bringing an Unruh Act violation claim cannot allege intentional discrimination in a conclusory fashion.")

In its order granting United's prior motion to dismiss that challenged the sufficiency of the first amended complaint ("FAC"), the Court found "that Plaintiffs' allegations as to intentional discrimination are conclusory." *Id.* at p.13. Now, plaintiffs' halfhearted claims to the contrary notwithstanding, the allegations in the SAC that strain to describe unlawful, intentional discrimination, are no more factual, or nonconclusory, than those that preceded them. The allegations in the SAC are equally insufficient.

In response to United's challenge to the allegations regarding punitive damages, plaintiffs claim their factually "unsupported and conclusory averments of malice or fraudulent intent" suffice. However, their argument that liberal pleading rules free them from having to allege a factual basis for their punitive damage claim relies on outmoded authority that is incompatible with the Supreme Court holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

///

///

In fact, as before, plaintiffs have not alleged what is required to state a legally actionable claim under the Unruh Act or to recover punitive damages under California law.

## II. ARGUMENT

### A. Plaintiffs Have Not Alleged and Cannot in Good Faith Allege Intentional Discrimination by United

"Plaintiffs pursuing Unruh Act claims in federal courts may not rely on a conclusory allegation of intentional discrimination." See *Estate of Miller v. Cty. of Sutter*, No. 2:20-cv-00577-KJM-DMC, 2020 U.S. Dist. LEXIS 204517, at *55-56 (E.D. Cal. Oct. 30, 2020) (citing *Grier*, 230 F. Supp. 2d at 1120). Contrary to what plaintiffs say, United does not take the position that they need to "prove their case at the pleading stage." ECF Doc. 14 at p.7.

Instead, United showed before, and underscores now, that what plaintiffs say in paragraphs 67-68 of the SAC does not amount to a nonconclusory, factual description of intentionally discriminatory conduct.[1] Paragraph 67 in the SAC is nearly *identical* to paragraph 66 in the FAC. The only difference is the addition of a single sentence that says, "Their [the flight attendants'] conduct, taken in its totality, amounted to intentional discrimination based on PLAINTIFFS' age, sex, and race." ECF Doc. 12, ¶ 67. This small edit is as substantively vacuous as it is

---

[1] Plaintiffs rely on these two paragraphs in defending the claimed adequacy of their allegations of intentional discrimination. Neither in these paragraphs, nor in any others, do plaintiffs allege nonconclusory facts showing unlawful discrimination. Plaintiffs are also wrong to conflate intentional acts (e.g., "an active decision and thought process" (ECF Doc. 12, ¶ 68) and intentional discrimination and reflexively equate the two.

conclusory; it does nothing to elevate the allegations to the level of a nonconclusory, factual description of unlawful discrimination.[2]

In paragraph 68 of the SAC, plaintiffs fare no better in alleging intentional, invidious discrimination. The boilerplate allegation that the defendants "acted with intentional disregard and indifference" (*id.*, ¶ 68) is precisely the kind of averment that the Court explained is legally insufficient. See ECF Doc. 11 at pp.12-13. Plaintiffs go on to refer to "studies" they interpret as somehow concluding "that sexual assault and harassment does not occur to young African American men." ECF Doc. 12, ¶ 68. But what these "studies," or their supposed conclusions, have to do with the actions of the United flight attendants with respect to either plaintiffs or intentional, unlawful discrimination, is anyone's guess.

This allegation about "studies" that purportedly reach the (questionable) conclusion that young African American men are not victims of sexual assault is especially perplexing given that plaintiffs point to these same "studies" (in paragraphs 21-31 of the SAC) to explain why, in their view, United "knew – or should have known – of this growing prevalence of in-flight sexual assaults." *Id.*, ¶ 31. However, if these seemingly inconsistent references to the "studies" can be logically reconciled, it is unclear how.

Finally, plaintiff's allegation that "if harassment and assault occur, it was not worth their time and effort to properly address, resolve, and prevent

---

[2] In *Grier*, 230 F. Supp. 2d at 1120, the Court noted that "[t]he revision of a single statement in the complaint falls far short of curing this defect" – the failure to allege, in a nonconclusory manner, intentional discrimination. The Court also expressed confidence that allowing leave to amend would be futile.

additional occurrences" (ECF Doc. 12, ¶ 68), is all but incomprehensible. In any event, it does not describe unlawful discrimination.

Plaintiffs' allegations in the SAC are analogous to those found insufficient in *Card v. Ralph Lauren Corp.*, No. 18-cv-02553-JSC, 2018 U.S. Dist. LEXIS 147609 (N.D. Cal. Aug. 29, 2018). There, the plaintiff alleged that defendants discriminated against her on the basis of her gender and ethnicity by engaging in "extraordinarily harsh and rude direct communications," making "baseless complaints," and favoring other vendors such that "the only conclusion that can reasonably be drawn is that the treatment...could only be explained by animus toward her immutable characteristics of gender, and apparent nationality and sexual orientation." *Id.* at *23-25. (In *Card*, the Court not only concluded that these conclusory averments were insufficient, but also that, based on the allegations, amendment of the pleadings would be futile. *Id.* at *25.)

There is another compelling indication that plaintiffs have neither alleged nor could in good faith allege, facts showing intentional discrimination. That is their failure to point to intentional discrimination by a particular individual. Instead, their conclusory allegations cast a broad and indistinct net, targeting: "UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50." See, e.g., ECF Doc. 12, ¶¶ 64-69.

This mirrors the allegations in *Azam v. Wells Fargo Bank, N.A.*, No. 8:14-cv-00456-PSG-DFM, 2015 U.S. Dist. LEXIS 189887, at *27-28 (C.D. Cal. Jan. 13, 2015). There, "[i]nstead of pleading facts showing intentional discrimination by specifically identified Defendants, Plaintiff offers the vague and conclusory allegation that 'Defendants, their employees, agencies, affiliates, contractors direct [sic] and indirectly aided and allow [sic] a condition to exist in which plaintiff was demeaned and not provided with notice of essential elements of the

foreclosure process and refused to provide essential information concerning his application for loan modification and treated plaintiff differently than White homeowners in comparable circumstances.'" *Id.* The Court held "[t]his does not amount to an Unruh Civil Rights Act claim." *Id.* at *28. The same is true here.

Plaintiffs' conclusory allegations of intentional discrimination do not suffice to maintain a plausible claim against United for violating the Unruh Act. Therefore, the first cause of action should be dismissed with prejudice, together with the remedies that plaintiffs seek under the statute (*viz.*, statutory damages, treble damages, and attorneys' fees).

### B. Plaintiffs Have Failed to Allege What is Required for an Award of Punitive Damages in this Case

Much of United's showing regarding the insufficiency of plaintiffs' punitive damage allegations goes unanswered in plaintiffs' opposition. They do not even try to explain what any of the many named senior airline executives (whose names and titles were presumably harvested by plaintiffs because they are a matter of public record) knew or did that is pertinent to this case. Plaintiffs cannot possibly muster factually supported allegations pertaining to any of these individuals.

Plaintiffs seem to admit they have alleged nothing more than "bare allegations of oppression, fraud or malice," but urge that that is good enough. Not so. Plaintiffs' argument, and the cases they cite for the proposition that a plaintiff seeking punitive damages "*may* rest on unsupported and conclusory averments of malice or fraudulent intent" (ECF Doc. 14 at p.10, emphasis in original), rely on outdated notions about federal pleading requirements.

As another judge of this Court explained, cases that stood "for the proposition that punitive damages claims can be plead through conclusory

language under Rule 8(a) or 9(b)," including the case relied on by plaintiffs, *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018-1019 (S.D. Cal. 2000), were "decided before *Twombly* and *Iqbal* and thus [their] Rule 8(a) and 9(b) analysis is inapplicable." *L & S Enters. v. Sentinel Ins. Co.*, No. EDCV 16-1841-SVW-SPx, 2016 U.S. Dist. LEXIS 195928, at *4 (C.D. Cal. Oct. 24, 2016).

*Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132 (E.D. Cal. 2010) presaged the holding in *L&S Enters.* It also recognized that cases that stood "for the proposition that conclusory assertions of malice, fraud or oppression are sufficient for pleading purposes to state a claim for punitive damages were all decided prior to the Supreme Court's decision in *Twombly* in 2007 and in *Iqbal* in 2009." *Id.* at 1147. *Kelley* further explains that "the pleading standards set forth in *Twombly* and *Iqbal* more closely approximate standards that are well established in California law" and "concludes that the application of the pleading standards set forth in *Twombly* and *Iqbal* to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims in diversity proceedings in federal court." *Id.*

Moreover, "and equally supportive of the applicability of the higher pleading standards, is the express policy that '[p]unitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases.'" *Id.* (quoting *Endurance American Specialty Ins. Co. v. Lance*, 2010 U.S. Dist. LEXIS 100467, 2010 WL 3619476 (E.D. Cal. 2010) at *18, in turn quoting *Henderson v. Security Pacific Nat'l Bank*, 72 Cal.App.3d 764, 771, 140 Cal. Rptr. 388 (1977)).

///

Notably, this Court's prior order that, among other things, recognized the insufficiency of plaintiffs' punitive damage allegations, implicitly recognizes how *Twombly* and *Iqbal* have altered – and heightened – the pleading standard for punitive damages under California law.

**III. CONCLUSION**

The SAC represents plaintiffs third attempt to plead their case. Still, they have fallen short. They have failed to allege a legally viable claim under the Unruh Civil Rights Act and lawful entitlement to punitive damages. Accordingly, the first cause of action, and paragraphs 101, 102 and 103 should be dismissed.

Because plaintiffs have demonstrated their inability to proffer nonconclusory, factually supported allegations in support of these claims, and since they have not explained what they would do if given an opportunity to file a *fourth* complaint, these claims should be dismissed with prejudice and further leave to amend should be denied.

DATED: November 17, 2020 WORTHE HANSON & WORTHE

By: /s/ *Todd Worthe*
TODD C. WORTHE
MACKENZIE C. FOELLMER
Attorneys for Defendant, UNITED AIRLINES, INC.