Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
11400 West Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone:    (424) 369-5353
Facsimile:    (424) 369-5356
Email:        darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone:    (888) 914-6670
Facsimile:    (888) 914-8322
Email:        benji@azizianlaw.com

Attorneys for Plaintiffs, JOHN DOE 1 and JOHN DOE 2

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual, | Case No.: 2:20-cv-05554-RSWL-AGR |
| Plaintiffs, | **STIPULATION TO FILE FOURTH AMENDED COMPLAINT** |
| v. | |
| UNITED AIRLINES, INC., an Illinois Corporation; ROE 1, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive, | |
| Defendants. | |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court grant Plaintiffs leave to file a Fourth Amended Complaint. In support of this Stipulation, the parties state as follows:

1.    **WHEREAS**, on May 18, 2020, Plaintiffs John Doe 1 and John Doe 2 (collectively, "Plaintiffs") filed its Complaint in Superior Court of the State of California, County of Los Angeles, bearing Case No. 20STCV18888.

2.    **WHEREAS**, on May 20, 2020, Plaintiffs filed a First Amended Complaint.

3.    **WHEREAS**, on June 23, 2020, Defendant United Airlines, Inc. ("United") removed this matter to the United States District Court for the Central District of California.

4.    **WHEREAS**, on June 30, 2020, Defendant United filed its Motion to Dismiss portions of Plaintiffs' First Amended Complaint.

5.    **WHEREAS**, on October 13, 2020, Plaintiffs filed a Second Amended Complaint.

6.    **WHEREAS**, on October 26, 2020, Defendant United filed its Motion to Dismiss portions of Plaintiffs' Second Amended Complaint.

7.    **WHEREAS**, on May 6, 2021, Plaintiffs filed a Third Amended Complaint.

8.    **WHEREAS**, on May 20, 2021, Defendant United filed its Answer to Plaintiffs' Third Amended Complaint.

9.    **WHEREAS**, on June 22, 2021, Plaintiffs and Defendant United exchanged initial disclosures.

10.    **WHEREAS**, Defendant United in its initial disclosures identified an unspecified individual named Krista Vaccarella. After several meet and confers, Defendant United identified Ms. Vaccarella as Defendant Roe 1.

11.    **WHEREAS**, Plaintiffs, being ignorant of the true name of a defendant

when the complaint was filed and having designated defendant in the complaint by the fictitious name of Defendant Roe 1, and having discovered the true name of Defendant Roe 1 to be Krista Vaccarella, **seek to file a Fourth Amended Complaint to identify and name Krista Vaccarella as Defendant Roe 1**.

12.   **WHEREAS**, on August 12 and 13, 2021, counsel for parties met and conferred and agreed to allow Plaintiffs to seek leave of court by way of stipulation and order to file a Fourth Amended Complaint.

13.   **WHEREAS**, a copy of Plaintiffs' proposed Fourth Amended Complaint for Damages is attached hereto as **Exhibit "A."**

**IT IS HEREBY STIPULATED**, by and between Plaintiffs and Defendant United, by and through their respective counsel, that:

1.   Plaintiffs, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, should be granted leave to amend to file their Fourth Amended Complaint for Damages, a copy of which is attached hereto as **Exhibit "A."**

2.   Defendant United's responsive pleading shall be filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.


Dated: August 23, 2021          **THE DARWISH LAW FIRM, APC**

By: */s/ Darren D. Darwish*
    Darren D. Darwish, Esq.
    Attorneys for Plaintiffs
    JOHN DOE 1 and JOHN DOE 2


Dated: August 23, 2021          **AZIZIAN LAW, P.C.**

By: */s/ Benjamin A. Azizian*
    Benjamin A. Azizian, Esq.
    Attorneys for Plaintiffs
    JOHN DOE 1 and JOHN DOE 2

///

1    Dated: August 23, 2021          **WORTHE HANSON & WORTHE**

2                                     By:  */s/ Todd C. Worthe*
                                          _____
3                                         Todd C. Worthe, Esq.
                                          Attorneys for Defendant
4                                         UNITED AIRLINES, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
11400 West Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone:   (424) 369-5353
Facsimile:   (424) 369-5356
Email:        darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone:   (888) 914-6670
Facsimile:   (888) 914-8322
Email:        benji@azizianlaw.com

Attorneys for Plaintiffs, JOHN DOE 1 and JOHN DOE 2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, INC., an Illinois Corporation; KRISTA VACCARELLA, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive, <br><br> Defendants. | Case No.: 2:20-cv-05554-RSWL-AGR <br><br> **FOURTH AMENDED COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **VIOLATION OF UNRUH ACT (*CIVIL CODE* § 51)** <br> 2. **SEXUAL ASSAULT;** <br> 3. **SEXUAL BATTERY (*CIVIL CODE* § 1708.5);** <br> 4. **BATTERY;** <br> 5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** <br> 6. **NEGLIGENCE; AND** <br> 7. **NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION** <br><br> **DEMAND FOR JURY TRIAL** |

**COMES NOW**, Plaintiffs JOHN DOE 1 and JOHN DOE 2, who complain and allege as follows:

### PARTIES

1.      Plaintiff JOHN DOE 1 ("JOHN DOE 1") files this Complaint for Damages under a fictitious name to protect his identity pursuant to Government Code section 6254 and Penal Code section 293. JOHN DOE 1 is an African American male adult and professional athlete in the National Football League (NFL) residing in the County of Essex, State of New Jersey.[1] JOHN DOE 1 was sexually harassed, assaulted, abused, and violated, and verbally and physically harassed by a female passenger on a Defendant UNITED AIRLINES, INC. flight from Los Angeles International Airport (LAX) to Newark Liberty International Airport (EWR) which began on or about February 10, 2020.

2.      Plaintiff JOHN DOE 2 ("JOHN DOE 2") files this Complaint for Damages under a fictitious name to protect his identity pursuant to Government Code section 6254 and Penal Code section 293. JOHN DOE 2 is an African American male adult residing in County of Philadelphia, State of Pennsylvania. JOHN DOE 2 was sexually harassed, assaulted, abused, and violated by a passenger on a Defendant UNITED AIRLINES, INC. flight from Los Angeles International Airport (LAX) to Newark Liberty International Airport (EWR) which began on or about February 10, 2020.

3.      JOHN DOE 1 and JOHN DOE 2 are collectively referred to herein as "PLAINTIFFS."

4.      Defendant UNITED AIRLINES, INC. ("UNITED") is a major U.S. airline incorporated in Delaware and headquartered in Chicago, Illinois, and does business in the County of Los Angeles. UNITED operates a large domestic and

---

[1] PLAINTIFFS' original Complaint identified the incorrect city and county of JOHN DOE 1's residence. The First Amended Complaint, in part, corrected this clerical error.

1  international route network, and has several "hubs" across the U.S., including Los
2  Angeles (LAX), the starting point of the flight at the heart of this matter.

3       5.      PLAINTIFFS are ignorant of the true names and capacities of their
4  assailant, who was a female passenger on their UNITED flight, and the UNITED
5  flight attendants. UNITED failed to cooperate and assist PLAINTIFFS, through
6  their counsel, with evidence concerning the assault, including, but not limited to,
7  refusing to provide PLAINTIFFS with the identities of their assailant, the flight
8  attendants, and potential witnesses. Therefore, PLAINTIFFS sue their assailant and
9  the UNITED flight attendants by the following fictious names (ROES 1 to 3)
10  pursuant to California Code of Civil Procedure section 474. PLAINTIFFS will
11  amend this Complaint to state the true names and capacities of these fictitiously
12  named Defendants when those names are ascertained. PLAINTIFFS are informed
13  and believe, and thereon allege, that each of the fictitiously named Defendant
14  (ROES 1 through 3) is legally responsible in some manner for the events and
15  damages alleged in this Complaint under the respective causes of action alleged
16  herein.

17       6.      Defendant KRISTA VACCARELLA (previously designated as "ROE
18  1" is now referred to herein as "ASSAILANT") sexually harassed, assaulted,
19  abused, and violated, and verbally and physically harassed JOHN DOE 1 and JOHN
20  DOE 2 during a UNITED flight departing LAX to EWR on or about February 10,
21  2020. ASSAILANT is a middle-aged Caucasian female. ASSAILANT is a resident
22  and citizen of Warren County, State of New Jersey.

23       7.      Defendant ROE 2 (referred to herein as "ROE 2") is a male flight
24  attendant employed by UNITED and was a flight attendant on board the UNITED
25  flight departing LAX to EWR on or about February 10, 2020. At all relevant times
26  herein mentioned, ROE 2 was a flight attendant, agent, and/or employee of
27  UNITED and was acting within the course and scope of such agency and/or
28  employment with UNITED.

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

8. Defendant ROE 3 (referred to herein as "ROE 3") is a female flight attendant employed by UNITED and was a flight attendant on board the UNITED flight departing LAX to EWR on or about February 10, 2020. At all relevant times herein mentioned, ROE 3 was a flight attendant, agent, and/or employee of UNITED and was acting within the course and scope of such agency and/or employment with UNITED.

9. ROE 2 and ROE 3 are collectively referred to herein as "FLIGHT ATTENDANTS."

10. PLAINTIFFS do not know the true names and capacities of the Defendants sued herein as ROES 4 through 50, inclusive, and therefore sues those Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. PLAINTIFFS will amend this Complaint to state the true names and capacities of the fictitiously named Defendants when those names are ascertained. PLAINTIFFS are informed and believe, and thereon allege, that each of the fictitiously named Defendant is legally responsible in some manner for the events and damages alleged in this Complaint under the causes of action alleged herein.

11. PLAINTIFFS are informed and believe, and thereon allege, that each of the named and fictitious Defendants identified in this Complaint was the agent, servant, member, partner, employee, associate, co-conspirator, co-joint venture, alter-ego of one or more of the other defendants and/or was acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts giving rise to the causes of action occurred.

12. UNITED, ASSAILANT, FLIGHT ATTENDANTS, and ROES 4 through 50, inclusive, are collectively referred to herein as "DEFENDANTS."

## NATURE OF THE ACTION

13. This is an action against DEFENDANTS arising from the sexual harassment and assault of PLAINTIFFS and for the failure to have and/or follow policies and procedures to prevent, report, and respond to sexual harassment and

assault that occurred on a UNITED flight.

14.     The prevalence of passenger-on-passenger in-flight sexual assault is a well-known, and growing, problem. In fact, in 2018, the FBI issued a warning – to airlines and the public at large – that the number of sexual assaults reported during commercial airline flights has been increasing "at an alarming rate."[2]

15.     UNITED, like all airlines, has an affirmative duty to aid and protect its passengers. This duty includes protecting passengers from sexual assaults by fellow passengers and responding properly and timely to in-flight sexual assaults that do occur.

16.     UNITED violated this duty by failing to implement and enforce appropriate policies and procedures to prevent, or properly respond to, sexual assaults that occur on its flights; failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

17.     As a result of these violations by UNITED and its FLIGHT ATTENDANTS, PLAINTIFFS were sexually harassed and assaulted by their fellow passenger, ASSAILANT, while they were on their UNITED flight.

18.     UNITED's failure to implement and enforce polices to prevent and timely and properly respond to in-flight sexual assault led UNITED's FLIGHTS ATTENDANTS failure to address the assaults and harassments detailed below; fail to report the assaults and harassments to the any authorities; and fail to cooperate with authorities investigating those assaults and harassments.

19.     UNITED's, including its FLIGHT ATTENDANTS and other agents and/or employees, actions and inactions were – and are – part of a pattern of behavior and a common course of conduct towards all its passengers, including

---

[2] Javier De Diego et al., *FBI: Sexual Assaults on Flights Increasing 'At An Alarming Rate'*, CNN Politics (June 20, 2018, 9:19 PM ET), https://www.cnn.com/2018/06/20/politics/fbi-airplane-sexual-assault/index.html

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

PLAINTIFFS.

20.     PLAINTIFFS seek appropriate relief, including, but not limited to, compensatory damages and punitive damages, as they were unnecessarily put at risk and harmed by DEFENDANTS and UNITED's common course of misconduct.

## FACTUAL ALLEGATIONS

### A.     THE PREVALENCE OF IN-FLIGHT PASSENGER-ON-PASSENGER SEXUAL ASSAULT IS WELL-KNOWN

21.     In June 2018, the FBI issued a statement that the number of sexual assaults reported during commercial airline flights is increasing "at an alarming rate," and the number of actual cases could be much higher than those reported.[3] It was further reported that the bulk of the incidents happen on red-eye overnights, flights of three hours or more where cabin lights might be darkened, and/or instances where alcohol is being consumed.

22.     Crimes aboard aircraft fall within the FBI's jurisdiction, and the agency said its investigations into in-flight sexual assaults increased by 66% from fiscal year 2014 to 2017.[4]

23.     The International Air Transport Association reported 812 incidents during 2018 that were categorized as inappropriate behavior such as touching, sexual harassment, physical aggression, or indecent acts.[5]

24.     In a 2017 Association of Flight Attendants survey, 20% of flight attendants reported receiving a passenger report of in-flight sexual assault.[6]

25.     Airline passenger organization FlyersRights.org released 20 detailed passenger complaints of in-flight sexual assaults, made to the U.S. Department of

---

[3] Id.

[4] *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI News (Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618

[5] International Air Transport Association, Safety Report 2018, p. 111-112, https://libraryonline.erau.edu/online-full-text/iata-safety-reports/IATA-Safety-Report-2018.pdf.

[6] *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Transportation, and obtained via FOIA requests. These reports also provide a sense of the scope and frequency of inflight sexual assault.[7]

26.   Various news media has been reporting on the prevalence of in-flight sexual assaults for years.[8]

27.   The FBI itself noted the similarity of these crimes: "…agents describe elements of these crimes as being strikingly similar. The attacks generally occur on long-haul flights when the cabin is dark. The victims are usually in middle or window seats, sleeping, and covered with a blanket or jacket. They report waking up to their seatmate's hands inside their clothing or underwear."[9]

28.   The FBI also noted what should happen in response to a passenger reporting an incident to a member of the flight crew: "Flight attendants and captains represent authority on the plane…they can alert law enforcement, and they can sometimes deal with the problem in the air. The flight crew can also put the offender on notice, which might prevent further problems. If alerted in advance [by the pilot radioing ahead to the airport], FBI agents can be on hand when the plane lands to conduct interviews and take subjects into custody. FBI victim specialists can

---

[7] https://flyersrights.org/wp-content/uploads/2018/11/DOT-Sexual-Assault-Records.pdf.

[8] *See, e.g.*, Andrew Appelbaum, *Recent In-Flight Sexual Abuse Complaints to Feds Released by Airline Passenger Group…Nothing Done?*, Flyersrights.Org (Nov. 29, 2018), https://flyersrights.org/pressrelease/recent-in-flight-sexual-abuse-complaints-to-feds-released-by-airline-passenger-group/; Nora Caplan-Bricker, *Flight Risk*, Slate (Aug. 31, 2016), https://slate.com/human-interest/2016/08/flightrisk.html; *Delta Passenger Sues Airline, Claims Crew Didn't Detain Passenger Who Sexually Assaulted Her on Flight*, FOX News (Sept. 28, 2018), https://www.foxnews.com/travel/delta-passenger-sues-airlineclaims-crew-didnt-detain-passenger-who-sexually-assaulted-her-on-flight; Allison Dvaladze, *Airline Industry Treats Sexual Assaults in the Skies Like an Inconvenience, Not a Crime*, USA Today (Apr. 1, 2019, 6:00 AM ET), https://www.usatoday.com/story/opinion/voices/2019/04/01/sexual-assault-airlineflight-elaine-chao-trump-boeing-column/3312204002/; Christopher Mele, *Sexual Assault on Flights: Experts Recommend Ways to Stay Safe and Combat It*, N.Y. Times (Mar. 23, 2019), https://www.nytimes.com/2019/03/23/travel/airline-flights-sexual-assault.html; David Oliver, *Passenger Indicted for Alleged Mid-Flight Sexual Assault of 19-Year-Old Woman*, USA Today (May 21, 2019, 9:54 AM ET), https://www.usatoday.com/story/travel/flights/2019/05/21/united-airlines-passengeralleges-sexual-assault/3751023002/.

[9] FBI, *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI NEWS (Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618.

7

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

respond as well, because victims of federal crimes are entitled by law to a variety of services."[10]

29.     The media has reported about airlines in general failing to adequately respond to in-flight sexual assault, reporting that frequently: victims might be forced to stay in their assigned seat next to their assailant for the duration of the flight; no reprimand or action is taken against the assailant; law enforcement is not notified from the air so they are not there when the plane lands; the assailant is allowed to de-plane without being questioned, detained, or even identified; the victim has to wait at the gate – sometimes for hours – for the gate agents to call TSA, who usually calls the local police (not the FBI); the local police sometimes won't even take a report because in-flight assaults are not within their jurisdiction; the airline simply tells the victim to call customer service with her "complaint;" no identities (of assailant or potential witnesses) are shared with the victim or recorded; no evidence is preserved; and the victim is left to contact the FBI herself, with no evidence or identities to support her report of the crime she has suffered.[11]

30.     Eighty-six percent of flight attendants surveyed said they were uncertain of, or had no knowledge of, any policies, procedures, or even guidance from their airlines for handling sexual assault reports.[12]

31.     UNITED, and its FLIGHT ATTENDANTS, knew – or should have known – of this growing prevalence of in-flight sexual assaults because it is widely available and known public knowledge.

/ / /

/ / /

---

[10] Id.

[11] *What Happens After You're Sexually Assaulted on a Plane? Not Much*, SPLINTER (Oct. 31, 2016, 1:29 PM), https://splinternews.com/what-happens-after-youre-sexually-assaulted-on-a-plane-1793863317. The 2017 Association of Flight Attendants survey found that law enforcement (not necessarily the FBI) was contacted or met the plane less than half the time. *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.

[12] *#MeToo in the Air*, Association Of Flight Attendants-CWA, https://www.afacwa.org/metoo#a1.

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## B. **UNITED HAS A DUTY TO PROTECT AND AID ITS PASSENGERS**

32.     As a common carrier, UNITED, including its employees, has a special heightened duty under common law to provide due care to ensure, protect, and aid in the protection of passengers' safety.

33.     Passengers entrust, and have entrusted, UNITED with this duty of care to ensure, protect, and aid in the protection of their safety while they are passengers on a UNITED flight.

34.     UNITED's special duty to provide due care to ensure, protect, and aid in the protection of passengers' safety includes a duty to take reasonable steps to prevent and deter inflight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of UNITED's knowledge of the growing prevalence of in-flight sexual assault.

35.     While passengers are on a plane, they have little control over their surroundings: they are in cramped quarters; they cannot leave the plane until it lands; and they cannot engage in activities such as making phone calls or easily communicating with friends, family, or police authorities in the case of an emergency.

36.     UNITED has control over passengers' surroundings and, indeed, their activities during the time they are onboard the plane.

37.     UNITED can – and does – exercise control over passengers who exhibit lewd, sexual, harassing, disruptive, violent, disorderly, or abusive behavior, reserving the right in its contract of carriage to refuse transportation to individuals who are intoxicated or under the influence of drugs, individuals who assault UNITED employees or passengers, and/or disobey flight crew instructions.[13]

---

[13] United Airlines, Inc. Contract of Carriage, Rule 21(H), https://www.united.com/ual/en/us/fly/contract-of-carriage.html

38.     UNITED can – and has a duty to – implement and enforce policies and procedures to prevent and deter in-flight sexual assaults and to properly respond to those that do occur, just as it does with other forms of passenger violence and disruption.

39.     These duties extend to UNITED's employees, including FLIGHT ATTENDANTS.

C.      **ASSAILANT'S IN-FLIGHT HARASSMENT AND SEXUAL ASSAULT ON PLAINTIFFS**

40.     PLAINTIFFS and ASSAILANT were passengers on UNITED "red-eye" flight number 415 (UA415) from Los Angeles (LAX) to Newark (EWR) (referred to herein as the "FLIGHT"). The FLIGHT was scheduled to department Los Angeles at 11:15 p.m. and arrive in Newark at 7:10 a.m.

41.     PLAINTIFFS and ASSAILANT were assigned to the same row on the FLIGHT.

42.     JOHN DOE 1 was assigned seat number 39K (middle) in the economy plus exit row.

43.     JOHN DOE 2 upgraded to and was assigned seat number 39J (aisle) in the economy plus exit row.

44.     ASSAILANT was assigned seat number 39L (window) in the economy plus exit row.

45.     ASSAILANT boarded the UNITED plane after the majority of the plane had already taken their seats, including PLAINTIFFS. As ASSAILANT was finding her assigned row, PLAINTIFFS observed ASSAILANT to be disheveled and unbalanced. JOHN DOE 2 helped ASSAILANT with stowing her bag(s) in the overhead bin.

46.     As ASSAILANT took her seat, she began harassing JOHN DOE 1, who was wearing a face mask in light of the news coverage he had heard regarding the prevalence and transmission of COVID-19, amongst other germs and diseases

that might be passed or circulated on an airplane. ASSAILANT began hitting JOHN DOE 1's arm and elbowing him. ASSAILANT accosted JOHN DOE 1 and told him that he was "frightening," ordered him to move to the front and use the air in the front of the plane because he was sick, and questioned why JOHN DOE 1 had a mask on. JOHN DOE 1 respectfully responded that he was not sick and was being proactive, especially in wake of the growing COVID-19 concerns at that time.

47.     Thereafter, approximately 25 minutes after taking her seat, ASSAILANT was observed by JOHN DOE 1 and JOHN DOE 2 taking unknown prescription medication(s). At all relevant times, ASSAILANT held her prescription bottle in her hand during the FLIGHT. PLAINTIFFS are informed and believe that, at all relevant times, ASSAILANT was under the influence of drugs and intoxicated.

48.     JOHN DOE 2 immediately went to notify ROE 2, who was at a nearby service station, that ASSAILANT is harassing JOHN DOE 1, cursing, and being belligerent and disruptive. ROE 2 told JOHN DOE 2 that he would come to his row to check and see. Unfortunately, ROE 2 never came to check on PLAINTIFFS and ignored JOHN DOE 2's complaints and concerns.

49.     After JOHN DOE 2 took his seat, ASSAILANT continued to sexually assault and abuse JOHN DOE 1, make unwanted sexual advances towards JOHN DOE 1, and engage in verbal and/or physical conduct of a sexual nature towards JOHN DOE 1. ASSAILANT groped and massaged JOHN DOE 1's knees and thighs. Fearful of the perception of being a male victim and the racial stigma of being a young African American male, JOHN DOE 1 patiently pleaded for ASSAILANT to stop and removed her hand. ASSAILANT's actions were so inappropriate that JOHN DOE 2 quickly went to ROE 2 to notify him again of ASSAILANT's inappropriate behavior.

50.     Unfortunately, ROE 2 ignored JOHN DOE 2's second complaints and no actions were taken by UNITED employees, including the FLIGHT

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

ATTENDANTS.

51.     Approximately 75 minutes after the scheduled departure, ASSAILANT intensified her sexual assault and abuse of JOHN DOE 1 and continued to make unwanted sexual advances and engage in verbal and/or physical conduct of a sexual nature towards JOHN DOE 1. ASSAILANT starred at JOHN DOE 1 while grabbing and groping his quads and then stroking her hand across his lap towards the inside of his leg near his genitals. JOHN DOE 1 immediately removed ASSAILANT's hand and pleaded to ROE 3, who was walking past and overheard JOHN DOE 1 complaining. ROE 3 witnessed ASSAILANT's inappropriate conduct and simply issued a verbal warning to ASSAILANT. No further action was taken at that time by either ROE 2 or ROE 3.

52.     After ASSAILANT turned away towards the window, JOHN DOE 1 believed he was finally able to rest. Unfortunately, ASSAILANT put her hand through JOHN DOE 1's jacket and caressed his chest and pecs working her way up to his face. While touching JOHN DOE 1's face, ASSAILANT grabbed JOHN DOE 1's penis and ripped off his face mask. JOHN DOE 1 jumped up from his seat and complained in front of the entire plane that ASSAILANT is "touching me." JOHN DOE 1, embarrassed and uncomfortable, rushed to notify ROE 2, who at the time was in the rear of the plane.

53.     While JOHN DOE 1 went to go notify ROE 2, ASSAILANT moved over to the middle seat (JOHN DOE 1's seat) and sexually assaulted JOHN DOE 2 by grabbing his leg and groin area.

54.     When ROE 2 came over to PLAINTIFFS' row, he asked, "is this the same lady?" ASSAILANT admitted that she was drinking and had taken pills. ROE 2 moved ASSAILANT to another row. PLAINTIFFS are informed and believe that ASSAILANT was moved a second time for being disruptive yet again and finally moved to a row with no other passengers.

55.     UNITED issued JOHN DOE 1 and JOHN DOE 2 each with $150.00

voucher.

**D.** **UNITED BREACHED ITS DUTY TO PLAINTIFFS BY FAILING TO HAVE OR ENFORCE ADEQUATE POLICIES AND PROCEDURES TO PREVENT AND PROPERLY RESPOND TO IN-FLIGHT SEXUAL ASSAULTS**

56.   Upon information and belief, UNITED does not have and/or enforces adequate policies and procedures to prevent sexual assaults on its flights, and to properly respond to such incidents that do happen.

57.   UNITED's failure to have and/or enforce adequate policies and procedures for the prevention of and response to in-flight sexual assaults is a breach of its affirmative duty to protect and care for its passengers.

**E.** **AS A RESULT OF UNITED'S FAILURE TO HAVE OR ENFORCE ADEQUATE POLICIES AND PROCEDURES, PLAINTIFFS WERE PUT AT RISK AND HARMED**

58.   UNITED's lack of and/or failure to enforce adequate policies and procedures for the prevention of and response to in-flight sexual assault put PLAINTIFFS (and other passengers) at risk of harm, and caused harm to PLAINTIFFS as they were verbally, physically, and sexually assaulted by ASSAILANT.

59.   Moreover, UNITED's lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault due to institutional betrayal.

60.   The term "Institutional Betrayal" refers to wrongdoings perpetrated by an institution upon individuals dependent on that institution, including failure to prevent or respond supportively to wrongdoings by individuals (e.g. sexual assault)

/ / /

/ / /

13

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

committed within the context of the institution.[14]

## FIRST CAUSE OF ACTION

### VIOLATION OF UNRUH ACT (*CIVIL CODE* § 51)

### (*Plaintiffs Against Defendants UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50*)

61.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

62.    PLAINTIFFS' civil rights were violated by UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, purposefully ignored PLAINTIFFS' complaints and failed to ensure, protect, and aid in the protection of PLAINTIFFS' safety. Specifically, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, failed to take steps to prevent and deter the in-flight sexual assaults and properly respond to such assaults that PLAINTIFFS endured, particularly in light of Defendants' knowledge of the growing prevalence of in-flight sexual assault. PLAINTIFFS had a right to be free from gender, age, and racial discrimination, sexual molestation and assault, abuse and harassment under the Unruh Civil Rights Act.

63.    PLAINTIFFS allege upon information and belief that the conduct at issue in this Complaint originated while the FLIGHT was within California's jurisdiction and/or airspace, and which was scheduled to take off from LAX. The initial assault occurred while the FLIGHT was still on the ground at LAX. A subsequent assault occurred within 25 minutes of ASSAILANT taking her seat on the FLIGHT. ROE 2 was first provided notice of ASSAILANT's wrongful conduct immediately after the subsequent occurrence which occurred within 25 minutes of

---

[14] Jennifer J. Freyd, *Institutional Betrayal and Institutional Courage*, https://dynamic.uoregon.edu/jjf/institutionalbetrayal/. *See also* Carly Parnitzke Smith & Jennifer J. Freyd, *Institutional Betrayal*, 69 AM. PSYCH. ASSOC. 575 (2014).

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

ASSAILANT taking her seat, implying at that point the plane was still on the ground or in the air for less than 25 minutes.

64.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, were acting under the color of their authority and scope of their employment while PLAINTIFFS were passengers on-board the FLIGHT operated by UNITED.

65.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, denied PLAINTIFFS full and equal accommodations, advantages, facilities, privileges, or services because of their gender, age, and race, by allowing ASSAILANT unfettered ability to sexually abuse and harass PLAINTIFFS, as a passenger on the FLIGHT, by intentionally and actively ignoring PLAINTIFFS' complaints and lack of and/or failure to enforce adequate policies and procedures for the proper response to ASSAILANT's sexual assault and harassment. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, through PLAINTIFFS' complaints, had actual notice of ASSAILANT's wrongful conduct and chose to ignore PLAINTIFFS' pleas for help during the FLIGHT.

66.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, despite their knowledge of myriad reports of in-flight sexual assaults, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, granted ASSAILANT unfettered ability to sexually assault and harass PLAINTIFFS. Thus, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults denied PLAINTIFFS full and equal accommodations, advantages, facilities, privileges, or services during the duration of the FLIGHT, based upon their gender, age, and race.

67.     The substantial motivating reason for UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

was PLAINTIFFS' gender, age, and race. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, acted willfully by choosing to ignore PLAINTIFFS' complaints and pleas for help because, and on the basis, of PLAINTIFFS' protected characteristics. Their conduct, taken in its totality, amounted to intentional discrimination based on PLAINTIFFS' gender, age, and race. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, viewed PLAINTIFFS complaints as inconsequential and undeserving of their attention; choosing to not follow any policies and procedures which might have, and/or should have, governed the situation, simply because PLAINTIFFS were young, large and muscular, African American men.  UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's willful, affirmative misconduct allowed ASSAILANT's continued harassment and assault on PLAINTIFFS. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, decision making reflected their intentional decision to ignore the complaints and pleas for help from PLAINTIFFS, because they were viewed as young, large and muscular, African American men, rather than as individuals who were being victimized by another passenger. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, overlooked, disregarded, ignored, and took for granted the fact that sexual assaults and harassment can occur to young fit African American males.

68.    In particular, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, acted with intentional disregard and indifference, under notice of two young, large and muscular, African American men being sexually assaulted and harassed by an older white lady. Their concurrent and subsequent actions reflected an active decision and thought process reflected in the studies discussed above - i.e. that sexual assault and harassment does not occur to young African American men, let alone to two large, muscular young men at the hands of an older white female. Further, should such harassment and assault occur, it was not worth their time and effort to properly address, resolve, and prevent additional occurrences pursuant to

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

any training and policy and procedures. In essence upon being notified, UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, intentionally chose not to address the issue, only until after several complaints had been made, at which point the damage had already been inflicted by ASSAILANT as to PLAINTIFFS.

69.     As a direct and proximate result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, acts, omissions, wrongful and intentional conduct, and breaches of their duties, PLAINTIFFS were put at unnecessary risk of harm and suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

70.     As a direct, proximate, and legal result of UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, violations of Civil Code section 51, they are liable to PLAINTIFFS for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by PLAINTIFFS as they were denied the rights provided in Civil Code section 51.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### SEXUAL ASSAULT

#### (*Plaintiffs Against Defendant ASSAILANT*)

71.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

72.     ASSAILANT, in doing the wrongful acts herein alleged, including intending to subject PLAINTIFFS to sexual abuse, harassment, and molestation during the FLIGHT as a passenger, intended to cause harmful or offensive conduct with PLAINTIFFS' person, or intended to put PLAINTIFFS in imminent apprehension of such conduct.

73.     In doing the wrongful acts herein alleged, PLAINTIFFS were put in imminent apprehension of a harmful or offensive conduct by ASSAILANT and actually believed ASSAILANT had the ability to make harmful or offensive conduct with PLAINTIFFS' person.

74.     PLAINTIFFS did not consent to ASSAILANT's intended harmful or offensive contact with PLAINTIFFS' person, or intention to put PLAINTIFFS in imminent apprehension of such conduct.

75.     In doing the wrongful acts herein alleged, ASSAILANT violated PLAINTIFFS' rights, pursuant to Civil Code section 43, of protection from bodily restraint or harm, and from personal insult. In doing the wrongful acts herein alleged, ASSAILANT violated her duty, pursuant to Civil Code section 1708, to abstain from injuring the person of PLAINTIFFS or infringing upon their rights.

76.     As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

77.   In subjecting PLAINTIFFS to the wrongful acts herein described, ASSAILANT acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against ASSAILANT, in an amount to be determined according to proof.

### THIRD CAUSE OF ACTION

### SEXUAL BATTERY (*CIVIL CODE* § 1708.5)

### (*Plaintiffs Against Defendant ASSAILANT*)

78.   PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

79.   During the FLIGHT, ASSAILANT intentionally, recklessly, and wantonly did acts which were intended to, and did, result in harmful and offensive contact with intimate parts of PLAINTIFFS' person, all while they were passengers on the FLIGHT operated by UNITED.

80.   ASSAILANT committed the acts set forth herein with the intent to cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person and that would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person that would offend a reasonable sense of personal dignity.

81.   PLAINTIFFS did not give consent to such acts.

19

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

82.   As a direct, legal, and proximate result of the acts of ASSAILANT, PLAINTIFFS sustained serious and permanent injuries to their person, in an amount to be shown according to proof and within the jurisdiction of the Court.

83.   In subjecting PLAINTIFFS to the wrongful acts herein described, ASSAILANT acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against ASSAILANT, in an amount to be determined according to proof.

## FOURTH CAUSE OF ACTION

### BATTERY

#### (*Plaintiffs Against Defendant ASSAILANT*)

84.   PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

85.   ASSAILANT inappropriately touched PLAINTIFFS with intent to harm.

86.   PLAINTIFFS did not consent to the inappropriate touching.

87.   PLAINTIFFS were harmed by ASSAILANT's inappropriate and wrongful conduct.

88.   Further, said acts by ASSAILANT did cause a harmful or offensive contact with an intimate part of PLAINTIFFS' person that would offend a reasonable person in PLAINTIFFS' situation.

89.   As a direct, legal, and proximate result of the acts of ASSAILANT, PLAINTIFFS sustained serious and permanent injuries to their person, in an amount to be shown according to proof and within the jurisdiction of the Court.

90.   As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary risk of harm and suffered and continue to suffer great pain of mind and

body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (*Plaintiffs Against DEFENDANTS*)

91.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

92.    The conduct of DEFENDANTS toward PLAINTIFFS, as described herein, was outrageous and extreme.

93.    A reasonable person would not expect or tolerate the sexual harassment, molestation, and abuse suffered by PLAINTIFFS at the hands of ASSAILANT, or UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, knowledge and callous indifference thereof. PLAINTIFFS had great trust, faith, and confidence in in UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, which, by virtue of ASSAILANT's and UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, wrongful conduct, turned to fear.

94.    A reasonable person would not expect or tolerate UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to ASSAILANT's sexual assault and harassment.

95.     UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, were in a position of care and control over PLAINTIFFS. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults, specifically the sexual assaults at issue in this Complaint, exacerbated and amplified the trauma of the actual assault.

96.     A reasonable person would not expect or tolerate UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, to be incapable of supervising and/or stopping passengers, such as ASSAILANT, from committing acts of sexual assault on other passengers with actual notice of such wrongful acts. PLAINTIFFS provided UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, with actual notice and complaint of ASSAILANT's wrongful conduct multiple times during the FLIGHT. UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, ignored those complaints, sat idly, and allowed ASSAILANT to continue her wrongful conduct. A reasonable person would not expect UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50, whose presence was supposed to ensure PLAINTIFFS' comfort and safety during the FLIGHT, to sit idly by and not take action to prevent ASSAILANT's wrongful conduct.

97.     UNITED acted with intent or recklessness, knowing that PLAINTIFFS were likely to endure emotional distress given their relative lack of power or control over their situation or ability to report a crime while passengers on the FLIGHT, and given UNITED's, including FLIGHT ATTENDANTS, failure to report or adequately respond to PLAINTIFFS' suffering a sexual assault while in-flight.

98.     As a result of DEFENDANTS' conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and

future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

99.   DEFENDANTS' conduct caused suffering for PLAINTIFFS at levels that no reasonable person should have to endure.

100.   As a result of the above-described conduct, PLAINTIFFS' were put at unnecessary risk of harm and suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

101.   In subjecting PLAINTIFFS to the wrongful acts herein described, DEFENDANTS acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and oppression under Civil Code section 3294. PLAINTIFFS are therefore entitled to the recovery of punitive damages against DEFENDANTS, in an amount to be determined according to proof.

102.   In subjecting PLAINTIFFS to the wrongful acts herein described, the following individuals (referred to herein as "CORPORATE LEADERSHIP") acted willfully and maliciously in conscious disregard of PLAINTIFFS' rights and wellbeing onboard the FLIGHT, so as to constitute malice and oppression under Civil Code section 3294:

A. Scott Kirby – Chief Executive Officer;

B. Kate Gebo – Executive Vice President, Human Resources and

Labor Relations;

C. Brett J. Hart – President;

D. Gregory Hart – Executive Vice President, Strategy and Planning;

E. Gerald Laderman – Executive Vice President and Chief Financial Officer;

F. Torbjorn J. Enqvist – Senior Vice President, Chief Customer Officer;

G. Jonathan Roitman – Executive Vice President and Chief Operations Officer;

H. Bryan Quigley – Senior Vice President of Flight Operations United Airlines;

I. Josh Earnest – Senior Vice President and Chief Communications Officer;

J. Theresa Fariello – Senior Vice President Government Affairs and Global Public Policy;

K. Janet Lamkin – President, California;

L. Robert Rivkin – Senior Vice President and General Counsel;

M. John Slater – Senior Vice President, Inflight Services;

N. Mike Hanna – Senior Vice President, Airport Operations;

O. UNITED's Board of Directors, including but not limited to:

    a. Public Responsibility Committee (Walter Isaacson – Chair)

    b. Executive Committee – (Oscar Munoz – Chair)

    c. Edward M. Philip - Lead Director

P. Michael McCasky – Managing Director-Flight Training, Director-Training Support; and

Q. Any additional officers, directors, managers, and supervisors whose identity is currently unknown to PLAINTIFFS.

103. CORPORATE LEADERSHIP, were responsible for ensuring the

safety of their passengers. CORPORATE LEADERSHIP, failed to implement and/or enforce adequate policies and procedures for the proper response to in-flight sexual assaults, despite their advance knowledge of a myriad of reports of in-flight sexual assaults. By doing so, they consciously disregarded the need to enforce and have in place, adequate policies and procedures for the proper response to in-flight sexual assaults. PLAINTIFFS are therefore entitled to the recovery of punitive damages against UNITED, in an amount to be determined according to proof.

## **SIXTH CAUSE OF ACTION**

### **NEGLIGENCE**

### (*Plaintiffs Against DEFENDANTS*)

104.   PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

105.   ASSAILANT owed PLAINTIFFS a legal duty to act with the care of a reasonable person on a flight.

106.   UNITED, as a common carrier, has a special duty to provide due care to ensure and protect and aid in the protection of its passengers' safety. This duty includes one to take reasonable steps in order to prevent and deter in-flight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of UNITED's knowledge of the growing prevalence of in-flight sexual assault.

107.   UNITED, including its employees and FLIGHT ATTENDANTS, had special duties to protect PLAINTIFFS, when such individuals were passengers entrusted to UNITED's care. PLAINTIFFS' safety and well-being were entrusted to UNITED, including its employees and FLIGHT ATTENDANTS, during the FLIGHTS. UNITED, including its employees and FLIGHT ATTENDANTS, voluntarily accepted the entrusted care of PLAINTIFFS. As such, UNITED, including its employees and FLIGHT ATTENDANTS, owed PLAINTIFFS a

special duty of care that common carriers dealing with passengers owe to protect them from harm, and to aid them in preventing and responding to harm. The duty to protect and warn arose from the common carrier doctrine that applies to airline carriers (including its employees and personnel).

108.    Upon information and belief, UNITED, including its employees and FLIGHT ATTENDANTS, knew or should have known of the prevalence of in-flight passenger-on-passenger sexual assault and of the likelihood of risk and harm to its passengers absent implementation and enforcement of appropriate policies.

109.    ASSAILANT failed to exercise reasonable care to prevent harm to PLAINTIFFS. ASSAILANT, by and through her conduct, failed to act as a reasonably careful person would in the same situation on a flight.

110.    UNITED, including its employees and FLIGHT ATTENDANTS, breached its duty of care to PLAINTIFFS by failing to implement and enforce uniform policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on its flights; by failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and by failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

111.    ASSAILANT'S negligence was a substantial factor in causing harm to PLAINTIFFS.

112.    UNITED, FLIGHT ATTENDANTS, and ROES 4 through 50's, negligence was a substantial factor in causing PLAINTIFFS' harm.

113.    As a result of ASSAILANT'S, conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

114.    As a result of UNITED, FLIGHT ATTENDANTS, and ROES 4

through 50's, conduct, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

115.   As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

### SEVENTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

#### (*Plaintiffs Against Defendants UNITED and ROES 4 through 50*)

116.   PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

117.   FLIGHT ATTENDANTS were hired, employed, trained, and/or supervised by UNITED.

118.   FLIGHT ATTENDANTS were unfit and/or incompetent to perform the work for which they were hired to perform. Specifically, by failing to implement and enforce uniform policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on its flights; by failing to report in-flight sexual

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

assaults to the proper authorities, or to any authorities; and by failing to cooperate with such authorities in the reporting and investigation process into in-flight sexual assaults.

119.   UNITED knew or should have known that FLIGHT ATTENDANTS were unfit and/or incompetent and that this unfitness and/or incompetence created a particular risk to PLAINTIFFS and others.

120.   FLIGHT ATTENDANTS' unfitness and/or incompetence harmed PLAINTIFFS.

121.   UNITED's negligence in hiring, training, supervision, and/or retention was a substantial factor in causing PLAINTIFFS' harm.

122.   As a result of UNITED's negligence in hiring, training, supervision, and/or retention of FLIGHT ATTENDANTS, PLAINTIFFS sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent.

123.   As a result of the above-described conduct, PLAINTIFFS were put at unnecessary risk of harm and suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. PLAINTIFFS have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for damages and other judicial relief as follows:

1. For past, present, and future non-economic damages in an amount to be determined at trial;

2. For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages and others, in an amount to be determined at trial;

3. Any appropriate statutory damages;

4. For costs and expenses of suit;

5. For interest based on damages, as well as pre-judgment and post-judgment interest as allowed by law;

6. For attorney's fees pursuant to California Code of Civil Procedure section 52, et seq. or as otherwise allowable by law;

7. For treble damages of the amount of actual damage but in no case less than four thousand dollars ($4,000) pursuant to California Code of Civil Procedure section 52, et seq. or as otherwise allowable by law;

8. For exemplary and punitive damages; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

9.     For such other and further relief as the Court may deem proper.

Dated: August 16, 2021          **THE DARWISH LAW FIRM, APC**


By:   */s/ Darren D. Darwish*
          Darren D. Darwish, Esq.
          Attorneys for Plaintiffs
          JOHN DOE 1 and JOHN DOE 2


Dated: August 16, 2021          **AZIZIAN LAW, P.C.**


By:   */s/ Benjamin A. Azizian*
          Benjamin A. Azizian, Esq.
          Attorneys for Plaintiffs
          JOHN DOE 1 and JOHN DOE 2

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

### **DEMAND FOR JURY TRIAL**

2          PLAINTIFFS hereby demand a jury trial.

3

4     Dated: August 16, 2021                **THE DARWISH LAW FIRM, APC**

5

6                                    By:    */s/ Darren D. Darwish*

7                                           Darren D. Darwish, Esq.
                                            Attorneys for Plaintiffs
8                                           JOHN DOE 1 and JOHN DOE 2

9

10

11    Dated: August 16, 2021                **AZIZIAN LAW, P.C.**

12

13                                   By:    */s/ Benjamin A. Azizian*

14                                          Benjamin A. Azizian, Esq.
                                            Attorneys for Plaintiffs
15                                          JOHN DOE 1 and JOHN DOE 2

16

17

18

19

20

21

22

23

24

25

26

27

28

FOURTH AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                               )ss
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 145 South Spring Street, Suite 850, Los Angeles, CA 90012.

     On August 23, 2021, I served true copies of the following document(s) described as:

**STIPULATION AND ORDER TO FILE FOURTH AMENDED COMPLAINT**

     on the interested parties in this action as follows:

| | |
|---|---|
| Todd C. Worthe, Esq.<br>Mackenzie C. Foellmer, Esq.<br>WORTHE HANSON & WORTHE<br>1851 East First Street, Suite 400<br>Santa Ana, California 82705<br>TWorthe@Whwlawcorp.com<br>mfoellmer@whwlawcorp.com | Counsel for Defendant United Airlines, Inc. |
| Darren D. Darwish, Esq.<br>THE DARWISH LAW FIRM, APC<br>11400 West Olympic Blvd., Suite 200<br>Los Angeles, CA 90064<br>Email: darren@darwishfirm.com | Co-Counsel for Plaintiffs John Doe 1 and John Doe 2 |

☒   **BY ELECTRONICALLY FILING:** By electronically filing the foregoing document with the Clerk of the United States District Court, Central District of California, using its ECF system, which electronically notifies the persons registered with the ECF System.

☒   **BY ELECTRONIC MAIL (E-MAIL):** I caused such document to be emailed to the above-listed addressee(s).

☒   (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed this 23rd day of August 2021 at Los Angeles, California.

                      */s/ Benjamin Azizian*
                         Benjamin Azizian