Darren D. Darwish, Esq. (SBN 305797)
**THE DARWISH LAW FIRM, APC**
11400 West Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone:   (424) 369-5353
Facsimile:   (424) 369-5356
Email:          darren@darwishfirm.com

Benjamin A. Azizian, Esq. (SBN 298987)
**AZIZIAN LAW, P.C.**
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone:   (888) 914-6670
Facsimile:   (888) 914-8322
Email:          benji@azizianlaw.com

Attorneys for Plaintiffs, JOHN DOE 1 and JOHN DOE 2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, an individual; and JOHN DOE 2, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., an Illinois Corporation; KATHRYN P. USLAR a/k/a KATE BREEN, an individual; ROE 2, an individual; ROE 3, an individual; and ROES 4 through 50, inclusive,<br><br>    Defendants. | Case No.: 2:20-cv-05554-RSWL-AGR<br><br>Before The Honorable Ronald S.W. Lew<br><br>**NOTICE OF MOTION AND MOTION TO REMAND UNDER 28 U.S.C. § 1447(c); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DARREN D. DARWISH, ESQ.**<br><br>Date: December 14, 2021<br>Time: 10:00 a.m.<br>Courtroom: TBD |

**PLEASE TAKE NOTICE** that on December 14, 2021, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom TBD, Plaintiffs John Doe 1 and John Doe 2 ("Plaintiffs"), pursuant to 28 U.S.C. § 1447(c), for an Order remanding this action to The Superior Court of California, County of Los Angeles. This Motion to Remand is made on the grounds that this Court lacks subject matter jurisdiction due to a lack of diversity of citizenship.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place November 3, 2021 and November 4, 2021. Counsel were unable to reach any agreement and to stipulate to have this action remanded. (See Declaration of Darren D. Darwish, Esq.).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, Declaration of Darren D. Darwish, Esq., all the papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court or at the hearing.

Dated: November 12, 2021          **THE DARWISH LAW FIRM, APC**

                                  By: */s/ Darren D. Darwish*
                                       Darren D. Darwish, Esq.
                                       Attorneys for Plaintiffs
                                       JOHN DOE 1 and JOHN DOE 2

1

**NOTICE OF MOTION AND MOTION TO REMAND UNDER 28 U.S.C. § 1447(C); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DARREN D. DARWISH, ESQ.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This action was originally filed by Plaintiffs in The Superior Court of California, County of Los Angeles, Case No.: 20STCV18888, on May 18, 2020. (ECF Doc. 1-1.) On June 23, 2020, Defendant United Airlines, Inc. ("United") removed this matter to the United States District Court for the Central District of California on the basis of diversity of citizenship under 28 U.S.C. §§ 1446(b) and 1332(a). (ECF Doc. 1.) Defendant United's basis for removal was that the parties, at the time of removal, were diverse. (Id.)

On September 29, 2021, Plaintiffs filed a Fifth Amended Complaint that identified Defendant Kathryn P. Uslar a/k/a Kate Breen ("Breen"), previously designated as "ROE 1." (ECF Doc. 38 at ¶ 6.) On October 1, 2021, this Court issued a 21-Day Summons in a Civil Action on the Fifth Amended Complaint as to Defendant Breen. (ECF Doc. 42.) Proof of Service of Summons and Complaint as to Defendant Breen was filed on November 1, 2021. (ECF Doc. 43.)

For purposes of determining diversity of citizenship, the citizenship of the named parties to this action are as follows:

- Plaintiff John Doe 1 is a citizen of the state of **New Jersey**;
- Plaintiff John Doe 2 is a citizen of the state of **Pennsylvania**;
- Defendant United is incorporated in the state of **Delaware** and has its principal place of business in the state of **Illinois**; and
- Defendant Breen, who is now a party to this action and has been served, is a citizen of the state of **New Jersey**.

(ECF Doc. 38 at ¶¶ 1, 2, 4, and 6.)

Plaintiff John Doe 1 and Defendant Breen are citizens of the same state – New Jersey. This Court lacks subject matter jurisdiction due to a lack of diversity of citizenship as required by 28 U.S.C. § 1441(b), because of the joinder of Defendant Breen, a non-diverse co-defendant – the sole ground by which

2

Defendant United removed this matter to Federal Court. (See ECF Doc. 1.) As such, this action must be remanded back to The Superior Court of California, County of Los Angeles.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE IS NO DIVERSITY OF CITIZENSHIP

### A. Plaintiffs' Motion To Remand Is Proper And Timely

28 U.S.C. § 1447(c) states:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

If at any time before final judgment it appears the federal court lacks subject matter jurisdiction, the court will remand the case to state court either sua sponte or on motion of a party. (*Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.* (5th Cir. 2014) 756 F3d 327, 337-340.) A motion for remand based on lack of subject matter jurisdiction, i.e., lack of diversity of citizenship, may be raised at any time. (28 U.S.C. § 1447(c); FRCP 12(h)(3).)

Here, this Motion to Remand is not being brought for procedural defects in the removal. The basis for this Motion to Remand is on the lack of subject matter jurisdiction due to no complete diversity of citizenship. Therefore, this Motion is timely and proper.

///

///

///

**NOTICE OF MOTION AND MOTION TO REMAND UNDER 28 U.S.C. § 1447(C); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DARREN D. DARWISH, ESQ.**

### B. There Is No Complete Diversity of Citizenship Between The Named Parties

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. (See, e.g., *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994).) Federal diversity jurisdiction requires that the parties be "citizens of different states" and that the amount-in-controversy exceed $75,000. (28 U.S.C. § 1332(a).) For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." (28 U.S.C. § 1332(c)(1).) The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. (*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806)). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." (*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).)

There is no question as to the citizenship of the named parties. Plaintiff John Doe 1 is, and has been at all relevant times, a citizen of the state of New Jersey. (ECF Doc. 1 at ¶ 7; ECF Doc. 38 at ¶ 1.) Plaintiff John Doe 2 is, and has been at all relevant times, a citizen of the state of Pennsylvania. (ECF Doc. 1 at ¶ 8; ECF Doc. 38 at ¶ 2.) Defendant United is incorporated in the state of Delaware and has its principal place of business in the state of Illinois. (ECF Doc. 1 at ¶ 9; ECF Doc. 38 at ¶ 4.) Defendant Breen is, and has been at all relevant times, a citizen of the state of New Jersey. (ECF Doc. 38 at ¶ 6.)

Complete diversity has been defeated in this action because of the joinder of Defendant Breen, a non-diverse co-defendant. Defendant Breen and Plaintiff John

4

**NOTICE OF MOTION AND MOTION TO REMAND UNDER 28 U.S.C. § 1447(C); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DARREN D. DARWISH, ESQ.**

Doe 1 are both citizens of the state of New Jersey and, therefore, this Court lacks subject matter jurisdiction due to a lack of diversity of citizenship as required by 28 U.S.C. § 1441(b). As such, this action must be remanded back to The Superior Court of California, County of Los Angeles.

### III.  CONFERENCE OF COUNSEL PRIOR TO FILING OF MOTION TO REMAND

This Motion to Remand is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 3, 2021 and November 4, 2021. (Declaration of Darren D. Darwish ("Darwish Decl."), ¶ 2.) Counsel were unable to reach any agreement and to stipulate to have this action remanded. (Id.)

### IV.  CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction due to a lack of diversity of citizenship as required by 28 U.S.C. § 1441(b). Plaintiffs respectfully request that this action be remanded back to The Superior Court of California, County of Los Angeles.

Dated: November 12, 2021	**THE DARWISH LAW FIRM, APC**

By:  */s/ Darren D. Darwish*
Darren D. Darwish, Esq.
Attorneys for Plaintiffs
JOHN DOE 1 and JOHN DOE 2

**DECLARATION OF DARREN D. DARWISH, ESQ.**

I, Darren D. Darwish, Esq., declare as follows:

1. I am an attorney admitted to practice in the State of California and I am the managing attorney of The Darwish Law Firm, APC, co-counsel of record for Plaintiffs John Doe 1 and John Doe 2. The following facts and circumstances are personally known to me or based upon information and belief, and if called as a witness, I could and would competently testify thereto.

2. On November 3, 2021, I sent an e-mail correspondence to counsel for Defendant United regarding the basis for the instant motion as required by Local Rule 7-3. Counsel for Defendant United, Mr. Todd Worthe, and I exchanged several e-mails discussing the instant motion. On November 4, 2021, I sent an email correspondence to counsel for Defendant United and attached a proposed stipulation to remand this action back to state court. I requested that counsel for Defendant United respond no later than end of day November 10, 2021 with their position as to the instant motion and proposed stipulation. I advised that if I do not receive a response, then I will file a motion to remand. I received no response. I respectfully submit that the parties have satisfied the Central District Local Rules, Rule 7-3.

I declare under penalty of perjury pursuant to the law of the State of California that the foregoing is true and correct.

Executed this 12th day of November 2021 at Los Angeles, California.

*/s/ Darren Darwish*
Darren Darwish, Esq.

6

**NOTICE OF MOTION AND MOTION TO REMAND UNDER 28 U.S.C. § 1447(C); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DARREN D. DARWISH, ESQ.**